

Smith v. Baxter Credit Union, No. _____ - Bill in Equity

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

RECEIVED

OCT 17 2025 PSS

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **jerelle-thomas: smith**, a living man, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) 1:25-cv-12711 |
| v. | ) Case No. Judge Martha M. Pacold |
| | ) Magistrate Judge Gabriel A. Fuentes |
| | ) RANDOM / Cat. 2 |
| **BAXTER CREDIT UNION,** | ) |
| | ) |
| Defendant. | ) |

**BILL IN EQUITY**

**(EMERGENCY PRESENTMENT FOR ACCOUNTING, RESTORATION, DISGORGEMENT, RELEASE OF LIENS, AND IMMEDIATE INJUNCTIVE PROTECTION)**

**ACCOUNTING - RESTORATION - DISGORGEMENT - RELEASE OF LIENS**

**(EXCLUSIVE EQUITY PRESENTMENT BY A LIVING MAN)**


**STYLE OF PARTIES IN EQUITY**


**Living Man in Equity: jerelle-thomas: smith**

**Corporate Person in Commerce: Baxter Credit Union ("BCU")**


**Mailing for Living Man: c/o 3460 Kingsboro Road NE, Apt. 517, Atlanta, Georgia 30326**

Smith v. Baxter Credit Union, No. _____ - Bill in Equity

## NOTICE OF EMERGENCY EQUITY PRESENTMENT AND MINISTERIAL DIRECTIVE

**TO:** Thomas G. Bruton, Clerk of Court

**FROM:** jerelle-thomas: smith - Executor-Beneficiary-Creditor

**RE:** Ministerial Presentment for Immediate Docketing

**MATTER:** jerelle-thomas: smith v. Baxter Credit Union

### MINISTERIAL DUTY NOTICE

This Emergency Bill in Equity is presented under reservation of rights (UCC 1-308). Your role is ministerial, not discretionary. **Fed. R. Civ. P. 5(d)(4)** (mirror only) prohibits refusal based on form. **28 U.S.C. § 1915(a)** (mirror only) defers any prepayment pending judicial ruling. Equity jurisdiction exists independent of statutory fee requirements.

### DIRECTIVE FOR IMMEDIATE PERFORMANCE

You are hereby directed to:

1. **ACCEPT AND DOCKET** this Emergency Bill in Equity immediately.

2. **ISSUE SUMMONS** for Baxter Credit Union as enclosed.

3. **PRESENT TO A JUDICIAL OFFICER** for emergency equitable consideration.

4. **TRANSMIT THE SUMMONS TO THE U.S. MARSHALS SERVICE** for service. with proof of service returned to the record, upon entry of order under Fed. R. Civ. P. 4(c)(3) or upon grant of in forma pauperis status under 28 U.S.C. § 1915.

### LEGAL FOUNDATION (MIRROR HANDLES ONLY; NO ADHESION)

Article VI, U.S. Constitution (supreme law binding all officers); Maxims of Equity (prevention of irreparable harm); Fed. R. Civ. P. 5(d)(4) (no refusal for form); 28 U.S.C. § 1915(a) (fee deferral/IFP); Fed. R. Civ. P. 4(c)(3) (U.S. Marshals service upon order or IFP).

### VERIFICATION UNDER DIVINE AUTHORITY

I testify under the Almighty (**El Elyon / El Shaddai / Yahweh**), and under penalty of perjury, that the matters stated herein are true, correct, and complete. This presentment is made in peace, but with firm authority, as Executor-Beneficiary-Creditor of my estate. *without prejudice*

Autograph: *jerelle thomas smith* ARR UCC ] 308

By: jerelle-thomas: smith - Executor-Beneficiary-Creditor

Smith v. Baxter Credit Union, No. _____ - Bill in Equity

All Rights Reserved UCC 1-308
Address: c/o 3460 Kingsboro Road NE, Apt. 517, Atlanta, Georgia 30326
Email: magnates.amexum.trust@proton.me
Telephone: (937) 344-7946
Date: 10/6/2025

## OATH AND CAPACITY

Testimony under the Almighty (**El Elyon / El Shaddai / Yahweh**), and under penalty of perjury, issued by the living man in private capacity.

I am jerelle-thomas: smith , a living man. I stand as Executor-Beneficiary-Creditor over my private trust estate. I speak in my own right, in honor, without adhesion to any foreign, colorable, or statutory jurisdiction. **All Rights Reserved UCC 1-308.**

## JURISDICTIONAL BASIS (MIRROR ONLY; NO ADHESION)

The living man is domiciled in Georgia. Baxter Credit Union is organized and headquartered in Illinois. The amount in controversy exceeds **75,000 dollars, exclusive of interest and costs, considering the value of the** instruments delivered, finance-charge extractions (APR), insurance charges, add-on products, offsets, and related proceeds across two motor-vehicle accounts:

**6387-L01 (Mercedes)** and **6387-L02 (Cadillac)**. This supplies diversity jurisdiction under 28 U.S.C. § 1332 (mirror only). In the alternative, this Court holds ancillary power to administer equity over negotiable instruments and proceeds moving in interstate commerce and to prevent multiplicity of suits (mirror only).

This section appears only as a mirror to bind the forum to its own operating rules. Standing and venue in equity attached by right of the living man and by the trust/confidence created by BCU's conduct.

## NOTICE OF EQUITY VENUE AND ROLE OF THE COURT

This presentment seeks equitable relief within the Court's authority, including a full accounting, tracing of the res, restoration/disgorgement, and release of liens, as set out below. No jury is called. No "prayer" is made. **SPECIFIC PERFORMANCE IS DUE.**

### MAXIMS AND EQUITY FOUNDATIONS (GUIDING PRINCIPLES)

1. **Equity regards as done what ought to be done** (payment-first presumption).

2. **He who comes into equity must come with clean hands** (concealment bars advantage).

3. **Equity looks to substance rather than form** (labels cannot hide enrichment).

4. **Equity abhors a forfeiture** (cross-collateral/offset abuse corrected).

5. **Equity delights to do complete justice** (accounting, tracing, restoration).

Smith v. Baxter Credit Union, No. _____ - Bill in Equity

6. **Equity acts in personam** (supervision over BCU to make the books speak).

7. **Equity will not suffer a wrong without a remedy** (regulatory failure necessitates equity).

8. **Equity imputes an intent to fulfill obligation** (instrument taken = value).

9. **Equity aids the vigilant** (documented notices, revocations, cure windows).

10. **Equity follows the law** (where law is inadequate, equity perfects justice).

## FACTS (IN HONOR)

**1. Two Accounts; Instrument at Inception (Payment-First).**

Concerning **6387-L01 (Mercedes)** and **6387-L02 (Cadillac)**, I issued an instrument (promissory note) at inception and delivered it into BCU's custody. In equity, an instrument taken, used, or monetized stands as value delivered and is **presumptively payment-first** unless rebutted by open-book accounting. BCU accepted and retained the instruments while withholding the complete ledger trail and board-level authorizations that showed deposits, pledges, sales, monetizations, and/or rehypothecations.

**2. Monthly Extractions After Payment-First.**

After taking the instruments, BCU continued monthly extractions, asserting that balances remained, without producing a complete, point-by-point accounting that proved any lawful obligation persisted after the payment-first status.

**3. Finance-Charge Layering (APR).**

BCU layered finance charges (APR) atop monthly sums for both L01 and L02 while withholding validating ledgers, itemized charge computations, and the actual amortization basis used. Charging while concealing computation is **unjust enrichment** and breach of confidence.

**4. Add-On Products (e.g., Mercedes L01).**

At origination on L01, BCU embedded add-on products (e.g., GAP/maintenance totaling approximately **1,098 Federal Reserve Notes**) within the Amount Financed/charge structure. Such embedding without transparent reconciliation increases enrichment while keeping computation concealed.

**5. Insurance Charges (Mercedes L01).**

BCU charged or force-placed insurance concerning the Mercedes while not candidly establishing beneficial title and risk allocation to require such charges at the expense of the living man. These sums are **traceable res**.

**6. Offsets and Seizures After Revocation.**

Smith v. Baxter Credit Union, No. _____ - Bill in Equity

After the explicit revocation of authorization, BCU posted offsets/seizures, drawing from my funds (including an aggregate of **1,835.40 Federal Reserve Notes**, as documented), without providing open-book proof of right as of October 3, 2025. Each extraction is a taking of res.

### 7. Asymmetry and Withholding.

Repeated, documented demands for the wet-ink instrument trail, internal ledgers, amortization actually used, finance-charge algorithms, board resolutions, and policy bases were met with partial answers or refusals. Equity treats such concealment as **unclean hands**.

### 8. No Adequate Remedy at Law.

Where the books are closed, the res is hidden, computation is concealed, and the instrument's disposition is undisclosed, law remedies are inadequate. Equity must **open the books** and supervise restoration.

## WRONGS IN EQUITY

### A) Breach of Fiduciary/Confidential Relationship and Unclean Hands.

By taking and using the instruments, directing reliance on internal accounting, and holding exclusive control of material facts, BCU created a relationship of trust and confidence and then breached it through concealment and asymmetric charging.

### B) Unjust Enrichment by Finance-Charge Layering.

BCU enriched itself by: (a) extracting APR finance charges on top of monthly sums; (b) applying amortization methods without full disclosure; (c) taking spreads/yields/fees tied to charges; and (d) continuing to collect while withholding the true ledger and instrument-disposition record.

### C) Insurance-Charge Enrichment (Mercedes L01).

BCU imposed or collected insurance premiums/fees concerning L01 while beneficial interest and risk were not candidly established, and while resisting full disclosure. Those sums are traceable res and due back.

### D) Retention of Proceeds from Instrument Use (Both Accounts).

If BCU deposited, sold, pledged, securitized, or rehypothecated either instrument, or received proceeds of any kind, while continuing to bill monthly sums and finance charges, then all such proceeds are held in **constructive trust** for the living man upon tracing.

### E) Equitable Fraud and Unconscionable Contracting (Pattern Across L01 and L02).

BCU's systematic use of adhesive provisions (e.g., identical irrevocable POAs, cross-collateralization, self-executing filing authorities, excessive terms) across both loans evidences **institutional bad faith**, not isolated error.

Smith v. Baxter Credit Union, No. _____ - Bill in Equity

**F) Conversion and Trespass upon the Res (Post-Revocation Offsets).**

BCU's unauthorized offsets totaling no less than **1,835.40 Federal Reserve Notes** after explicit revocation constitute **conversion**. Each monthly extraction without full accounting is a continuing trespass upon the res.

**G) Regulatory Collusion and Clean-Hands Deficiency (Mirror Evidence).**

Administrative channels exhibited bias and constructive fraud, functioning as BCU's messenger rather than neutral oversight. Such exploitation underscores BCU's unclean hands and necessitates equitable supervision.

**H) Willful Post-Revocation Misconduct (Mirror of EFTA-Type Conduct).**

Sequential offsets after explicit revocation reflect willful misconduct and a corporate policy of ignoring revocations, warranting restoration and equitable sanctions.

## EMERGENCY RELIEF REQUIRED TO PREVENT FURTHER HARM

The Chancellor's conscience must compel immediate protection of the estate. Each day BCU continues to offset and charge, **irreparable harm** occurs that cannot be compensated by money damages alone. Equity must intervene to prevent the ongoing injustice.

**Emergency Specific Performance Due (Injunctions):**

**1. Immediate Halt of Offsets/Collections.**

BCU must cease all offsets, debits, charges, or collection attempts related to **L01 (Mercedes)** and **L02 (Cadillac)** until full equitable accounting is produced and the res is traced.

**2. Freeze on Adverse Reporting.**

BCU must immediately suspend and withdraw any adverse credit reporting, collection notices, or lien assertions pending the outcome of this equity action.

**3. Preservation of Records and Res.**

BCU is enjoined from altering, destroying, or concealing any ledger entries, insurance records, add-on disclosures, offset histories, or instrument-disposition files. All books and records must be preserved intact for equitable review.

**4. Provisional Title Protection.**

BCU is prohibited from transferring, repossessing, or impairing the Mercedes or Cadillac collateral pending equitable resolution.

These measures are not optional. They are required to prevent irreparable depletion of the estate, preserve the res, and ensure the Chancellor can do complete justice.

Smith v. Baxter Credit Union, No. _____ - Bill in Equity

**This Bill in Equity shall also be construed as including a Motion for Temporary Restraining Order and Preliminary Injunction, and the Clerk is directed to present it forthwith to a judicial officer under Fed. R. Civ. P. 65.**

## SELF-EXECUTING DEFAULT IN EQUITY

**Dishonor and Final Default.**

Within **21 days** of service of this Bill in Equity, BCU shall answer **point-by-point** by **sworn counter-affidavit** from a competent living man or woman with first-hand knowledge, attaching the complete ledgers and records demanded below. Failure to do so is **dishonor and final default**, admitting all material facts herein and entitling the living man to judgment in equity as a matter of law. **All Rights Reserved UCC 1-308.**

## SPECIFIC PERFORMANCE DUE (EQUITY REMEDIES)

### A. COMPLETE EQUITABLE ACCOUNTING - BOOKS OPENED (Both L01 AND L02)

1. **Instrument Chain of Custody:** intake, deposit, endorsement, pledge, sale, securitization, rehypothecation; custodial and investor statements.

2. **General Ledger:** every entry involving the instruments, monthly sums, offsets, fees, add-on products, and insurance charges.

3. **Amortization Actually Used:** period-by-period splits; any method changes; reconciliation to stated terms.

4. **Finance-Charge Computation:** APR stated and APR applied; algorithms, rate tables; itemized components (interest, add-ons, origination elements treated as finance charges).

5. **Insurance on Mercedes (L01):** notices, authorizations, insurer invoices, premium amounts, internal approvals, commissions/fees, refunds/credits, and the basis for imposing charges.

6. **Add-On Products:** for each account, disclosures, pricing, commissions, and ledger recognition (e.g., GAP/maintenance for L01).

7. **Third-Party Remittances:** payments to servicers, trustees, investors, insurers, or affiliates sourced from my instruments, monthly sums, finance charges, add-ons, or insurance charges.

8. **Corporate Governance Records:** board resolutions, delegation of authority, signatory credentials pertinent to the instruments and offsets.

9. **Internal Policy Manuals:** offset protocols, default procedures, force-placement policies, disclosure standards.

Smith v. Baxter Credit Union, No. _____ - Bill in Equity

10. **Regulatory Files (Mirror Only):** complaint files, internal compliance reviews, and responses related to these accounts.

11. **Electronic Signature Audit:** all e-sign records and disclosures reflecting assent and delivery of terms.

12. **Funding Source Verification:** internal entries showing asset movement, consideration, and warehouse/portfolio treatment.

## B. TRACING AND DECLARATION OF RES

Upon production, all identified finance-charge proceeds, add-on product proceeds, insurance sums (L01), post-revocation offsets, and instrument-proceeds stand as **traceable res** in equity and are held to order for restoration to the living man.

## C. RESTORATION AND DISGORGEMENT

1. **Finance-Charge Restoration (Both Accounts):** return all APR finance-charge amounts and any spreads/yields derived, with equitable interest from the date taken.

2. **Add-On Product Disgorgement (e.g., L01):** return all sums embedded for add-ons (e.g., GAP/maintenance) and any similar products on L02, with equitable interest.

3. **Unauthorized Offset Restoration (Both Accounts):** return 1,835 dollars and 40 cents at minimum (as already noticed), plus any additional offsets taken after revocation, with equitable interest.

4. **Insurance Restoration (L01):** return all insurance premiums/fees/commissions collected or imposed concerning the Mercedes, with equitable interest.

5. **Amortization Correction (Both Accounts):** correct the accounts to reflect **payment-first** at inception; remove undisclosed or unlawfully compounded charges; publish corrected amortizations showing proper balance = zero or credit due, as the books reveal.

6. **Instrument-Proceeds Disgorgement:** disgorge all proceeds obtained by depositing, pledging, selling, securitizing, or rehypothecating the instruments, to the extent not candidly disclosed and reconciled against value already delivered.

## D. RELEASE OF LIENS / TITLE CORRECTION

Issue immediate releases of all liens tied to L01 and L02 and deliver **clean titles** where the accounting shows satisfaction by the instruments and sums already taken, including reversal of any negative marks and entries, public or private.

## E. COSTS OF SUPERVISION IN EQUITY

The chancellor may appoint or direct a neutral accounting officer to supervise production, tracing, and restoration at BCU's expense due to prior withholding.

Smith v. Baxter Credit Union, No. _____ - Bill in Equity

## DECLARATIONS IN EQUITY (MANDATES)

1. **Payment-First Declaration:** The instruments delivered at inception stand as value given, presumptively payment-first, unless fully rebutted by open-book accounting.

2. **Constructive Trust (Res Identified):** All finance-charge proceeds, add-on product proceeds, insurance sums (L01), offsets post-revocation, and instrument-proceeds are held in constructive trust for the living man upon tracing.

3. **Unjust Enrichment / Unclean Hands:** Charging while concealing the books establishes unjust enrichment and unclean hands, requiring restoration and disgorgement.

4. **No Adequate Remedy at Law:** Equity is the appropriate forum because only the chancellor can compel accounting and supervise restoration.

5. **Unconscionability Declaration:** Identical adhesive provisions across L01 and L02 are unconscionable and void as against equity and good conscience.

6. **Equitable Fraud Declaration:** BCU's pattern of concealment, non-disclosure, and retroactive perfection attempts constitutes equitable fraud.

7. **Bias/Regulatory Failure Declaration (Mirror Evidence):** Administrative bias and capture render law remedies inadequate and confirm the necessity of equitable supervision.

8. **Post-Revocation Misconduct Declaration:** Sequential offsets after explicit revocation constitute willful misconduct warranting restoration and equitable sanction.

9. **Conversion Declaration:** Unauthorized takings, including **1,853.40 Federal Reserve Notes** at minimum, constitute conversion requiring complete restoration with equitable interest.

## MIRROR OBLIGATIONS (OPTIONAL - NO ADHESION)

Terms such as "finance charge," "APR," "amortization," "add-on products," "force-placed insurance," "electronic signature," and "offset" are BCU's own public-facing constructs. This mirror appears only to bind BCU to its own duties and definitions. It is not the source of the living man's standing or venue in equity.

## COURT DEFAULT MECHANISM (MIRROR ONLY; PRESERVES EQUITY DEFAULT)

If Baxter Credit Union fails to serve any answer or responsive pleading within the forum's ordinary response period after proper service, the living man will seek Clerk's Entry of Default under the forum's default procedure, followed by Default Judgment. These mechanisms are invoked only as mirrors to enforce what is already due in equity by dishonor and default.

Smith v. Baxter Credit Union, No. _____ - Bill in Equity

## EXECUTION / AUTOGRAPH *without prejudice*

Autograph: *jurlee-thomas-on-ARRUCC 1-308*

By: **jerelle-thomas: smith** - Executor-Beneficiary-Creditor

All Rights Reserved UCC 1-308
Address: c/o 3460 Kingsboro Road NE, Apt. 517, Atlanta, Georgia 30326
Email: magnates.amexum.trust@proton.me
Telephone: (937) 344-7946
Date: *10/6/2025*

## NOTARY JURAT (MINISTERIAL CERTIFICATE OF OATH)

State of Georgia ) County of Fulton ) ss.

Subscribed and sworn (or affirmed) before me on this *6* day of *Oct*, 2025, by **jerelle-thomas: smith.**, a living man, who personally appeared before me and is known to me or produced satisfactory evidence of identity.

The affiant took an oath/affirmation and subscribed the foregoing Bill in Equity in my presence.

**MINISTERIAL NOTICE:** This jurat verifies only the identity of the affiant, the administration of the oath/affirmation, and the affiant's autograph. It does not attest to the truth, legality, substance, jurisdiction, venue, or effect of the document. No adhesion, joinder, or consent to any statutory or foreign jurisdiction is created by this certificate. The affiant's rights are fully reserved.

Notary Public Signature: *Pamela Y. Rucker*

Printed Name: *Pamela Y. Rucker*

Commission No.: *W-00531395*

Commission Expires: *11/11/2026*

(Affix Notarial Seal)

**NOTARY VENUE STATEMENT (MINISTERIAL ONLY):** The venue above reflects the location of the notarial act only and does not alter the affiant's chosen venue or equity posture.

**AFFIANT'S RESERVATION (AS INSTRUCTED BY AFFIANT):** "All Rights Reserved. Without Prejudice, UCC 1-308. This certificate is ministerial only and shall not be construed as a grant of jurisdiction, waiver of rights, consent to contract, or appearance in any foreign, colorable, statutory, maritime, or other forum. "

## SERVICE AND DEFAULT RECORD

Smith v. Baxter Credit Union, No. _____ - Bill in Equity

This Bill in Equity is tendered under reservation of rights. Service is completed by private registered presentment (for example, certified mail, return receipt) or by the U.S. Marshals Service if ordered (mirror). The **21-day sworn counter-affidavit** clock starts upon delivery. Failure to answer point-by-point with a sworn counter-affidavit and complete ledgers constitutes dishonor and final default, admitting the material facts and authorizing the chancellor to enter an equitable judgment as stated above, including Specific Performance Due.

## LAST WORD - FINAL DEFAULT, DISHONOR AND JUDGMENT IN EQUITY

This Bill in Equity stands as the living man's sworn testimony under the Almighty and under penalty of perjury. **All facts are established unless met by sworn, point-by-point counter-affidavit within twenty-one (21) days of service.**

**Dishonor and Admission.** Silence, delay, evasion, or attorney argument without a sworn affidavit is a dishonor and confession by conduct. In such a case, all facts herein stand admitted, all obligations stand established, and judgment in equity is complete in favor of the living man.

**Exclusive Cure Window.** The only cure is **complete sworn compliance** with every item of Specific Performance Due. **Partial or substitute performance does not cure.**

**Finality.** Upon dishonor, the living man will issue a **Notice of Final Default and Judgment in Equity**, which closes the record, affirms the dishonor, and entitles enforcement of restoration, disgorgement, lien release, record correction, and other equitable remedies without further notice.

Autograph: *jerlee thomas-ont ARR VCC I-308 without prejudice*

By: jerelle-thomas: smith - Executor-Beneficiary-Creditor

All Rights Reserved UCC 1-308
Address: c/o 3460 Kingsboro Road NE, Apt. 517, Atlanta, Georgia 30326
Email: magnates.amexum.trust@proton.me
Telephone: (937) 344-7946
Date: 10/6/2025

Page **11** of **11**

EXHIBITS TESTIMONY AND CROSS-REFERENCE - PRIVATE EQUITY RECORD
jerelle-thomas: smith , a living man | Executor-Beneficiary-Creditor | All Rights Reserved UCC 1-308 Page 1 of 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

jerelle-thomas: smith , a living man, Executor–Beneficiary–Creditor, in private capacity

v.

Baxter Credit Union, Corporate Person in Commerce

Case No. _____

---

## TESTIMONY UNDER THE ALMIGHTY (El Elyon / El Shaddai / Yahweh)

I jerelle-thomas: smith , a living man, Executor–Beneficiary–Creditor, testify in private capacity. This page ties each wrong in equity in the Bill to the specific exhibits that prove it. Dates, senders, and short quotes are included where available so the Court can confirm without hunting.

---

## EXHIBIT INDEX

- **Exhibit A** - April 29, 2025 email presentment to BCU requesting foundational loan documentation and complete accounting trail.

- **Exhibit B** - April 30, 2025 follow up email with received-vs-missing list.

- **Exhibit C** - Ongoing email thread April 30 through May 7, 2025 showing BCU responses, rebuttals, and escalation.

- **Exhibit D** - Final Opportunity to Cure package served in late May 2025 (cover letter and cure notice).

- **Exhibit E** - May 22, 2025 BCU refusal email from Jade Robar: *"BCU is unable to fulfill any further requests related to confidential or proprietary information."*

- **Exhibit F** - May 23, 2025 autopay revocation notice from affiant to BCU.

- **Exhibit G** - One-page screenshot from BCU app showing "offsets" posted on the dates and amounts listed below.

- **Exhibit H** - August 26, 2025 IDFPR dismissal email summarizing BCU's positions, including that BCU removed autopay May 29 and June 3, and that BCU declined further disclosures due to "confidentiality concerns."

- **Exhibit I** - September 2, 2025 sworn rebuttal sent to IDFPR and BCU, pointing out failures to provide ledgers, amortization actually used, and instrument disposition.

Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent.
Private Record on the Land | Standing in Equity Only | All Rights Reserved UCC 1-308

EXHIBITS TESTIMONY AND CROSS-REFERENCE - PRIVATE EQUITY RECORD
jerelle-thomas: smith , a living man | Executor-Beneficiary-Creditor | All Rights Reserved UCC 1-308 Page **2** of 4

- **Exhibit K** - NCUA or other complaint confirmations (if included).

## WRONG A - BREACH OF TRUST AND UNOPEN BOOKS – UNCLEAN HANDS

**Exhibits:** A, B, C, E, H

- Requests for wet-ink instrument trail, ledgers, amortization actually used, finance-charge computation, board-level authorizations.
- BCU responses avoid core records.
- Direct refusal: "confidential or proprietary."
- Regulator confirms refusal.

**Equity Impact:** Books withheld while charging the estate = unclean hands.

## WRONG B - UNJUST ENRICHMENT BY FINANCE-CHARGE LAYERING

**Exhibits:** A, B, C, E, I

- Demands for APR computation and amortization basis.
- BCU refuses to provide.
- Rebuttal shows charges continued concealed.

**Equity Impact:** Concealed computations enrich BCU without transparency.

## WRONG C - INSURANCE-CHARGE ENRICHMENT (Mercedes L01)

**Exhibits:** A, B, C, E, I

- Requests for insurance records.
- Partial replies, refusal to disclose.
- Sworn rebuttal preserves issue of concealed insurance sums.

**Equity Impact:** Insurance sums taken without proof are traceable res.

## WRONG D - RETENTION OF PROCEEDS FROM INSTRUMENT USE

**Exhibits:** A, B, C, E, I

- Requests for instrument chain of custody, pledge, sale, or securitization.
- No production.

Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent.
Private Record on the Land | Standing in Equity Only | All Rights Reserved UCC 1-308

EXHIBITS TESTIMONY AND CROSS-REFERENCE - PRIVATE EQUITY RECORD
jerelle-thomas: smith , a living man | Executor-Beneficiary-Creditor | All Rights Reserved UCC 1-308 Page 3 of 4

- Rebuttal shows proceeds unaccounted for.

**Equity Impact:** Proceeds are trust res and must be disgorged.

## WRONG E - EQUITABLE FRAUD AND UNCONSCIONABLE TERMS

**Exhibits:** C, D, E, I

- Final Cure notice detailed adhesive provisions.
- BCU refused cure.
- Sworn rebuttal preserves unconscionability.

**Equity Impact:** Adhesive terms plus concealment require equity correction.

## WRONG F - CONVERSION AND TRESPASS UPON THE RES (POST-REVOCATION OFFSETS)

**Exhibits:** F, G, H

- Autopay revoked May 23.
- Regulator confirms BCU removed autopay May 29 and June 3.
- Despite this, offsets taken:
    - Cadillac L02: Aug 1 - $322.92; Sep 4 - $322.92; Oct 1 - $322.92
    - Mercedes L01: Aug 1 - $288.88; Sep 4 - $577.76
    - **Total through Oct 3, 2025 = $1,835.40**

**Equity Impact:** Taking after revocation is trespass on the res.

## WRONG G - REGULATORY CAPTURE AND CLEAN-HANDS DEFICIENCY

**Exhibits:** H, I

- Regulator closed file without books opened.
- Sworn rebuttal shows core records unrebutted.

**Equity Impact:** No adequate remedy at law. Equity must act.

## WRONG H - WILLFUL POST-REVOCATION MISCONDUCT

Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent.
Private Record on the Land | Standing in Equity Only | All Rights Reserved UCC 1-308

EXHIBITS TESTIMONY AND CROSS-REFERENCE - PRIVATE EQUITY RECORD
jerelle-thomas: smith , a living man | Executor-Beneficiary-Creditor | All Rights Reserved UCC 1-308 Page 4 of 4

**Exhibits:** F, G, H

- Clear revocation of authorization.
- BCU admits autopay removed.
- Yet offsets continued.

**Equity Impact:** Willful misconduct demanding immediate restraints and restoration.

## REQUESTED EQUITY ACTION TIED TO EXHIBITS

- **Open the books** - Exhibits A-E, I
- **Freeze takings and reporting** - Exhibits F, G, H
- **Trace and restore the res** - Exhibits G, I
- **Disgorge instrument proceeds** - Exhibits A-C, E, I
- **Release liens and correct titles** - Exhibits A–I
- **Appoint neutral accounting supervisor** - Exhibits A-I

## NOTES FOR THE RECORD

- Dates, amounts, and direct quotes in this page are taken from the exhibits themselves.
- Where a summary is given, the exhibit contains the original source.
- Offsets totaling **$1,835.40** through October 3, 2025 are shown in Exhibit G.

## DECLARATION

I testify under the Almighty and under penalty of perjury that the above is true, correct, and complete. All rights reserved, UCC 1-308.

By: jerelle-thomas: smith , a living man
Executor–Beneficiary–Creditor
Date: 10 / 6 / 2025

Autograph: _jerlee-thoms: mith ARR UCC 1-308_ without prejudice

Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent.
Private Record on the Land | Standing in Equity Only | All Rights Reserved UCC 1-308

 

## Request for Foundational Loan Documentation – Loan Accounts 60046387-L01 & 60046387-L02
15 messages

**Jerelle Smith** <jts93713@gmail.com>                                                                      Tue, Apr 29, 2025 at 2:33 PM
To: david.brydun@bcu.org
Cc: Cynthia Dominguez-Tellez <Cynthia.Tellez@bcu.org>, Brandon Bierut <Brandon.Bierut@bcu.org>, Morgan Schmitt <morgan.roewer@bcu.org>

> Jerelle-Thomas Smith
> in care of: 3460 Kingsboro Road NE, Apt 517
> Atlanta, Georgia [30326]
> Email: jts93713@gmail.com | Phone: 937-344-7946
>
> April 29, 2025
>
> Via Email Transmission
>
> David Brydun
> Senior Vice President and Chief Lending Officer
> Baxter Credit Union
> Attn: Lien Release / Legal Department
> 340 N. Milwaukee Ave.
> Vernon Hills, IL 60061
>
> RE: Cover Letter – Request for Foundational Loan Documentation
> Loan Accounts:      6387-L01 (2013 Mercedes-Benz C250) &      6387-L02 (2015 Cadillac CTS)
>
> Dear Mr. Brydun:
>
> Please accept this correspondence as a courtesy cover letter accompanying the attached formal document request regarding the above-referenced loan accounts.
>
> The attached request outlines a set of records necessary for my trust's internal compliance review, focusing on contract verification, record accuracy, and statutory disclosure compliance. This is part of routine recordkeeping and not intended as a dispute or complaint.
>
> Attached to this cover letter, you will find:
> - Formal Document Request Letter (dated April 29, 2025)
> - Exhibit A – Copy of Government-Issued Identification (if required)
>
> If additional information is needed to process this request, or if there are any questions regarding the requested materials, please do not hesitate to contact me directly.
>
> Thank you in advance for your time and assistance.
>
> Respectfully,
>
> _____
>
> Jerelle-Thomas Smith
> Authorized Representative | Account Holder
>
> Enclosures:
> - Foundational Document Request Letter
> - Exhibit A – Copy of Government-Issued Identification
>
> CC: Cynthia Tellez, Brandon Bierut, Morgan Roewer
> CC: Trust Records File

**Jerelle Smith** <jts93713@gmail.com>                                                                      Tue, Apr 29, 2025 at 2:35 PM
To: david.brydun@bcu.org
Cc: Cynthia Dominguez-Tellez <Cynthia.Tellez@bcu.org>, Brandon Bierut <Brandon.Bierut@bcu.org>, Morgan Schmitt <morgan.roewer@bcu.org>

Exhibit A & Foundational Document Request Letter
[Quoted text hidden]

# EXHIBIT A - ATTACHMENT

Re: Request for Foundational Loan Documentation Reference: Loan Account
Documentation Review

Jerelle Thomas Smith

3460 Kingsboro Road NE, Apt 517

Atlanta, Georgia 30326

Email: ts93713@gmail.com

Date: April 29, 2025

Via Email Transmission

David Brydun

Senior Vice President and Chief Lending Officer

Baxter Credit Union

Attn: Lien Release / Legal Department 340 N. Milwaukee Ave. Vernon Hills, IL 60061

NOTICE TO AGENT IS NOTICE TO PRINCIPAL NOTICE TO PRINCIPAL IS NOTICE TO AGENT

Loan Accounts:

- 6387-L01 (2013 Mercedes-Benz C250)
- 6387-L02 (2015 Cadillac CTS)

Dear Mr. Brydun:

I hope this message finds you well. As Authorized Representative and Account Holder, I am
writing to respectfully request a complete copy of the foundational records and disclosures
associated with the above-referenced loan agreements. This request is made to ensure our
trust records are accurate, current, and in alignment with applicable consumer lending
standards.

Page **1** of **3**

# EXHIBIT A - ATTACHMENT

Re: Request for Foundational Loan Documentation Reference: Loan Account
Documentation Review

If possible, please provide the following information within 14 days of your receipt of this letter:

1. **Proof of Funds Advanced** – Please provide documentation that clearly identifies whether verifiable, tangible funds were disbursed by Baxter Credit Union in connection with this transaction. This includes, but is not limited to: copies of checks, wire transfer confirmations, escrow disbursement records, or internal bank ledger entries. This request is specifically made to verify the origin, source account, transaction method, and actual conveyance of any lawful funds used. (O.C.G.A. § 11-9-203; Restatement (Second) of Contracts § 71)

2. **Executed Promissory Note** – A certified copy of the original note signed at closing. (UCC § 3-501)

3. **Executed Security Agreement / Conditional-Sale Contract** – A copy of the signed contract indicating retention of title or other security interest. (UCC § 9-203)

4. **UCC-1 Financing Statement** – Any filed UCC-1 related to these loans, including relevant debtor/creditor details. (O.C.G.A. § 11-9-502)

5. **Certified Certificate of Title & Lien Record** – Copy of the Georgia Certificate of Title noting the lien and any updates/terminations. (O.C.G.A. § 11-9-513)

6. **Truth-in-Lending Disclosures** – All applicable TILA documents, including APR, finance charge, and repayment terms. (12 C.F.R. §§ 1026.17 & 1026.18)

7. **Itemized Finance Charge Calculation** – Details on how finance charges were computed over the life of the loan. (15 U.S.C. § 1638(b)(2))

8. **Payment Ledger / Transaction History** – Complete account history from origination to date. (15 U.S.C. § 1638(b)(2))

9. **Repossession & Default Remedies** – Any applicable policies or addenda outlining default terms and remedies.

10. **Proof of Proper Notice** – Copies of any notices sent in relation to default, cure periods, or similar matters.

11. **Corporate Authority & Officer Contact** – Documentation verifying authority of signatories and contact information for the person handling this inquiry.

If any document is unavailable or not applicable, a brief note explaining its status would be greatly appreciated. This request is made strictly for contract verification and trust-level recordkeeping. No statement herein shall be construed as waiving any rights, claims,

# EXHIBIT A - ATTACHMENT

Re: Request for Foundational Loan Documentation Reference: Loan Account
Documentation Review

remedies, or defenses under state or federal law. We kindly request that all responsive
documents be delivered together as a single package to avoid fragmentation. Timely
delivery of the requested documentation will assist in maintaining a continued good-faith
understanding between all parties. However, inability to produce such foundational
records may affect the validity or enforceability of any alleged obligations or agreements
associated with the referenced loans.

Please understand that this request is not intended as a dispute or complaint but simply as
part of our trust's regular compliance review and records update. If additional identification
or clarification is needed, please feel free to contact us.

Thank you in advance for your attention to this matter.

This request is in harmony with the right to access and examine records affecting personal
or trust-based obligations, as protected under the Georgia Constitution, Article I, Section I,
Paragraph XXVIII. I look forward to your reply and appreciate your time and cooperation.

Signed on this 29th day of April 2025

*without prejudice*
*jerlee-thomas smith* ARR UCC I-308

_____

Jerelle-Thomas Smith
Authorized Representative | Account Holder

Enclosures: Copy of Government-Issued Identification (if required)
CC: Trust Records File

**2 attachments**

**20240503_093446.jpg**
3.1 MB

**BCU4292025.pdf**
3.5 MB


EXHIBIT B

---

**Jerelle Smith** <jts93713@gmail.com>                                              Wed, Apr 30, 2025 at 11:53 AM
To: david.brydun@bcu.org
Cc: Cynthia Dominguez-Tellez <Cynthia.Tellez@bcu.org>, Brandon Bierut <Brandon.Bierut@bcu.org>, Morgan Schmitt
<morgan.roewer@bcu.org>

RE: Follow-Up - Outstanding Items for Foundational Loan Review
Loan Accounts: L01 (2013 Mercedes-Benz C250) and L02 (2015 Cadillac CTS)

Dear Mr. Brydun,

Thank you again for your prompt response to my foundational document request. I appreciate the materials
provided thus far and the clarity they bring to my trust's ongoing account audit.

After a full review, I have summarized below what has been received versus what remains outstanding for
both loan accounts-L01 and L02. While several key documents have been provided, a number of critical
components are still needed in order to complete the verification and compliance process.

Please find the attached table outlining the status of each requested item.
For convenience, the remaining requested documents include:

1. Proof of Funds Advanced
2. UCC-1 Financing Statement
3. Itemized Finance Charge Calculation
4. Payment Ledger / Transaction History
5. Repossession & Default Remedies
6. Proof of Proper Notice
7. Corporate Officer Authorization

I respectfully ask that the remaining documentation be provided at your earliest convenience to close this
review.

If any of the above items are not applicable to these accounts or unavailable for another reason, I
would appreciate a brief written statement indicating so.

Please feel free to reach out with any clarification needs or to confirm the point of contact handling this
request.

Warm regards,

Jerelle-Thomas Smith
Authorized Representative | Account Holder
Email: jts93713@gmail.com | Phone: 937-344-7946
in care of: 3460 Kingsboro Road NE, Apt 517
Atlanta, Georgia [30326]

CC: Cynthia Tellez, Brandon Bierut, Morgan Roewer

Document Requested Mercedes-Benz C250 (L01) Cadillac CTS (L02)

1. Proof of Funds Advanced MISSING MISSING
2. Executed Promissory Note PROVIDED PROVIDED
3. Executed Security Agreement PROVIDED PROVIDED
4. UCC-1 Financing Statement MISSING MISSING
5. Certificate of Title & Lien Record PROVIDED PROVIDED
6. Truth-in-Lending Disclosures PROVIDED PROVIDED
7. Itemized Finance Charge Calculation MISSING MISSING
8. Payment Ledger / Transaction History MISSING MISSING
9. Repossession & Default Remedies MISSING MISSING
10. Proof of Proper Notice MISSING MISSING
11. Corporate Officer Authorization MISSING MISSING

On Tue, Apr 29, 2025, 2:33 PM Jerelle Smith <jts93713@gmail.com> wrote:
[Quoted text hidden]



**David Brydun** <David.Brydun@bcu.org>                                                    Wed, Apr 30, 2025 at 12:07 PM
To: Jerelle Smith <jts93713@gmail.com>
Cc: Cynthia Dominguez-Tellez <Cynthia.Tellez@bcu.org>, Brandon Bierut <Brandon.Bierut@bcu.org>, Morgan Schmitt
<morgan.roewer@bcu.org>, Jade Robar <Jade.Robar@bcu.org>

Hi Jerelle,

Confirming receipt. I've forwarded your requests to our loan servicing team; I trust that they will fulfil the request to your
satisfaction. If not, please let me know.

Regards,
Dave Brydun

Dave Brydun
Senior Vice President, Chief Lending Officer
BCU
p 847-932-8327
m 847-508-1599

---

**From:** Jerelle Smith <jts93713@gmail.com>
**Sent:** Wednesday, April 30, 2025 10:53 AM
**To:** David Brydun <david.brydun@bcu.org>
**Cc:** Cynthia Dominguez-Tellez <Cynthia.Tellez@bcu.org>; Brandon Bierut <Brandon.Bierut@bcu.org>; Morgan Schmitt
<morgan.roewer@bcu.org>
**Subject:** Re: Request for Foundational Loan Documentation – Loan Accounts 60046387-L01 & 60046387-L02

CAUTION: **This email originated from outside of the organization. Do not click links or open attachments unless you recognize the
sender and know the content is safe.**
[Quoted text hidden]

This email and any files transmitted with it are confidential and intended solely for the addressed recipient. If you have received this email in error, please notify the sender
immediately. You should not disseminate, distribute or copy this email. If you are not the intended recipient, you understand that disclosing, copying, distributing or taking any
action in reliance on the contents of this information is strictly prohibited. Thank you for your cooperation.

---

**Jerelle Smith** <jts93713@gmail.com>                                                    Wed, Apr 30, 2025 at 12:09 PM
To: David Brydun <David.Brydun@bcu.org>

Thank you David!
[Quoted text hidden]

---

**Jade Robar** <Jade.Robar@bcu.org>                                                       Wed, Apr 30, 2025 at 3:36 PM
To: jts93713@gmail.com <jts93713@gmail.com>

Hi Jerelle,

Than you for reaching out to BCU about your loans. My name is Jade, I am part of the loan servicing department will be happy to assist
your with your needed documents. I was provided a list of items you are still looking for. I have listed them below with a few
comments. Additional documents have been sent to you via your secure online banking portal and others I have a few questions.
Please see below so I can further assist you with your needs!



# EXHIBIT B

1. Proof of Funds Advanced

    Check copies used for loan disbursement have been sent to you via your Message Center in Online Banking.

2. UCC-1 Financing Statement

    As this is a consumer loan, there is no UCC statement. However, your loan note should be found in your loan documents provided to you and title image for L02 has been to your. We are missing your signed POA and copy of registration for L01 to finalize your perfected title with the DMV. I would be happy to send you a new copy of the POA digitally for you to sign so we can get a finalized copy of your title for L01.

2. Itemized Finance Charge Calculation

    Your remaining payments schedule have been sent to you via your Message Center in Online Banking.

3. Payment Ledger / Transaction History

    You transaction history have been sent to you via your Message Center in Online Banking.

5. Repossession & Default Remedies

    It appears your loan has never been placed for repossession; however, terms of default and remedies are outlined in your loan documents.

6. Proof of Proper Notice

    Can you please provide more information as to what you are looking for?

7. Corporate Officer Authorization

    Can you please provide more information as to what you are looking for?


Thank you again for allowing us to assist you and I look forward to your response!


Jade Robar

Supervisor, Consumer Loan Servicing and Titles

p/f  847-932-8934


Restorative | Ideation | Input | Individualization | Empathy

 

[Quoted text hidden]

---

**Jerelle Smith** <jts93713@gmail.com>
To: Jade Robar <Jade.Robar@bcu.org>

Thu, May 1, 2025 at 9:16 AM

EXHIBIT C

**From:** Jerelle Smith <jts93713@gmail.com>
**Sent:** Thursday, May 1, 2025 8:16 AM
**To:** Jade Robar <Jade.Robar@bcu.org>
**Subject:** Re: Request for Foundational Loan Documentation — Loan Accounts 60046387-L01 & 60046387-L02

CAUTION: **This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Dear Ms. Robar,

[Quoted text hidden]

---

**Jerelle Smith** <jts93713@gmail.com>
To: Jade Robar <Jade.Robar@bcu.org>

Thu, May 1, 2025 at 2:25 PM

Thank you Jade.

[Quoted text hidden]

---

**3 attachments**

image001.png
20 KB

image002.png
3 KB

image003.jpg
3 KB

---

**Jade Robar** <Jade.Robar@bcu.org>
To: Jerelle Smith <jts93713@gmail.com>

Wed, May 7, 2025 at 11:17 AM

Hello Mr. Smith,

Thank you for allowing the additional time to review your request. I have provided some additional details to your questions and will be sending any documents via your secure message center in online banking. Please see below for the breakdown of the additional outstanding items.

- Insurance Advance Charges on L01 — Disputed
    - BCU requires full coverage insurance on our auto loans. Your insurance must include the following elements: comprehensive and collision coverage, BCU listed as lien holder, and a deductible of $1000 or less. If the terms are not met, BCU does reserve the right to purchase insurance. The insurance we purchase and charge you for will cover only our interest in the property. The insurance is not liability insurance and will not satisfy any state financial responsibility or no-fault laws. This is stated in your loan documents on page 4 and 7. If you had insurance on the loan meeting the mentioned requirements during the time periods we added CPI and would like to provide me copies of your insurance declaration page, I would be more than happy to review for a refund of the CPI policies added to the loan. I have also included in the secure message center a copy of one of the letters we had mailed to you informing you of our need

for proof of insurance. Letters were sent on 08/24/22, 09/21/22, 08/02/23, 08/30/23, 07/31/24, 08/28/24. A new CPI policy will be added by 07/29/2025 if the insurance requirements are still not met.

- Lien Perfection Jurisdiction (L01)
  - ○ Thank you for the confirmation of the Mercedes being purchased and registered in Indiana. We have the Indiana title, and we can proceed with perfecting the title in Indiana. We noticed you have a Georgia address on your account and were unsure if you would like to do a state change to Georgia. However, we are more than happy to keep the title in Indiana. We will need you to sign a limited power of attorney authorizing BCU to do the title work on your behalf. The Limited POA only allows us this right over the specific vehicle identified on the POA and is strictly for the purpose of adding our lien. Please confirm if you would like to title the auto in Indiana or Georgia and I can send the POA to you to review and sign.
- Certificate of Full Accounting (L01 & L02)
  - ○ For the below items, I have placed on BCU letterhead the following documents and attached in your secure message center:
    - Total principal paid to date
    - Total interest paid
    - Remaining principal balance
    - Summary of any fees, insurance charges, or other amounts added after origination
    - Ledger entries for any amortization recalculations or balance adjustments
- For items 1, 4, 5, 6, and 7
  - ○ We have reviewed the additional items requested, outside of your loan documents, with our compliance and audit team and have concluded the additional requested items are proprietary and confidential. I apologize; we unfortunately cannot provide the additional details that may include:
    - The exact account from which we disburse our closed ended loans from.
    - Corresponding internal journal entries or asset movement documentation confirming lawful value was parted with.
    - The formula used to derive the finance charge.
      - The Interest computation information is disclosed in the Truth in Lending box on the Loan and Security Agreements and Disclosure Statement.
    - Internal Repossession and Default Remedies
      - Pages 1-6 in your loan documents address our Repossession and Default remedies.
    - Proof of Proper Notice
      - Your loans have not received default related notices and therefore, we do not have blank copies to provide.
    - Corporate Officer Authorization
    - The Interest computation information is disclosed in the Truth in Lending box on the Loan and Security Agreements and Disclosure Statement.

We would like to encourage you to examine your loan documents to review our policies outlined in them. Copies were sent on 04/30/2025 to your secure message center in online banking for both loans.

Thank you,

[Quoted text hidden]

---

**Jerelle Smith** <jts93713@gmail.com>                                                      Wed, May 7, 2025 at 12:15 PM
To: Jade Robar <Jade.Robar@bcu.org>

Dear Ms. Robar,

Thank you for your continued cooperation and the documentation provided thus far via the secure message center. After reviewing the materials, I'd like to offer a few clarifications and refined requests to ensure accuracy across our file and adherence to all applicable lending regulations.

1. Insurance Charges on L01The Mercedes-Benz C250 has been non-operational and stored since 2022. It has been covered by a comprehensive-only policy, which is standard practice for immobile assets. Per TILA (15 U.S.C. § 1639g(c)), which prohibits charging CPI premiums unless the borrower has failed to maintain 'adequate' coverage, and Ga. Admin. Code § 120-2-28-.04(4), BCU must refund all CPI charges retroactive to the policy's effective date. Failure to comply constitutes a breach of the implied covenant of good faith under O.C.G.A. § 13-4-20.

2. Lien Titling Jurisdiction – IndianaThank you for confirming title jurisdiction remains with Indiana. Under UCC § 9-311(b) and Indiana Code § 9-17-2-3(a)(2), BCU is legally obligated to perfect its security interest via the Indiana BMV. The Limited Power of Attorney must be provided within 10 business days to avoid title defects. This authorization must be strictly limited to lien recording authority.

3. Contract Funding and Consideration EvidenceWhile disbursement checks have been provided, there is no corresponding documentation showing the specific source of the funds or institutional asset movement. As a federally insured credit union, BCU must comply with NCUA Rules (12 C.F.R. § 741.3) requiring accurate accounting. Please provide internal ledger entries or wire confirmations proving capital disbursement under UCC § 3-105(1)(e) and O.C.G.A. § 11-3-303.

4. Officer AuthorizationNo documentation has yet confirmed that the loan signatory possessed legal authority to bind Baxter Credit Union under its bylaws. Pursuant to NCUA Bylaws § 701.4(a)(3), BCU must furnish the corporate resolution or board minutes delegating authority to the signatory. Absent this, the loan's validity is contestable under UCC § 3-402(b) and O.C.G.A. § 7-1-611.

5. Repossession and Default Policy StandardsYou noted that relevant terms are reflected in the contract's first six pages. Kindly confirm whether BCU has any institution-wide protocols or operational standards beyond the consumer contract that govern repossession or late-stage delinquency. Per UCC § 9-607, O.C.G.A. § 11-9-627(b)(3), and CFPB Bulletin 2013-07, all remedies must be commercially reasonable and non-coercive.

6. General Transparency and Final RecordsI acknowledge receipt of the itemized statements placed on BCU letterhead. For completeness, if any summaries fall within disclosure requirements under the Gramm-Leach-Bliley Act (15 U.S.C. § 6801(e)), the Fair Credit Reporting Act (15 U.S.C. § 1681s-2), or the Dodd-Frank Act (12 U.S.C. § 5531), please ensure those documents remain accessible in the trust's administrative archive. Failure to maintain or disclose these records may be reported to the CFPB as a UDAAP violation under 12 U.S.C. § 5536.

I look forward to receiving the Limited Power of Attorney for lien perfection, a final determination on the CPI adjustment, and any remaining documents referenced above. Thank you again for your time and assistance.

Respectfully,

Jerelle-Thomas SmithAuthorized Representative | Account Holder
[Quoted text hidden]

---

**3 attachments**

image001.png
20 KB

image002.png
3 KB

image003.jpg
3 KB

---

**Jerelle Smith** <jts93713@gmail.com>                                               Wed, May 7, 2025 at 1:16 PM
To: Jade Robar <Jade.Robar@bcu.org>

In reviewing the prior message I sent, I realized I omitted one important request that is essential for our internal trust reconciliation and recordkeeping process. I appreciate your patience as we finalize our audit.

Request for Ledger Proof of Asset Origination
To complete our administrative records and ensure full regulatory alignment under applicable federal lending and recordkeeping standards, I respectfully request that Baxter Credit Union provide documentation reflecting the internal ledger accounting for this transaction.

Specifically:

Whether the original promissory note executed by Jerelle-Thomas Smith was booked as a financial asset or receivable on BCU's internal accounting system (under GAAP, FASB, or FRB standards);

Whether the note has been sold, pledged, transferred, hypothecated, or securitized at any time after execution;

General ledger entries reflecting the origination and source of funds credited to the borrower's account; and

Confirmation of any capital outflow or settlement performed through BCU's principal or correspondent clearing account on behalf of the borrower.

This request is made pursuant to the following regulatory frameworks:

12 C.F.R. § 1026.18(b) (TILA Reg Z)

UCC § 3-105(1)(e) and O.C.G.A. § 11-3-303

12 C.F.R. § 741.3 (NCUA fiduciary accounting standard)

EXHIBIT C

These materials are necessary to verify lawful consideration, confirm double-entry consistency, and satisfy compliance under trust audit protocols.

Thank you again for your assistance, and I look forward to your response at your earliest convenience.

Warm regards,
Jerelle-Thomas Smith
Authorized Representative | Account Holder

On Wed, May 7, 2025, 11:17 AM Jade Robar <Jade.Robar@bcu.org> wrote:
[Quoted text hidden]

---

**3 attachments**

image001.png
20 KB

image002.png
3 KB

image003.jpg
3 KB

---

**Jerelle Smith** <jts93713@gmail.com>                                    Wed, May 7, 2025 at 2:19 PM
To: Jade Robar <Jade.Robar@bcu.org>

Dear Ms. Robar,

Thank you for providing the Limited Power of Attorney form concerning lien perfection for vehicle VIN **WDDGJ4HB0DF998751**.

Please note, I am willing to **review and sign this Limited POA** upon full receipt of the following outstanding documentation, as previously requested and supported by controlling statutory and regulatory provisions:

---

**Outstanding Documentation Required:**

1. **Proof of Lawful Consideration / Funds Advanced**
   Only check images were provided; no internal ledger, reserve withdrawal proof, or asset movement confirmation was provided. BCU declined under the "proprietary" claim.
   **Citations:** UCC § 3-303; O.C.G.A. § 11-3-303; 12 C.F.R. § 741.3

2. **UCC-1 Financing Statement (if applicable)**
   Denied due to "consumer loan" status. If truly inapplicable, a formal statement affirming no UCC lien exists should be furnished.
   **Citations:** Standard trust audit protocol

3. **Itemized Finance Charge Breakdown**
   BCU referred only to the TILA disclosure box. The full amortization schedule and interest computation method were not provided.
   **Citations:** 12 C.F.R. § 1026.18(g)

4. **Repossession & Default Policy (Internal Standards)**
   BCU referenced the loan agreement text but refused to share internal policy manuals or operational protocols. These are not protected from disclosure when relied upon for enforcement.
   **Citations:** UCC § 9-607; O.C.G.A. § 11-9-627(b)(3)

5. **Proof of Proper Notice (or Templates)**
   BCU stated no notices were ever sent, but did not provide template documents or sample right-to-cure policies.
   **Citations:** 15 U.S.C. § 1692g; CFPB Regulation B

6. **Corporate Officer Authorization**
   No board resolution, signer credentials, or internal authorization documents were provided, so redirecting to generic TILA boxes is insufficient.
   **Citations:** UCC § 3-402; NCUA Bylaws § 701.4(a)(3)

7. **Ledger Proof of Asset Origination**
   You were asked to confirm whether the promissory note was booked as a financial asset, pledged, sold, or securitized, and to provide ledger entries showing funding origination and denied in full.
   **Citations:** FASB ASC 860; UCC § 3-105(1)(e); 12 C.F.R. § 741.3

**Please note:** Signing this Limited POA *prior to validation* of the above would constitute a prejudicial act and may impair the trust's lawful audit rights under **O.C.G.A. § 13-4-20** and **UCC § 1-308**.

Kindly confirm receipt of this notice and advise once the requested items are fully available. I'm open to working with you and am proceeding in good faith under the applicable regulatory and trust frameworks.

Warm regards,
**jerelle thomas smith©**
Authorized Representative | Account Holder
[Quoted text hidden]

---

**Jade Robar** <Jade.Robar@bcu.org>
To: Jerelle Smith <jts93713@gmail.com>

Wed, May 7, 2025 at 4:28 PM

Hi Mr. Smith,

Thank you for the information. We will continue to review your request. I am sending this to our legal team for further detail and will reach out after their review.

[Quoted text hidden]

---

**Jade Robar** <Jade.Robar@bcu.org>
To: Jerelle Smith <jts93713@gmail.com>

Thu, May 22, 2025 at 10:58 AM

Mr. Smith,

Thank you for your patience while we reviewed your request internally.

In regard to the signed POA we require for Loan 01 VIN ending in 998751; subject to Section 11 (Delay in Enforcing Rights and Changes in the Loan), you are required under the Security Agreement, including Sections 4 (Protecting the Security Interest), 5 (Limited Durable Power of Attorney), and 9 (Default), to assist BCU in perfecting the title. If you require us to send you a new link to your digital limited POA please let me know and I can get that sent immediately.

In regard to the items noted in your email below under "Outstanding Documentation Required". BCU has reviewed your correspondence and directs you back to the previously provided loan package for any questions regarding the loan calculation and CPI obligations. Additionally, BCU is unable to fulfill any further requests related to confidential or proprietary information.

We trust that you will continue to abide by the terms of the loan agreement.

Again, please let me know if you require a new link for your digital limited POA.

Sincerely,

[Quoted text hidden]



PRIVATE TRUST COMMUNICATION – FINAL ADMINISTRATIVE PRESENTMENT
RE: Final Opportunity to Cure | Loan Accounts L01 & L02
Tracking Number: L01-L02-FCURE-0525 | USPS Certified Mail No. 940711898765444196604

jerelle thomas smith©

Authorized Representative | Account Holder
in care of: 3460 Kingsboro Road NE, Apt 517
Atlanta, Georgia [30326]
Email: jts93713@gmail.com
Phone: 937-344-7946

**Date:** 5/7/2025
**Tracking Number:** L01-L02-FCURE-0525
**USPS Certified Mail Number:** 9407 1118 9876 5444 1966 04

**To:**
Kerriann Mills
Senior Vice President, Chief Legal Officer
Baxter Credit Union
Fax: (847) 932-8457

David Brydun
Senior Vice President, Chief Lending Officer
Baxter Credit Union
Fax: (847) 932-8457

Jade Robar
Supervisor, Consumer Loan Servicing
Baxter Credit Union
Fax: (847) 932-8457

**RE: Final Opportunity to Cure – Loan Accounts 60046387-L01 & 60046387-L02**

Dear Ms. Mills, Mr. Brydun, and Ms. Robar:

Please find attached a formal Final Opportunity to Cure Notice concerning foundational documentation and compliance related to the above-referenced loan accounts (L01 & L02). This communication is issued under full trust authority and audit obligation.

This notice outlines statutory violations, unresolved record requests, and noncompliance risks which must be cured within ten (10) business days from the date of receipt. The enclosed letter includes citations from UCC, TILA, NCUA, Indiana and Georgia law, as well as federal regulatory frameworks. It also includes notice of escalation remedies and demand for performance.

**Note:** This is a lawful and private administrative presentment. Any failure to distribute this to the proper officer(s) constitutes willful negligence under agency and fiduciary law. Please confirm receipt by email at your earliest convenience.

Respectfully submitted without prejudice,

Non-Negotiable, Private Security Warning

This private communication is a demand for performance and lawful disclosure issued under trust capacity and private right. It shall not be treated as a financial instrument, security, or negotiable instrument under the Uniform Commercial Code or securities laws. Any attempt to securitize, pledge, bond, monetize, or assign this communication or its contents shall be considered fraud, misrepresentation, and breach of trust. All rights reserved without prejudice.

jerelle thomas smith©  UCC § 1-308 – All Rights Reserved - Authorized Representative | Account Holder

*without prejudice,
jerelle thomas smith – AR / ARR UCC 1-308*



**FINAL OPPORTUNITY TO CURE – TRUST DEMAND FOR DISCLOSURE & LAWFUL COMPLIANCE**
*Loan Accounts: 60046387-L01 (2013 Mercedes-Benz C250) & 60046387-L02 (2015 Cadillac CTS)*
*Issued in Private Trust Capacity | Authorized Representative:* jarelle thomas smith®
**From:**

jarelle thomas smith©
Authorized Representative | Account Holder
In care of: 3460 Kingsboro Road NE, Apt 517
Atlanta, Georgia [30326]
Email: jts93713@gmail.com
Phone: 937-344-7946

Date: 5/7/2025

**To:**
Jade Robar
Supervisor, Consumer Loan Servicing and Titles
Baxter Credit Union
340 N. Milwaukee Ave.
Vernon Hills, IL 60061
Email: Jade.Robar@bcu.org

*Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent*

---

**RE: Final Opportunity to Cure & Full Disclosure Demand – Loan Accounts 60046387-L01 & 60046387-L02**

Dear Ms. Robar,

I acknowledge receipt of the Limited Power of Attorney (POA) form dated for the purposes of lien perfection on the above-referenced vehicle.

Please be advised:

I will not execute or authorize any POA that may be used to retroactively perfect a security interest that was not lawfully recorded within the time period prescribed under Indiana Code § 9-17-2-7.

As you are aware, Indiana law requires perfection of a lien within 30 days of loan origination. The request for a POA now, nearly five years later, is not only untimely but may be construed as an attempt to cure a lapse in BCU's legal compliance retroactively, which is not permissible under the Uniform Commercial Code or applicable state statute.

However, in the interest of fairness and transparency, I am willing to conditionally accept and review the POA only upon full delivery of the following outstanding documents, as previously demanded under lawful audit and compliance rights for both loan accounts—L01 and L02:

---

**Required Documents Prior to POA Signature and Cure of Account Irregularities**



**FINAL OPPORTUNITY TO CURE – TRUST DEMAND FOR DISCLOSURE & LAWFUL COMPLIANCE**
*Loan Accounts: 60046387-L01 (2013 Mercedes-Benz C250) & 60046387-L02 (2015 Cadillac CTS)*
*Issued in Private Trust Capacity | Authorized Representative: jerelle thomas smith©*

1. **Ledger Proof of Lawful Consideration & Source of Funds**

- Internal ledger showing source account from which funds were drawn

- Wire confirmation or journal entries backing value parted with

- Required under: UCC § 3-303, O.C.G.A. § 11-3-303, 12 C.F.R. § 741.3

2. **Full Amortization Schedule and Finance Charge Computation**

- Breakdown of interest allocation, principal reduction per payment

- Required under: 12 C.F.R. § 1026.18(g), TILA § 1638(b)(2)

3. **Corporate Officer Authorization Documentation**

- Signed board resolution or delegation record validating authority of loan officer

- Required under: UCC § 3-402, NCUA Bylaws § 701.4(a)(3)

4. **Written Confirmation of No Georgia Lien Filing (L01)**

- As the vehicle was titled and registered in Indiana, no Georgia lien should exist

- Confirm in writing to prevent jurisdictional misrepresentation

5. **Repossession & Default Policy Protocols**

- Full disclosure of BCU's internal policy for repossession triggers, cure periods

- Required under: UCC § 9-607, O.C.G.A. § 11-9-627(b)(3), CFPB Bulletin 2013-07

6. **Proof of Proper Notice or Template**

- Provide any sample or template right-to-cure, default, or breach notices

- Required under: 15 U.S.C. § 1692g, CFPB Regulation B

7. **CUSIP/ISIN and Securitization Disclosures (if applicable)**

- If the note was pledged or securitized, provide identifier disclosure

- Required under: SEC Rule 17g-10, 15 U.S.C. § 78j(b)

---

**Reservation of Rights**

Execution of the POA or any waiver prior to receipt of the above would constitute a prejudicial act, impairing the trust's lawful standing under:

- O.C.G.A. § 13-4-20 – Duty of good faith in performance

- UCC § 1-308 – Full reservation of rights



EXHIBIT D

**FINAL OPPORTUNITY TO CURE – TRUST DEMAND FOR DISCLOSURE & LAWFUL COMPLIANCE**
*Loan Accounts: 60046387-L01 (2013 Mercedes-Benz C250) & 60046387-L02 (2015 Cadillac CTS)*
*Issued in Private Trust Capacity | Authorized Representative: jerelle thomas smith©*
  • Indiana Code § 9-17-2-7 – Lien perfection deadline (30-day rule)

---

## Closing

Please confirm receipt of this notice. If the requested documentation is not delivered in full within 10 business days, we will consider BCU's security interest unperfected and will initiate:

- Administrative lien cancellation proceedings via the Indiana Bureau of Motor Vehicles;

- Formal complaints to the CFPB citing TILA and UDAAP violations;

- NCUA regulatory grievance under fiduciary accounting provisions (12 C.F.R. § 741.3);

- SEC referral for failure to disclose securitization if applicable (15 U.S.C. § 78j(b));

- A Notice of Material Fault under UCC § 1-304;

- Transition to a formal escrow process under O.C.G.A. § 13-4-24, with monthly deposits held in good faith;

- Preparation for a declaratory judgment petition in Georgia court under O.C.G.A. § 9-4-2;

- Public record filing to preserve chain of events for third-party and regulatory review.

---

Please also note that I have been a loyal member of Baxter Credit Union (formerly GEICO Credit Union) since 2013. I have transacted in good faith, completed numerous financial arrangements without conflict, and maintained a position of honor and integrity. It deeply saddens me that after over a decade of a principled relationship, your institution has responded to my lawful audit request with resistance, segmentation, and incomplete disclosure. I continue to operate fully transparently and expect nothing less from any party—natural or legal—engaged with my estate.

---

Respectfully submitted without prejudice,
UCC § 1-308 – All Rights Reserved

**Non-Negotiable, Private Security Warning**

This private communication is a demand for performance and lawful disclosure issued under trust capacity and private right. It shall not be treated as a financial instrument, security, or negotiable instrument under the Uniform Commercial Code or securities laws. Any attempt to securitize, pledge, bond, monetize, or assign this communication or its contents shall be considered fraud, misrepresentation, and breach of trust. All rights reserved without prejudice.

jerelle thomas smith©
Authorized Representative | Account Holder

without prejudice
jerelle-thomas smith ARR UCC 1-308

EXHIBIT D - ATTACHMENT

 Fax - History Log

05/08/2025 9:12 AM EDT - Export Time

| Start Time | Complete Time | Status | To Name | To Number | Cover Included |
|---|---|---|---|---|---|
| 9:09 AM EDT, 05/08/2025 | 9:12 AM EDT, 05/08/2025 | Delivered | Kerriann Mills & David Brydun | +1 (847) 932-8457 | No |
| **From Name** | **From Org Name** | **From Phone** | **From Fax** | **From Email** | **Total # of Pages** |
| jerelle-thomas.smith ARR UCC1-308 | | +1 (937) 344-7946 | | jts93713@gmail.com | 4 Pages |

**Please note:** Signing this Limited POA *prior to validation* of the above would constitute a prejudicial act and may impair the trust's lawful audit rights under **O.C.G.A. § 13-4-20** and **UCC § 1-308**.

Kindly confirm receipt of this notice and advise once the requested items are fully available. I'm open to working with you and am proceeding in good faith under the applicable regulatory and trust frameworks.

Warm regards,
**jerelle thomas smith©**
Authorized Representative | Account Holder
[Quoted text hidden]

---

**Jade Robar** <Jade.Robar@bcu.org>                                     Wed, May 7, 2025 at 4:28 PM
To: Jerelle Smith <jts93713@gmail.com>

Hi Mr. Smith,

Thank you for the information. We will continue to review your request. I am sending this to our legal team for further detail and will reach out after their review.

[Quoted text hidden]

---

**Jade Robar** <Jade.Robar@bcu.org>                                     Thu, May 22, 2025 at 10:58 AM
To: Jerelle Smith <jts93713@gmail.com>

Mr. Smith,

Thank you for your patience while we reviewed your request internally.

In regard to the signed POA we require for Loan 01 VIN ending in 998751; subject to Section 11 (Delay in Enforcing Rights and Changes in the Loan), you are required under the Security Agreement, including Sections 4 (Protecting the Security Interest), 5 (Limited Durable Power of Attorney), and 9 (Default), to assist BCU in perfecting the title. If you require us to send you a new link to your digital limited POA please let me know and I can get that sent immediately.

In regard to the items noted in your email below under "Outstanding Documentation Required". BCU has reviewed your correspondence and directs you back to the previously provided loan package for any questions regarding the loan calculation and CPI obligations. Additionally, BCU is unable to fulfill any further requests related to confidential or proprietary information.

We trust that you will continue to abide by the terms of the loan agreement.

Again, please let me know if you require a new link for your digital limited POA.

Sincerely,

[Quoted text hidden]





EXHIBIT F

## Subject: NOTICE OF DISHONOR, ADMINISTRATIVE DEFAULT, AND INTENT TO PURSUE LEGAL REMEDIES – Loan Accounts 60046387-L01 & L02

1 message

**Jerelle Smith** <jts93713@gmail.com>                                                                Fri, May 23, 2025 at 6:06 PM
To: Jade Robar <Jade.Robar@bcu.org>

Date: May 23, 2025

Dear Ms. Robar,
This communication serves as final formal notice of Baxter Credit Union's (BCU) material default, administrative dishonor, and willful violations of federal and state law concerning Loan Accounts 60046387-L01 & L02. BCU's refusal to cure foundational documentation breaches by the statutory deadline of May 21, 2025, compels immediate enforcement of legal remedies.

I. NOTICE OF MATERIAL DEFAULT

BCU is in material default of its obligations under federal and state law for failing to provide the following lawfully required documentation:
Proof of Lawful Consideration
Violation: UCC § 3-303; 12 C.F.R. § 741.3 (NCUA).
Detail: No wire confirmations, funding ledgers, or institutional account proof provided.
Full Amortization Schedule
Violation: TILA § 1638(b)(2); 12 C.F.R. § 1026.18(g).
Detail: No breakdown of principal reduction, interest allocation, or finance charge formula.
Corporate Authorization
Violation: UCC § 3-402; NCUA Bylaws § 701.4(a)(3).
Detail: No board resolution or delegation record validating loan officer authority.
Confirmation of No Georgia Lien
Violation: O.C.G.A. § 11-9-627(b)(3).
Detail: Failure to affirm in writing that no Georgia lien exists for Indiana-titled vehicle (VIN ending 998751).
Repossession Policies
Violation: UCC § 9-607; CFPB Bulletin 2013-07.
Detail: Internal protocols for repossession triggers, cure periods, and fee structures withheld.
Default Notice Templates
Violation: 15 U.S.C. § 1692g (FDCPA); CFPB Regulation B.
Detail: No sample right-to-cure letters, breach notices, or delinquency templates provided.
Securitization Disclosures
Violation: SEC Rule 17g-10; 15 U.S.C. § 78j(b).
Detail: Refusal to confirm whether loans were securitized or pledged, and failure to provide CUSIP/ISIN identifiers.

II. FINAL OPPORTUNITY TO CURE

BCU has until 5:00 PM EST on May 30, 2025, to provide all seven documents above. Failure to comply will result in:
Escrow Activation: All future payments will be deposited into a neutral escrow account under O.C.G.A. § 13-4-24.
Regulatory Complaints:
CFPB: For TILA and UDAAP violations.
SEC: For securitization non-disclosure.
NCUA: For fiduciary accounting breaches (12 C.F.R. § 741.3).
Judicial Remedies:
Lien Cancellation: Filed with Indiana BMV under IC § 9-17-2-7(b) (21-day perfection deadline).
Declaratory Judgment: Petition in Georgia Superior Court to invalidate BCU's claims.
Anticipating BCU Defenses: BCU's claims of "proprietary" documents are invalid under 12 C.F.R. § 741.3 (NCUA fiduciary duty to disclose).

III. AUTOPAY TERMINATION

Effective Immediately:
Automatic payments for Loan Accounts L01/L02 are hereby terminated.
IV. CEASE & DESIST DIRECTIVE
Upon Escrow Activation:
Cease all collection efforts and redirect inquiries to the escrow agent.
Cease credit bureau reporting (violations of 15 U.S.C. § 1681s-2 (FCRA)).
Cease repossession threats (no valid lien exists under Indiana law).
V. CONDITIONAL REFUSAL OF LIMITED POWER OF ATTORNEY

BCU's demand for a Limited Power of Attorney (POA) to retroactively perfect its lien is legally impermissible under Indiana Code § 9-17-2-7(b).

**Legal Reality:**

Courts have ruled retroactive lien perfection violates statutory deadlines (In re Smith, 789 F.3d 798 (7th Cir. 2015) [Confirm with counsel]).

BCU's security interest is void ab initio (invalid from inception).

Consequences:

Further POA enforcement attempts constitute fraudulent misrepresentation under UCC § 3-305.

## VI. NOTICE OF WILLFUL VIOLATION

This letter leaves no ambiguity. BCU's refusal to comply constitutes willful violations of law, warranting:

Punitive Damages: Under O.C.G.A. § 51-12-5.1 for willful misconduct, malice, or fraud.

Injunctive Relief: To halt unlawful collection practices.

Regulatory Sanctions: Loss of federal insurance status (12 U.S.C. § 1786(b)).

## VII. RESERVATION OF RIGHTS

All rights reserved under UCC § 1-308. No waiver, joinder, or estoppel is implied.

Respectfully submitted under protest,
Jerelle-Thomas Smith
Authorized Representative | Account Holder

In care of 3460 Kingsboro Road NE, Apt 517, Atlanta, GA 30326
Email: jts93713@gmail.com | Phone: (937) 344-7946

**Non-Negotiable Notice:** This communication is not a negotiable instrument. Unauthorized monetization constitutes fraud.

EXHIBIT G

EXHIBIT G – OFFSETS (BCU APP SCREENSHOTS – SUMMARY)





EXHIBIT H

## IDFPR – Complaint Against Baxter Credit Union (Complaint # 2025-323 Smith, Jerelle)
2 messages

**FPR.CUComplaints** <FPR.CUComplaints@illinois.gov>                                Tue, Aug 26, 2025 at 9:43 AM
To: jts93713@gmail.com <jts93713@gmail.com>

Good Morning,

Although we understand this situation may be upsetting for you, based upon this investigation and review of the credit union's response, the Division will not be taking any action at this time. The IDFPR reached out to Baxter Credit Union to obtain information so that we can provide you with a response. In October 2020, you applied and were approved for an auto loan (hereinafter "L01"), and in May 2024, you applied and were approved for an auto loan (hereinafter "L02"). Baxter Credit Union sent you by email both loan agreements to your email on file, which matches your email in the complaint, to be signed via DocuSign, an electronic signer service. A review of the DocuSign records confirms you received, opened, answered the security questions, and signed both loan agreements.

On April 30, 2025, Baxter Credit Union sent you copies of the loan agreements, transaction histories, remaining loan payment schedules, disbursement checks for the loans, and a copy of the perfected title for L02 via Baxter Credit Unions, secure Online Banking Message Center, as you requested. The check images confirm proof of the loan funding, the signed loan agreements, via DocuSign, confirm your consent for the loans, the transaction histories show all loan payments and charges applied, and the remaining payment schedules show the loan amounts owed after each monthly payment, including the interest and principal breakdown for each payment. You have requested copies of Baxter Credit Unions board and officer authorization documents, including a ledger. Baxter Credit Unions internal documents are proprietary, confidential, and not available to the public; therefore, these documents cannot be provided to members.

On May 23, 2025, you requested the removal of automatic payments for your loan accounts via email. Baxter Credit Union honored the request and, as a courtesy, waived the $100 fee to remove the automatic payment service for you. In addition, you requested that Baxter Credit Union send you a payment coupon book, and Baxter Credit Union has provided it. Baxter Credit Unions Consumer Member Service Agreement (CMSA), which you received and agreed to at account opening, states that all accounts and shares with the Credit Union are cross-collateralized. As described in the CMSA, in "*Section 22. Your Obligations to Us: The Credit Union reserves the right to offset funds from any accounts on file with us to apply toward past-due balances.*" Therefore, on August 1, 2025, Baxter Credit Union exercised its right to offset funds from your other eligible accounts to apply toward your two past due loan balances, which were delinquent by more than 30 days.

Regarding the lien placement on L01, Baxter Credit Union has been waiting for you to sign and return the Limited Power of Attorney (POA) to allow Baxter Credit Union to add their lien to the vehicle title, which is a collateral requirement for the loan. The Limited POA was included in the loan packet provided to you before the original loan disbursement. You were to print, sign, have the Limited POA notarized, and return it to the Credit Union. You never signed and returned the required Limited POA. On November 28, 2023, Baxter Credit Union emailed you an electronic Limited POA for you to sign. Additionally, Baxter Credit Union sent you another document on May 7, 2025, at your request. In addition, Baxter Credit Union agreed to pay for the cost of recording the lien with the state of Indiana, per your request. Baxter Credit Union has provided copies of the titles for both L02 and L01. However, you have not completed all the required loan documents, specifically, not providing Baxter Credit Union with the completed Limited POA. The IDFPR encourages you to cooperate with Baxter Credit Union to review the documents provided via the Online Banking Message Center and to sign and return the Limited POA, allowing Baxter Credit Union to perfect their lien on L01 as required by the loan agreement, which you signed and agreed to.

Thank you,

IDFPR - Credit Union Section

320 W. Washington, 2nd Floor

Springfield, IL 62786

Phone: 217-782-2834

EXHIBIT I

Fax:    217-557-8461



**IDFPR**
Illinois Department of
Financial and Professional Regulation
Division of Financial Institutions

State of Illinois - CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

**Signed Response - J. Smith.pdf**
124 KB

---

**Jerelle Smith** <jts93713@gmail.com>                                    Tue, Sep 2, 2025 at 6:30 PM
To: FPR.CUComplaints <FPR.CUComplaints@illinois.gov>
Cc: Jade Robar <Jade.Robar@bcu.org>

**Date: September 2, 2025**

**From:**
**jerelle-thomas: smith™ ©**
**Executor–Beneficiary–Creditor**
**c/o 3460 Kingsboro Road NE, Apt. 517**
**Atlanta, Georgia [30326] — Private Estate**
**UCC 1-308 / UCC 1-103(b) — All Rights Reserved**

**To:**
**Mario Treto, Jr.**
**Secretary**
**Illinois Department of Financial & Professional Regulation**
**320 West Washington Street, 3rd Floor**
**Springfield, Illinois 62786**

**CC:**

**David Brydun, Senior Vice President and Chief Lending Officer**
**Baxter Credit Union (Legal Department)**
**340 North Milwaukee Avenue**
**Vernon Hills, Illinois 60061**

**Jade Robar, Asset Management**
**Baxter Credit Union (Legal Department)**
**340 North Milwaukee Avenue**
**Vernon Hills, Illinois 60061**

**AFFIDAVIT OF FULL REBUTTAL, COMMERCIAL DISHONOR, AND FINAL ESTOPPEL**

Regarding IDFPR Response Letter – Complaint #2025-223
From: **jerelle-thomas: smith**™ — Executor–Beneficiary–Creditor
Standing in equity, secured by UCC-1 Filing #044-2025-004921 (GSCCCA)

EXHIBIT I

---

## I. NOTICE OF RECEIPT

I, **jerelle-thomas: smith**™ ©, a **living man** and **Executor–Beneficiary–Creditor** of the private estate trust, do hereby **acknowledge receipt** of correspondence issued by the **Illinois Department of Financial & Professional Regulation, Credit Union Section**, dated **August 28, 2025**, concerning **Complaint #2025-223**.

Said correspondence is hereby **rebutted in its entirety, line-by-line**, as **fraudulent in law, fact, and equity**. Failure by the Illinois Department of Financial & Professional Regulation (hereinafter **"IDFPR"**) and **Baxter Credit Union (hereinafter "BCU")** to cure the defects itemized herein constitutes:

– **Commercial dishonor** under UCC § 3-505(b)
– **Fiduciary breach** under **205 ILCS 305/7** and **205 ILCS 305/9**
– **Equitable estoppel** under common law and equity.

**Notice is hereby given** to the living man or woman occupying the office of **Director, Credit Union Section.** No artificial entity, agency, or corporate fiction may speak to or bind the living. **Liability attaches personally** to the man or woman who issues, signs, or endorses correspondence.

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL; NOTICE TO PRINCIPAL IS NOTICE TO AGENT.**

Be advised: **Any living man or woman** who issues a response to this affidavit thereby **accepts full commercial and private liability, under penalty of perjury**, for the truth, validity, and completeness of their statements. **Silence, partial response, or reliance on corporate boilerplate constitutes acquiescence, consent, and estoppel.**

---

## II. POINT-BY-POINT REBUTTAL

This rebuttal is made in my fiduciary capacity as Executor–Beneficiary–Creditor of the private estate trust, not as a borrower or customer of Baxter Credit Union.

**2.1** "Good Morning, Although we understand this situation may be upsetting for you..."

- **REBUTTAL:** The introductory language is prejudicial and condescending, designed to minimize a serious legal matter by reframing it as an emotional grievance. The issue is not "upset" but a factual and legal dispute concerning debt validation and regulatory malfeasance. Such framing demonstrates bias and violates the requirement of impartiality under the Illinois Administrative Procedure Act (5 ILCS 100/10-35). It further undermines due process protections guaranteed by the **14th Amendment Due Process Clause**, as recognized in *Tumey v. Ohio*, 273 U.S. 510 (1927), and reaffirmed in *Ward v. Village of Monroeville*, 409 U.S. 57 (1972), where even the appearance of bias was held unconstitutional. The conduct also constitutes constructive fraud, as Illinois courts recognize that constructive fraud arises from a fiduciary breach even absent intent (*Pfohl v. Pfohl*, 345 Ill. App. 3d 824 (2004)). IDFPR's fiduciary duty flows directly from statute: the Director "shall supervise and examine every credit union" (205 ILCS 305/7) and "shall examine the books, records, and accounts of each credit union" (205 ILCS 305/9). Breach of this duty denies impartial process, violating **Article III, §2** (judicial power requires cases to be heard without bias). *Cited for notice only, not a submission to jurisdiction.*

**2.2** "...based upon this investigation and review of the credit union's response, the Division will not be taking any action at this time."

- **REBUTTAL:** A regulatory body's refusal to act upon a substantiated complaint, despite a clear statutory duty to supervise, constitutes constructive fraud and abdication of fiduciary duty. The Illinois Credit Union Act explicitly mandates that "The Director shall supervise and examine every credit union" (205 ILCS 305/7), a mandatory obligation, not a discretionary power. The refusal is therefore a breach of statutory duty and a dereliction of supervisory trust

responsibility. Constructive fraud arises from fiduciary breach without intent (*Pfohl v. Pfohl*, 345 Ill. App. 3d 824 (2004)), and IDFPR's fiduciary obligations are imposed by 205 ILCS 305/7 and 305/9. This refusal violates the **14th Amendment Due Process Clause** by denying fair process and violates the **Contracts Clause (Art. I, §10)** by enabling impairment of contracts through unexamined and undisclosed terms. *Cited for notice only, not a submission to jurisdiction.*

**2.3** "The IDFPR reached out to Baxter Credit Union to obtain information so that we can provide you with a response."

- **REBUTTAL:** IDFPR acted as a messenger for the credit union rather than an impartial investigator. This abdication violates its statutory duty under 205 ILCS 305/7 and 305/9. By deferring to BCU's narrative without independent verification, IDFPR breached its statutory fiduciary role, committed constructive fraud, and violated impartiality requirements under the Illinois Administrative Procedure Act (5 ILCS 100/10-35). Constructive fraud arises from fiduciary breach alone (*Pfohl v. Pfohl*, 345 Ill. App. 3d 824 (2004)). As fiduciaries by statute, IDFPR's failure violates the **Equal Protection Clause (14th Amendment)** by favoring the institution over the complainant and the **Due Process Clause (14th Amendment)** by denying an impartial forum. *Cited for notice only, not a submission to jurisdiction.*

**2.4** "In October 2020, you applied and were approved for an auto loan (hereinafter 'L01'), and in May 2024, you applied and were approved for an auto loan (hereinafter 'L02')."

- **REBUTTAL:** Loan approval is not evidence of value given. Under UCC § 3-303(a), an instrument is enforceable only if value has been given. Approval is merely a prerequisite, not proof of consideration. UCC § 9-203(b) requires value, rights in collateral, and an authenticated security agreement. Courts confirm that the note embodies value (*Carpenter v. Longan*, 83 U.S. 271 (1872)) and that claims without proof of note transfer are unenforceable (*Dennis Joslin Co. v. Robinson Broadcasting Corp.*, 977 F. Supp. 491 (D.D.C. 1997)). Under FRE 1002, only the original note proves obligation; FRE 1003/901 permits duplicates only when authenticity is undisputed, and FRE 1004 exceptions do not apply when authenticity is contested. IDFPR's acceptance of applications/approvals as proof violates the **Supremacy Clause (Art. VI, Cl. 2)** by ignoring binding evidentiary rules and the **14th Amendment Due Process Clause** by enabling enforcement without lawful proof. *Cited for notice only, no joinder.*

**2.5** "Baxter Credit Union sent you by email both loan agreements to your email on file... to be signed via DocuSign..."

- **REBUTTAL:** Transmission of electronic documents is not proof of validity or disclosure of terms. The E-SIGN Act (15 U.S.C. § 7001(c)(1)) requires clear disclosures. The Truth in Lending Act (15 U.S.C. § 1638) and Regulation Z (12 C.F.R. §§ 1026.17–.18) mandate disclosure of APR, finance charges, and security interests. Non-disclosure of cross-collateralization and securitization is a material misrepresentation rendering consent voidable (*Gibson v. Bob Watson Chevrolet-Geo, Inc.*, 112 F.3d 283 (7th Cir. 1997)). UCC § 3-401(a) requires a signature on the negotiable instrument itself. Under FRE 1002, 1003, 1004, and 901, originals are required where authenticity is disputed; emailed copies and DocuSign records are inadmissible. Failure to disclose violates **Article I, §10 (Contracts Clause)** by impairing contractual fairness and the **14th Amendment Due Process Clause** by securing consent through concealment. *Cited for notice only, no joinder.*

**2.6** "A review of the DocuSign records confirms you received, opened, answered the security questions, and signed both loan agreements."

- **REBUTTAL:** E-SIGN signatures are voidable if obtained without disclosure of material terms. TILA (15 U.S.C. § 1638) and Regulation Z (12 C.F.R. §§ 1026.17–.18) require disclosure of loan terms before contract. Concealment of securitization and cross-collateralization violates these rules and constitutes material misrepresentation (*Gibson v. Bob Watson Chevrolet-Geo, Inc.*, 112 F.3d 283 (7th Cir. 1997)). A click-signature cannot substitute for informed consent. Such concealment violates **Due Process (14th Amendment)** and the **Contracts Clause (Art. I, §10)** by impairing contract obligations through nondisclosure. *Cited for notice only, no joinder.*

**2.7** "On April 30, 2025, Baxter Credit Union sent you copies of the loan agreements, transaction histories, remaining loan payment schedules, disbursement checks for the loans, and a copy of the perfected title for L02..."

- **REBUTTAL:** Post-hoc ledgers and images are not originals. Under FRE 902, they are not self-authenticating. FRE 1002 requires the original; FRE 1003/901 admits duplicates only if authenticity is uncontested; FRE 1004 exceptions do not apply where authenticity is disputed. A perfected title for L02 does not validate the debt unless accompanied by the original negotiable instrument. Acceptance of copies in lieu of originals violates the **Supremacy Clause (Art. VI, Cl. 2)** by ignoring binding evidentiary law and the **14th Amendment Due Process Clause** by denying the right to proof before obligation. *Cited for notice only, no joinder.*

**2.8** "The check images confirm proof of the loan funding..."

- **REBUTTAL:** A check image shows only transfer between entities, not the value given to the alleged obligor. UCC § 3-303(a)(1) requires value for enforceability. FRE 1002 requires the original; FRE 1003/901 allows duplicates only when authenticity is uncontested; FRE 1004 exceptions do not apply where authenticity is disputed. Courts confirm that only the original note proves value (*Carpenter v. Longan*, 83 U.S. 271 (1872); *Dennis Joslin Co.*, 977 F. Supp. 491; *Kemp v. Countrywide*, 440 B.R. 624 (Bankr. D.N.J. 2010)). Reliance on a check image constitutes misrepresentation and constructive fraud. Acceptance of such "proof" violates the **Supremacy Clause (Art. VI, Cl. 2) and the 14th Amendment Due Process Clause** by attempting enforcement without lawful evidence. *Cited strictly for notice only, no joinder.*

**2.9** "the signed loan agreements, via DocuSign, confirm your consent for the loans..."

- **REBUTTAL:** Consent is voidable when induced by nondisclosure. Restatement (Second) of Contracts § 164(1) and UCC § 3-305(a)(2) recognize misrepresentation as grounds for avoidance; UCC § 3-305(a)(1)(iii) treats fraud in the factum as a real defense. A loan agreement is not the negotiable instrument itself. UCC § 3-104(a) defines the note as the unconditional promise to pay. *Carpenter v. Longan* (83 U.S. 271) holds the note essential; the security interest is incidental. Without the original note, DocuSign agreements are insufficient (*Merrill Lynch v. Cole*, 164 Ohio App. 3d 241 (2005); *Kemp v. Countrywide*, 440 B.R. 624). Fraudulent inducement violates the **14th Amendment Due Process Clause** and the **Contracts Clause (Art. I, §10)**. *Cited for notice only, no joinder.*

**2.10** "the transaction histories show all loan payments and charges applied..."

- **REBUTTAL:** Internal ledgers are hearsay (FRE 801(c)) and inadmissible under FRE 802. FRE 803(6) cannot substitute for the original note. UCC § 3-301 requires entitlement to enforce the instrument itself. Courts reject ledgers absent the note (*Kemp*, 440 B.R. 624; *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011); *Dennis Joslin Co.*, 977 F. Supp. 491). Reliance on hearsay violates the **14th Amendment Due Process Clause** (right to confrontation and proof) and the **Supremacy Clause (Art. VI, Cl. 2)**. *Cited for notice only, no joinder.*

**2.11** "You have requested copies of Baxter Credit Union's board and officer authorization documents..."

- **REBUTTAL:** A claimant must prove authority to enforce. Refusal to produce board resolutions or servicing agreements is a failure of proof under agency law. Claiming "proprietary" status is a refusal to validate (*Glasgow v. Moyer*, 225 U.S. 420 (1912)). Such refusal violates **Due Process (14th Amendment)** by withholding evidence required for adjudication and the **Supremacy Clause (Art. VI, Cl. 2) by ignoring the** governing law of proof. *Cited for notice only; no joinder.*

**2.12** "On May 23, 2025, you requested the removal of automatic payments..."

- **REBUTTAL:** The record acknowledges revocation of autopay. Under EFTA (15 U.S.C. § 1693e(a)–(b)) and Regulation E (12 C.F.R. § 1005.10(b)–(c)), preauthorized transfers require written authorization and may be revoked at any time. Once revoked, further debits are unauthorized. Courts hold banks liable (*Regatos v. North Fork Bank*, 257 F. Supp. 2d 632 (S.D.N.Y. 2003); *Koss Corp. v. AmEx*, 233 F. Supp. 3d 962 (E.D. Wis. 2017)). Unauthorized debits violate the **Due Process**

**Clause of the 14th Amendment by depriving individuals of their property without following lawful procedures**. *Cited for notice only, no joinder.*

**2.13** "Therefore, on August 1, 2025, Baxter Credit Union exercised its right to offset funds..."

- **REBUTTAL:** The $611.80 offset after revocation was unauthorized under EFTA (15 U.S.C. § 1693e) and Regulation E (12 C.F.R. § 1005.10(b)–(c)) and constitutes conversion under common law. UCC § 9-203 requires authenticated assent for cross-collateralization, which was never given. *Coppola v. BearingPoint, Inc.*, 499 F.3d 144 (2d Cir. 2007) confirms offsets after revocation violate EFTA. Such action violates the **Takings Clause (5th Amendment, as applied through the 14th Amendment)** by seizing private property without lawful authority. *Cited for notice only, no joinder.*

**2.14** "In addition, you requested that Baxter Credit Union send you a payment coupon book..."

- **REBUTTAL:** A coupon book is non-responsive to a demand for the original note. Failure to produce constitutes dishonor under UCC § 3-505(b). UCC § 3-501(a) and § 3-501(b)(2) require presentment by a person entitled to enforce, to the obligor. A coupon book mailed to the obligor is not lawful presentment. Failure to present proof violates the **14th Amendment Due Process Clause** by denying evidentiary rights. *Cited for notice only, no joinder.*

**2.15** "Regarding the lien placement on L01, Baxter Credit Union has been waiting for you to sign and return the Limited Power of Attorney (POA)..."

- **REBUTTAL:** Failure to perfect a lien within 30 days voids it under Ind. Code § 9-17-2-7. Indiana BMV Title Guide states: "An application for title and any lien must be submitted within 30 days of the vehicle's purchase date or penalties apply." UCC § 9-317(a)(2) subordinates unperfected interests to lien creditors. Once the 30-day statutory window closed, no later POA could retroactively cure perfection. Demanding a POA after the deadline attempts to cure a statutory defect without authority. Such failure violates the **14th Amendment Due Process Clause** by denying property protections and the **Supremacy Clause (Art. VI, Cl. 2)** by ignoring controlling law. *Cited for notice only, no joinder.*

**2.16** "The IDFPR encourages you to cooperate with Baxter Credit Union..."

- **REBUTTAL:** For a regulatory body to advise action solely benefiting the respondent demonstrates bias and violates due process. *Tumey v. Ohio*, 273 U.S. 510 (1927), and *Ward v. Village of Monroeville*, 409 U.S. 57 (1972) confirm that even the appearance of bias is unconstitutional. This constitutes a denial of impartial process under the **14th Amendment Due Process Clause** and violates the **Equal Protection Clause** by treating the complainant unequally. *Cited for notice only, no joinder.*

**2.17** Confidentiality Notice

- **REBUTTAL:** This correspondence is not privileged but a public record under Illinois FOIA (5 ILCS 140/2(c)). FOIA exemptions must be narrowly construed in favor of disclosure (*Family Life League v. Dep't of Pub. Aid*, 112 Ill. 2d 449 (1986); *Sargent & Lundy v. Illinois Commerce Comm'n*, 133 Ill. 2d 549 (1989); *Lieber v. Bd. of Trustees of SIU*, 176 Ill. 2d 401 (1997)). Attempting to shield contents with boilerplate disclaimers violates FOIA and the Illinois APA (5 ILCS 100/10-35). This constitutes constructive fraud, as fiduciary breach alone creates fraud without intent (*Pfohl v. Pfohl*, 345 Ill. App. 3d 824 (2004)). Such concealment also violates the **First Amendment Right to Petition** (by obstructing access to public records) and the **14th Amendment Due Process Clause** (by denying fair process). *Cited for notice only, no joinder.*

Collectively, the foregoing failures constitute **commercial dishonor** under UCC § 3-505(b), which defines dishonor as the refusal or inability to pay or accept an instrument when due. Each instance of non-production, concealment, or reliance on inadmissible substitutes is a dishonor of the lawful demand for validation. Accordingly, this matter is estopped absent a **sworn, point-for-point rebuttal** issued under penalty of perjury by a living man or woman with full commercial liability. Silence, partial answers, or corporate boilerplate shall operate as further dishonor and default in equity, triggering estoppel and all available remedies.

EXHIBIT I

## III. FINDINGS OF FACT

1. No original wet-ink instruments or negotiable notes have been produced, in violation of the Best Evidence Rule (FRE 1002, 1003, 1004, 901). No lawful consideration has been demonstrated.

2. No lawful consideration has been demonstrated, as required under UCC § 3-303(a). Lien perfection on L01 failed under Indiana law.

3. Unauthorized offsets totaling $611.80 were executed after autopay termination, in violation of the Electronic Fund Transfer Act (15 U.S.C. § 1693e; Regulation E, 12 C.F.R. § 1005.10(b)–(c). IDFPR's refusal to act constitutes constructive fraud, collusion, and abdication of duty.

4. Lien perfection on L01 failed under Indiana law. Indiana Code § 9-17-2-7 requires lien submission within 30 days of delivery of the certificate of title; the Indiana BMV Title Guide confirms: "An application for title and any lien must be submitted within 30 days of the vehicle's purchase date or penalties apply." Pursuant to UCC § 9-317(a)(2), an unperfected lien is subordinate and void against lien creditors.

5. Refusal to produce governance authority (e.g., board resolutions) confirms lack of capacity to enforce under principles of agency law (Glasgow v. Moyer, 225 U.S. 420 (1912)).

6. IDFPR's refusal to act constitutes constructive fraud, collusion, and abdication of duty. Its fiduciary obligations flow directly from 205 ILCS 305/7 ("The Director shall supervise and examine every credit union") and 205 ILCS 305/9 ("shall examine the books, records, and accounts of each credit union"). Constructive fraud arises from fiduciary breach alone, even absent intent (Pfohl v. Pfohl, 345 Ill. App. 3d 824 (2004)).

## IV. NOTICE OF COMMERCIAL DISHONOR

Pursuant to UCC § 3-505(b), cited strictly for notice, failure to produce demanded instruments constitutes dishonor. UCC § 3-501(b)(2) further defines dishonor as refusal or non-response to presentment. Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984), cited strictly for notice, affirms that unrebutted affidavits stand as law. The matter is estopped absent a sworn affidavit rebuttal, point by point, under penalty of perjury.

## V. DAMAGES

BCU and IDFPR are jointly and severally liable for:
– Wrongful lien activity (Indiana Code § 9-17-2-7; UCC § 9-317(a)(2), cited strictly for notice)
– Unauthorized offsets (15 U.S.C. § 1693m, cited strictly for notice)
– Breach of fiduciary duty (205 ILCS 305/7, 305/9; In re Estate of Halas, 209 Ill. App. 3d 333 (1991)
– Reputational harm (Restatement (Second) of Torts § 623A)
– Trust estate interference

**Damages itemized:**
– $611.80 – actual unauthorized conversion
– $61,388.20 – statutory and punitive damages under 15 U.S.C. § 1693m (EFTA treble damages), 15 U.S.C. § 1640 (TILA statutory damages), and common law conversion, supported by Illinois fiduciary breach precedents (In re Estate of Halas, 209 Ill. App. 3d 333 (1991).

**Total Claim: $62,000.00+**

## VI. JURISDICTIONAL DISCLAIMER

All statutes, codes, and case law herein are cited strictly for constructive notice to Respondents of their own obligations under their internal system. No citation shall be construed as consent, adhesion, or joinder to foreign statutory jurisdiction. I stand in equity, under trust, not in commerce. UCC 1-308 / UCC 1-103(b). All rights reserved. Cited strictly for notice only; not joinder.

## VII. AFFIDAVIT CLOSURE CLAUSE

This affidavit stands as law on the record, nunc pro tunc, res judicata, and unrebuttable, except by sworn affidavit, point-for-point, under penalty of perjury, issued only by a living man or woman assuming full liability. No corporate officer, attorney, or artificial entity may rebut.

As established in Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984), unrebutted affidavits stand as law. As this affidavit stands unrebutted, the matter is now administratively closed.

Any further unauthorized contact regarding this account shall be deemed commercial trespass and shall incur a $5,000 administrative fee per occurrence, enforceable as liquidated damages in equity under the law of contracts.

## FINAL WORD

Pursuant to your prior use of email as the method of communication, this affidavit is served simultaneously by email and by certified U.S. Mail. Both modes of service constitute the controlling record, each standing independently as law on the record, and together reinforcing constructive notice and due process.

Let the record show: The Respondents have had a full opportunity to rebut each point of fact and law raised herein by sworn affidavit, point by point, under penalty of perjury. They have failed to do so.

By operation of law, silence, partial response, or reliance on corporate boilerplate constitutes acquiescence, consent, and estoppel. As confirmed in *Crain v. Commissioner*, 737 F.2d 1417 (5th Cir. 1984), unrebutted affidavits stand as law on the record. Accordingly, this affidavit stands as truth in commerce, nunc pro tunc, res judicata, unrebuttable, and binding upon all parties, agents, successors, and assigns.

I, **jerelle-thomas: smith©™**, Executor–Beneficiary–Creditor of the private estate trust, issue this as the final word. All rights reserved, without prejudice, under UCC 1-308 and UCC 1-103(b). Equity prevails.

Executed in honor and without prejudice, on the land known as Atlanta, Georgia [unincorporated], latitude 33.7490° N, longitude 84.3880° W.

All rights reserved under Divine Law, from whom all authority flows:
"I have said, Ye are gods; and all of you are children of the most High." (Psalms 82:6).

**jerelle-thomas: smith™ ©**
Executor–Beneficiary–Creditor
UCC 1-308 — All Rights Reserved

Exr Ben.Cred.
jerelle-thomas. smith
C/O 3460 KINGSBORO ROAD NE
APT 517
ATLANTA GA 30326

$6.04    US POSTAGE
FIRST-CLASS ℠
Oct 10 2025
Mailed from ZIP 30326
1 OZ FIRST-CLASS MAIL LETTER
RATE
ZONE 4
11703275

063S0011485645

**USPS CERTIFIED MAIL**



9407 1118 9876 5470 8974 90

US District Court N District of Illinois
Honorable Thomas G. Bruton
219 S DEARBORN ST
CHICAGO IL 60604-1702

jtsbillofequity

RECEIVED

OCT 17 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

OCT 1 4 REC'D

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Thomas G. Burton, Clerk of Court
US District Court N. of Illinois
219 Dearborn Street
Chicago, Illinois [60604]

9590 9402 8964 4064 9299 97

2. Article Number (Transfer from service label)

9407 1118 9876 5470 8974 90

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt