

**BC**

**FILED**
**12/19/2025**
**PJJ**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE EQUITY JURISDICTION OF THIS FORUM**
**Pursuant to Article III, §2 (Law and Equity) and Article VI (Supreme Law)**

**TESTIMONY UNDER YHWH + BILL IN EQUITY — NOTICE OF REQUIRED SPECIFIC PERFORMANCE**
**FOR DOCKET PARTICULARS, DOCKET CORRECTION, AND MINISTERIAL RECORD ACCURACY**
**TO THE EQUITY CONSCIENCE OF THE MINISTERIAL OFFICE AND THE REGISTRY DUTY OF ACCURACY**

**From: jerelle-thomas: smith™ ©**
*Executor–Beneficiary–Creditor–Subrogee, private capacity only*
**Perfected Interest Noted: GA UCC-1 #044-2025-004921**

**To: Thomas G. Bruton**, Clerk, Record Keeper
**Attention: Docketing / Registry Operations** (including staff identified by **"(lxk)"** on the 12/17/2025 entry.
**Forum: Northern District of Illinois**, ministerial registry

**Date:** December 19, 2025

**Re: Document [30]** (12/17/2025) — minute entry language describing **Document [20]** as **"very difficult to follow"** and **"contains sovereign citizen language."**

This presentment seeks specific performance of ministerial duties under **FRCP 60(a)** and the Forum's inherent authority to correct clerical mistakes, oversights, omissions, and non-particularized docket characterizations that operate as factual descriptors without record-tied support.

**Non-Joinder and No-Waiver Notice. This instrument is a ministerial presentment to the record keeper regarding docket accuracy. It does not create an appearance, joinder, consent, or submission to any inferior posture. All positions are preserved.**

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL | NOTICE TO PRINCIPAL IS NOTICE TO AGENT**
**ALL RIGHTS RESERVED WITHOUT PREJUDICE — UCC 1-308, UCC 1-103(b), UCC 1-304, UCC 9-210, UCC 9-607, UCC 9-625 |**
**jerelle-thomas: smith™ © | Executor–Beneficiary–Creditor–Subrogee, private capacity only**
**Cure Deadline: Close of business, 5:00 p.m. Central Time, on the third business day after receipt. Business days exclude federal court holidays and days the Clerk's Office is closed.**
Page **1** of 8

**TESTIMONY UNDER YHWH + BILL IN EQUITY — NOTICE OF REQUIRED SPECIFIC PERFORMANCE FOR DOCKET PARTICULARS, DOCKET CORRECTION, AND MINISTERIAL RECORD ACCURACY**
Case Index: 1:25-cv-12711, administrative indexing only. This reference is for routing and registry identification only. No joinder, no appearance, no consent, and no waiver is stated or implied.
Receipt is measured by the earliest of ECF/NEF timestamp reflecting docketing or service of this presentment, or certified mail delivery confirmation.

# I. TESTIMONY UNDER YHWH — FOUNDATION OF FACT AND RECORD

1. I, **jerelle-thomas: smith™©**, testify under **YHWH** that the statements in this instrument are true, correct, and complete to the best of my knowledge and the record.

2. The "record" referenced herein includes the docket entry identified as **Document [30]** (12/17/2025) and the filing identified as **Document [20]**, including any attachments and docket text quoted herein.

3. I have personal knowledge of the filings I submitted, the relief demanded, the docket descriptions published, and the prejudice created when stigmatizing labels are published without particularized citation.

4. This testimony is issued for use in any forum or record system where accurate registry and fair administration is required.

---

# II. SUPREME LAW NOTICE OF CONCURRENT RECORD DEADLINES — ROUTING & DOCKETING LEDGER

**TO, PRIMARY: Thomas G. Bruton**, Clerk (Record Keeper)
**COPY NOTICE, SECONDARY: Hon. Martha M. Pacold**, for chambers notice only
**COPY NOTICE, SECONDARY: Baxter Credit Union**, Respondent-Obligor; notice only

**NOTICE OF MULTIPLE RUNNING DEADLINES — RECORD FACTS**

1. **THIS PRESENTMENT, Docket Accuracy:** Cure deadline for Option A or Option B performance is December 31, 2025 at 5:00 p.m. Central Time.

2. **BCU ANSWER DEADLINE, Service Perfected:** Statutory 21-day answer period expires January 8, 2026.

3. **EQUITY DEFAULT, Prior Presentments:** December 2, 2025 default remains unrebutted on the private administrative record.

4. **DECEMBER 17, 2025 PROCEEDING:** Constitutional objections and preservation are on record and reserved for separate enforcement review.

**RECORD EFFECT OF NONRESPONSE:** Failure to answer any running deadline compounds estoppel on the written record.

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL | NOTICE TO PRINCIPAL IS NOTICE TO AGENT**
**ALL RIGHTS RESERVED WITHOUT PREJUDICE — UCC 1-308, UCC 1-103(b), UCC 1-304, UCC 9-210, UCC 9-607, UCC 9-625 |**
**jerelle-thomas: smith™ © | Executor–Beneficiary–Creditor–Subrogee, private capacity only**
Cure Deadline: Close of business, 5:00 p.m. Central Time, on the third business day after receipt. Business days exclude federal court holidays and days the Clerk's Office is closed.
Page 2 of 8

**TESTIMONY UNDER YHWH + BILL IN EQUITY — NOTICE OF REQUIRED SPECIFIC PERFORMANCE FOR DOCKET PARTICULARS, DOCKET CORRECTION, AND MINISTERIAL RECORD ACCURACY**
Case Index: 1:25-cv-12711, administrative indexing only. This reference is for routing and registry identification only. No joinder, no appearance, no consent, and no waiver is stated or implied.
Receipt is measured by the earliest of ECF/NEF timestamp reflecting docketing or service of this presentment, or certified mail delivery confirmation.

This ministerial presentment regarding docket accuracy is filed concurrently with, but separate from, the perfected equity default record and the preserved constitutional issues. No merger, no waiver, and no substitution is intended or implied.

## III. EQUITY JURISDICTION AND STANDING

1. **Equity Jurisdiction Invoked.** Article III, §2 extends judicial power to "all Cases, in Law and Equity." This Bill presents an equitable matter requiring specific performance of ministerial duties—accurate docket description and particularized substantiation for any stigmatizing characterization published as if factual.

2. **Standing: Direct Interest in an Accurate Public Record.** As the filer and a party whose rights and access to fair administration are directly affected by the accuracy of the public docket, I have a direct, protectable interest in ensuring the registry does not publish uncited stigmatizing characterizations as factual descriptors. The docket is an official public publication relied upon by the parties and the public; accuracy and neutrality are essential.

3. **No Adequate Remedy at Law.** Monetary damages cannot repair a prejudiced public record. Only equitable specific performance—correction or particularization—provides complete relief.

4. **FRCP 60(a) Narrow Anchor, Clerical/Oversight Correction.** This demand is made pursuant to the Forum's inherent authority and its duty under FRCP 60(a) to correct mistakes arising from oversight or omission in "other parts of the record." If the ministerial office takes the position that it cannot alter the text of a judicial minute entry, the duty is still satisfied by a corrective or clarifying docket entry that either (i) supplies the missing particulars supporting the characterizations, or (ii) removes/neutralizes the stigmatizing phrases as uncited descriptors.

## IV. THE BREACH OF FIDUCIARY DUTY

5. **Duty of the Record Keeper.** The record keeper, as custodian of an official record relied upon by the parties and the public, owes non-discretionary duties of:
   • Accuracy: recording record-tied facts, not unsupported characterizations;
   • Impartiality: avoiding prejudicial labels without stated basis;

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL | NOTICE TO PRINCIPAL IS NOTICE TO AGENT**
**ALL RIGHTS RESERVED WITHOUT PREJUDICE — UCC 1-308, UCC 1-103(b), UCC 1-304, UCC 9-210, UCC 9-607, UCC 9-625 |**
jerelle-thomas: smith™ © | Executor–Beneficiary–Creditor–Subrogee, private capacity only
Cure Deadline: Close of business, 5:00 p.m. Central Time, on the third business day after receipt. Business days exclude federal court holidays and days the Clerk's Office is closed.
Page 3 of 8

**TESTIMONY UNDER YHWH + BILL IN EQUITY — NOTICE OF REQUIRED SPECIFIC PERFORMANCE FOR DOCKET
PARTICULARS, DOCKET CORRECTION, AND MINISTERIAL RECORD ACCURACY**
Case Index: 1:25-cv-12711, administrative indexing only. This reference is for routing and registry identification only. No joinder, no
appearance, no consent, and no waiver is stated or implied.
Receipt is measured by the earliest of ECF/NEF timestamp reflecting docketing or service of this presentment, or certified mail delivery
confirmation.

- Particularity: tying any characterization to specific record text;
- Good Faith Administration: maintaining neutrality in registry descriptions.

6. **Demonstrable Breach. Document [30]** (12/17/2025) publishes two characterizations
   without page/line particulars or other specific citations:

   (a) **"contains sovereign citizen language"**
   (b) **"very difficult to follow"**

   As published, these operate as stigmatizing factual descriptors while providing no record-
   tied particulars.

## V. THE RECORD PROVES CITATION CAPACITY

7. **Inconsistency Proving Citation Capacity. Document [30]** demonstrates the drafter can
   cite and describe record content with specificity when desired, stating:
   **"Contrary to the description on the face of the docket, the first page of the filing
   itself disclaims that it is a motion (although the filing also attaches a proposed order,
   [20-1]); …"**

   This proves three record facts:
   (i) the drafter read and understood **Document [20]**;
   (ii) the drafter can identify and accurately describe specific text and attachments; and
   (iii) the omission of particulars for the stigmatizing phrases is not a limitation of
   capacity—it is a choice.
   Therefore, the registry must either particularize the stigmatizing characterizations or
   correct/neutralize them as uncited prejudicial descriptors.

## VI. EQUITY MAXIMS APPLIED

8. **Equity regards substance over form.** The substance is accurate, neutral recordkeeping.
   The form is uncited labels. Equity requires the registry to serve substance: facts and
   particulars.

9. **Equity acts on the person and conscience.** This presentment addresses the conscience
   of the recordkeeper responsible for accuracy and neutrality of the docket.

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL | NOTICE TO PRINCIPAL IS NOTICE TO AGENT
ALL RIGHTS RESERVED WITHOUT PREJUDICE — UCC 1-308, UCC 1-103(b), UCC 1-304, UCC 9-210, UCC 9-607, UCC 9-625 |**
jerelle-thomas: smith™ © | Executor–Beneficiary–Creditor–Subrogee, private capacity only
**Cure Deadline: Close of business, 5:00 p.m. Central Time, on the third business day after receipt. Business days exclude federal court
holidays and days the Clerk's Office is closed.**
Page 4 of 8

**TESTIMONY UNDER YHWH + BILL IN EQUITY — NOTICE OF REQUIRED SPECIFIC PERFORMANCE FOR DOCKET PARTICULARS, DOCKET CORRECTION, AND MINISTERIAL RECORD ACCURACY**
Case Index: 1:25-cv-12711, administrative indexing only. This reference is for routing and registry identification only. No joinder, no appearance, no consent, and no waiver is stated or implied.
Receipt is measured by the earliest of ECF/NEF timestamp reflecting docketing or service of this presentment, or certified mail delivery confirmation.

10. **Equity will not suffer a wrong without a remedy.** The wrong is a public record publishing stigmatizing characterizations without particulars. The remedy is particularization or correction.

11. **One who seeks equity must do equity.** I have done equity by maintaining a complete written record and offering two cure options requiring minimal administrative effort.

12. **Equity aids the vigilant.** This presentment is issued promptly following the defective entry.

## VII. SPECIFIC PERFORMANCE DEMANDED — EXACT CURE BLOCK

**CURE DEADLINE:** No later than **December 31, 2025 at 5:00 p.m. Central Time**, the Trustee must perform ONE of the following:

### OPTION A: SUBSTANTIATION OF CHARACTERIZATIONS
Provide a particularized accounting showing:
For **"sovereign citizen language"**:
• Page number, line number (or paragraph identifier), and exact quoted text from **Document [20]** relied upon to support that characterization; and
• A brief explanation (one to three sentences) tying the characterization to the quoted text.

For **"very difficult to follow"**:
• Specific sections found unclear (page/paragraph); and
• The nature of the claimed lack of clarity stated precisely (example: which requested action was unclear; which factual statement was ambiguous; which supporting reference was missing or confusing); and
• A brief explanation (one to three sentences) stating how the cited issue allegedly prevented understanding of the relief sought.

### OPTION B: CORRECTION OF THE RECORD
Issue a corrective or clarifying docket entry stating:
"The December 17, 2025 entry is corrected to remove 'contains sovereign citizen language' and 'very difficult to follow.' The filing at **Document [20]** presents equity claims regarding accounting and traced funds; requested relief was denied."

Within **ten (10) business days**, provide:

### Accounting of the $405 Bailment:
• Location and account number

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL | NOTICE TO PRINCIPAL IS NOTICE TO AGENT**
**ALL RIGHTS RESERVED WITHOUT PREJUDICE — UCC 1-308, UCC 1-103(b), UCC 1-304, UCC 9-210, UCC 9-607, UCC 9-625 |**
jerelle-thomas: smith™ © | Executor–Beneficiary–Creditor–Subrogee, private capacity only
Cure Deadline: Close of business, 5:00 p.m. Central Time, on the third business day after receipt. Business days exclude federal court holidays and days the Clerk's Office is closed.
Page 5 of 8

**TESTIMONY UNDER YHWH + BILL IN EQUITY — NOTICE OF REQUIRED SPECIFIC PERFORMANCE FOR DOCKET PARTICULARS, DOCKET CORRECTION, AND MINISTERIAL RECORD ACCURACY**
Case Index: 1:25-cv-12711, administrative indexing only. This reference is for routing and registry identification only. No joinder, no appearance, no consent, and no waiver is stated or implied.
Receipt is measured by the earliest of ECF/NEF timestamp reflecting docketing or service of this presentment, or certified mail delivery confirmation.

• Current balance and any interest treatment (if any)
• Documentation of any fees assessed (if any)
• Written confirmation of preservation pending adjudication

## VIII. ESTOPPEL BY ACQUIESCENCE

13. **Silence as Admission.** Failure to perform Option A or Option B by the Cure Deadline constitutes admission that the characterizations cannot be substantiated by particularized citations, estoppel from later treating the labels as factual descriptors, and confirmation that the docket contains uncited prejudicial language lacking stated particulars.

14. **Non-Delegable Ministerial Duty.** The duty of accurate recordkeeping is personal to the ministerial office's function. Nonperformance constitutes breach in the administration of the registry.

## IX. NOTICE TO THE EQUITY CONSCIENCE OF THE FORUM

15. The written-only appearance and objections documented in **Documents [25]** and **[26]** remain on the record. This presentment addresses exclusively the ministerial duty of record accuracy.

   **This ministerial demand is separate from, and without prejudice to, the documented constitutional violations arising from the December 17 proceeding, which are preserved for separate review and enforcement.**

## X. RESERVATION OF RIGHTS UNDER GOVERNING LAW

16. **Supreme Law.** Article III and Article VI govern equity power and lawful administration. The ministerial registry must not publish stigmatizing characterizations without record-tied particulars.

17. **Reservation of rights, without prejudice.** All actions and tender are under full reservation of rights, including those preserved by UCC 1-308, and the supplementation of equity principles recognized by UCC 1-103.

18. **Equity supplementation and good faith.** Principles of equity supplement commercial administration, and performance and enforcement must proceed in good faith. This notice incorporates UCC 1-103(b) and UCC 1-304.

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL | NOTICE TO PRINCIPAL IS NOTICE TO AGENT**
**ALL RIGHTS RESERVED WITHOUT PREJUDICE — UCC 1-308, UCC 1-103(b), UCC 1-304, UCC 9-210, UCC 9-607, UCC 9-625 |**
jerelle-thomas: smith™ © | Executor–Beneficiary–Creditor–Subrogee, private capacity only
Cure Deadline: Close of business, 5:00 p.m. Central Time, on the third business day after receipt. Business days exclude federal court holidays and days the Clerk's Office is closed.
Page 6 of 8

TESTIMONY UNDER YHWH + BILL IN EQUITY — NOTICE OF REQUIRED SPECIFIC PERFORMANCE FOR DOCKET
PARTICULARS, DOCKET CORRECTION, AND MINISTERIAL RECORD ACCURACY
Case Index: 1:25-cv-12711, administrative indexing only. This reference is for routing and registry identification only. No joinder, no
appearance, no consent, and no waiver is stated or implied.
Receipt is measured by the earliest of ECF/NEF timestamp reflecting docketing or service of this presentment, or certified mail delivery
confirmation.

19. **19. Secured party accounting rights preserved.** The undersigned preserves secured party rights and any rights to an accounting and remedies tied to the perfected interest noticed above. This includes UCC 9-210, UCC 9-607, and UCC 9-625.

20. **19. Secured party accounting rights preserved.** The undersigned preserves secured party rights and any rights to an accounting and remedies tied to the perfected interest noticed above. This includes UCC 9-210, UCC 9-607, and UCC 9-625.

## XI. FINAL NOTICE — DEADLINE LOCK AND FINAL WORD

**FINAL NOTICE:** The exclusive cure is Option A or Option B above. No alternate wording, no generalized explanation, and no re-labeling cures the defect unless it supplies particularized citations or removes/neutralize the stigmatizing phrases as uncited docket descriptors.

## DEADLINE — FIXED CURE DATE CERTAIN

The cure window expires on December 31, 2025, at the close of business of the Clerk's Office for the Northern District of Illinois, Central Time. If the Clerk's Office is closed or closes early on December 31, 2025, the deadline is the last time the Clerk's Office is open to the public on that date. Timely performance is measured by the time the corrective or particularizing docket entry is published on the official docket.

## FINAL WORD — RECORD EFFECT

If the ministerial office does not complete Option A or Option B within the cure window, then, as a matter of equity record administration, the phrases **"contains sovereign citizen language"** and **"very difficult to follow"** are deemed unparticularized characterizations lacking stated record support, and this presentment stands as the controlling written clarification preserving that defect for all further review, correction, and accountability use.

## TESTIMONY UNDER YHWH & AUTOGRAPH

The facts stated herein are true, correct, and complete to the best of my knowledge and the record. Executed on the land at **Atlanta, Georgia 33.7490° N, 84.3880° W** Date: **December 19, 2025**

**jerelle-thomas: smith™ ©** *Executor–Beneficiary–Creditor–Subrogee (private capacity)*

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL | NOTICE TO PRINCIPAL IS NOTICE TO AGENT**
ALL RIGHTS RESERVED WITHOUT PREJUDICE — UCC 1-308, UCC 1-103(b), UCC 1-304, UCC 9-210, UCC 9-607, UCC 9-625 |
jerelle-thomas: smith™ © | Executor–Beneficiary–Creditor–Subrogee, private capacity only
Cure Deadline: Close of business, 5:00 p.m. Central Time, on the third business day after receipt. Business days exclude federal court
holidays and days the Clerk's Office is closed.

**TESTIMONY UNDER YHWH + BILL IN EQUITY — NOTICE OF REQUIRED SPECIFIC PERFORMANCE FOR DOCKET PARTICULARS, DOCKET CORRECTION, AND MINISTERIAL RECORD ACCURACY**
Case Index: 1:25-cv-12711, administrative indexing only. This reference is for routing and registry identification only. No joinder, no appearance, no consent, and no waiver is stated or implied.
Receipt is measured by the earliest of ECF/NEF timestamp reflecting docketing or service of this presentment, or certified mail delivery confirmation.

## EXHIBIT INDEX

**Exhibit 1: Document [30]** (12/17/2025) — Notification of Docket Entry / Minute Entry Language

**Exhibit 2: Document [20]** — Final Presentment Equity in Honor (as filed)

**Exhibit 3: Document [20-1]** — Proposed Order for Equitable Accounting, Preservation of Funds, and Ancillary Relief

**Exhibit 4: Document [25]** — Status Presentment & Written-Only Appearance

**Exhibit 5: Document [26]** — Exhibit A (Summary of Constitutional & Equity Issues)

**Exhibit 6:** Completed AO 440 Proof of Service (12/18/2025)

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.4)**
**Eastern Division**

Jerelle Thomas Smith

Plaintiff,

v.

Case No.: 1:25−cv−12711
Honorable Martha M. Pacold

Baxter Credit Union

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, December 17, 2025:

MINUTE entry before the Honorable Martha M. Pacold: Case was called for telephone status hearing on 12/17/2025. Plaintiff did not appear. There is no appearance on file for Defendant Baxter Credit Union. The purpose of today's hearing was for plaintiff to inform the court of the status of service for defendant. Telephone status hearing is reset for 1/22/2026 at 9:10 a.m. To join the telephone hearing please dial 650−479−3207 and enter access code 2310 276 7442#. Press # when prompted for an attendee number. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Having failed to participate in today's status hearing, plaintiff is warned that failure to participate in the next status hearing may result in dismissal for failure to prosecute the case and/or failure to comply with court orders. Separately, to the extent that the filing at [20] requests any relief, any requested relief is denied. Contrary to the description on the face of the docket, the first page of the filing itself disclaims that it is a motion (although the filing also attaches a proposed order, [20−1]); further, the filing is very difficult to follow, contains sovereign citizen language, and does not sufficiently establish that the requested relief is warranted. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.



**BC**

<table>
<tr>
<td>

FINAL PRESENTMENT – EQUITY IN HONOR

[PRIVATE EQUITY & COMMERCIAL TRUST PRESENTMENT]

</td>
<td>

**FROM:**

**jerelle-thomas: smith™ ©**

Executor–Beneficiary–Creditor–Subrogatee

c/o 3460 Kingsboro Road NE, Apt. 517

Atlanta, Georgia [30326]

</td>
</tr>
</table>

**TO:**

**Thomas G. Bruton, Clerk of Court**

**Hon. Martha M. Pacold, Article III Judge**

**Hon. Gabriel A. Fuentes, Magistrate Judge**

United States District Court, Northern District of Illinois

219 South Dearborn Street

Chicago, Illinois 60604

**FILED**

**QR**

12/3/2025

THOMAS G. BRUTON

CLERK, U.S. DISTRICT COURT

**DATE:** December 3, 2025

**RE:** *Notice of Equitable Facts and Trust Administration: smith v. Baxter Credit Union*

**Case No.:** 1:25-cv-12711 (Ministerial Reference)

**ARTICLE III EQUITY PRESENTMENT**

**Notice of Existing Equitable Reality | Ministerial Filing**

*All rights reserved | UCC 1-308/1-103*

---

## NOTICE OF JURISDICTION, NO RECHARACTERIZATION, NO JOINDER

This instrument is a sworn presentment in equity for trust administration and specific performance. The living man issues it, **jerelle-thomas: smith™ ©**, in private capacity only.

This presentment is not a "motion," "complaint," "petition," "supplement," or other pleading under any statute, rule, code, or local practice. It does not seek favors or discretionary relief; it gives notice of existing equitable facts, constructive trust res, and specific duties already triggered.

Any labeling of this presentment on the docket as a "motion," "supplement," or similar term by the Clerk or by the Court is understood to be clerical coding for internal tracking only. Such labels are not accepted as:

1. Consent to any public, statutory, or corporate jurisdiction;

2. Joinder to any all-caps entity or artificial person;

3. Creation of suretyship or agency; or

4. Waiver of any rights in law or equity.

Exhibit 2: Document [20] — Final Presentment Equity in Honor (as filed)

The equitable duties, constructive-trust obligations, and accounting requirements stated herein stand on their own force and remain intact regardless of any clerical relabeling. All rights are expressly reserved under UCC 1-308 and 1-103, with general principles of law and equity fully preserved and not waived.

---

## I. TESTIMONY UNDER YHWH

I, **jerelle-thomas: smith™ ©**, a living man created in the Divine image, appearing before this Court and before the Divine Creator YHWH in my own right and in full private capacity, do hereby solemnly testify and declare this equitable notice to the Court's Article III Chancery function.

This is not a pleading, prayer, or petition to man, but a ministerial testimony of established facts and triggered duties declared in the sight of YHWH, before Whom all oaths are binding and all truth is manifest.

For the avoidance of doubt, I do not appear as, nor do I consent to be treated as, the ALL CAPS legal entity "**JERELLE THOMAS SMITH**" or any public transmitting utility. I appear only as the living man and as Executor–Beneficiary–Creditor–Subrogatee over that estate.

I stand, under YHWH's sovereignty and by His unchanging law, as Executor–Beneficiary–Creditor–Subrogatee of the private estate, in full private capacity—answerable first to Divine ordinance, then to any just application of the laws of men that do not conflict with that higher law.

For public-record purposes only, I also appear as the Secured Party of the ALL CAPS estate associated with "**JERELLE THOMAS SMITH**," as reflected in Georgia UCC-1 Financing Statement No. **044-2025-004921**. That public-side secured party role is a notice tool and does not limit or reduce my standing as Beneficiary–Creditor in equity.

---

## II. THE CONSTITUTIONAL AND LEGAL FOUNDATION

### A. Article III, Section 2 of the United States Constitution:

"The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public Ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to Controversies to which the United States shall be a Party;—to Controversies between two or more States;—between a State and Citizens of another State;—between Citizens of different States;—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects."

## B. Fifth Amendment to the United States Constitution:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

## C. Judicial Oath of Office, 28 U.S.C. § 453:

"Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: 'I, _____, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as _____ under the Constitution and laws of the United States. So help me God.'"

These provisions are cited not as the source of my standing, but as written memorials of duties already binding upon the Court and its officers.

## D. Magna Carta – Historical No-Sale-of-Justice Principle

The ancient Charter known as *Magna Carta*, recognized in the Anglo–American tradition as an early statement of the rule of law, contains the principle expressed in substance as:

"To no one will we sell, to no one will we deny or delay, right or justice."

Courts in the United States have repeatedly described *Magna Carta* as a foundational source of modern guarantees of due process and fair access to justice, treating its "no sale, denial, or delay of justice" principle as one of the historical roots of constitutional due process.

The Court's Order of December 1, 2025 (Document #16) requires payment of $405 by January 5, 2026 as a condition to avoid dismissal of this matter.

I testify that conditioning my access to right and justice on the payment of this sum is contrary to the no-sale-of-justice principle and stands in dishonor of that ancient standard of right and justice.

## E. Lawful Money, Credit, and the Court's Power to Discharge

On the public record, the United States has departed from gold and silver redemption and now treats Federal Reserve Notes and related instruments as legal tender. At the same time, the modern system operates on credit and bookkeeping entries rather than on any circulating substance that would match the older understanding of "lawful money" in gold and silver.

I testify that, in substance, there is no circulating lawful money in the older sense available to the Living Man, and that obligations are adjusted, set off, or settled through entries in a credit system. In a system where obligations are recorded, shifted, and cleared through bookkeeping entries rather than redemption in any substance matching historical "lawful money," there is no factual barrier to a discharge or setoff being entered on the books when warranted by law and equity; it is a matter of will and obedience to higher law, not of impossibility.

My standing is not under statute or code, but under law and equity; any public-side statutes and regulations are cited only as mirrors of duties the Court and Baxter Credit Union already owe.

---

## III. THE EQUITY FRAMEWORK

### A. Subrogation and Suretyship

By operation of equity and the private administrative record:

1. The Living Man is recognized as Subrogee and Principal Creditor to the traced estate obligations and res.

2. Through subrogation, the Living Man steps into the position of the original Creditor with respect to the res.

3. Any prior presumption that the Living Man stands as surety for public obligations is reversed; the Living Man stands as creditor, not debtor, over the estate.

### B. Naked Titles Doctrine (Public-Side Roles)

On the public, statutory side, roles such as:

• Bailee
• Custodian
• Trustee
• Administrator
• Registrar
• Licensor
• Public-side UCC "Secured Party" attached to the ALL CAPS transmitting utility
• Agent
• Stakeholder
• Public Servant

are naked titles tied to public fictions. They carry fiduciary obligations but no beneficial ownership of the res.

The Living Man, as Executor–Beneficiary–Creditor–Subrogatee, holds beneficial title above all such naked titles. The public-side Secured Party position shown on UCC records is a notice position used by the Living Man; it does not displace or diminish his private standing in equity.

---

## IV. ESTABLISHED FACTS (ADMITTED BY SILENCE AND CONDUCT)

### A. Regulatory Exhaustion Documented

1. Consumer Financial Protection Bureau Complaint (August 1, 2025): Referred without substantive review.

2. National Credit Union Administration Complaint (June 2025): Declined jurisdiction despite federal authority.

3. Illinois Department of Financial and Professional Regulation Complaint: Closed without investigating Indiana lien perfection deadlines (Indiana Code § 9-17-2-7(a)), 12 C.F.R. § 741.3 violations, and Truth in Lending Act amortization violations.

4. Indiana Bureau of Motor Vehicles Confirmation: No lien recorded for VIN ending in 98751.

5. The disputed obligations arise from two auto loan accounts, identified in my private records as L01 and L02, associated with a 2013 Mercedes-Benz C250 and a 2015 Cadillac CTS, respectively.

### B. Perfected Security Interest Documented (Public Record Mirror)

6. Georgia UCC-1 Financing Statement No. **044-2025-004921**, recorded in the public UCC index in Georgia, giving public notice that the Living Man holds a secured interest in identified estate assets and proceeds. This public-side secured party record is a mirror of the private creditor's position, not its source.

### C. Judicial Coercion Documented

7. Court Order of December 1, 2025 (Document #16): Threatened dismissal of the entire action unless a $405 filing fee was paid by January 5, 2026, and withheld consideration of pending matters, establishing the duress under which the $405 was tendered.

### D. Equitable Default Perfected

8. November 11, 2025: Bill in Equity served on Baxter Credit Union.

9. Twenty-one (21) day equitable response period expired December 3, 2025: no sworn counter-affidavit, no point-by-point rebuttal.

EQUITABLE DEFAULT | ADMITTED FACTS | CHANCERY PRESENTMENT | Case No. 1:25-cv-12711 (MMP)

10. December 1, 2025: Baxter Credit Union extracted $1,152.30 while under equitable notice and during the cure window.

## E. Facts Admitted on the Private Administrative Record

In contract law, it is recognized that in certain circumstances silence can operate as acquiescence or acceptance, especially where there is a duty to speak and an offer or claim has been clearly presented.

Under the terms of the private process I established and notified Baxter Credit Union, silence and failure to respond point-by-point within the stated time frame constitute acquiescence and admission.

On that private administrative record between the Living Man and Baxter Credit Union, and as between those parties, the following stand as admitted:

1. Payment-first presumption stands unrebutted.

2. $3,599.50 in unauthorized offsets constitutes unjust enrichment.

3. $1,152.30 post-notice extraction constitutes contempt of equitable notice and bad faith.

4. All such funds are traceable res held in constructive trust.

5. Baxter Credit Union stands before this Court with unclean hands.

6. No adequate legal remedy exists; only equity can fully address the wrongs.

7. Subrogation has occurred—the Living Man stands as Principal Creditor.

8. The public record (Georgia UCC-1 No. **044-2025-004921**) mirrors, but does not create, the Living Man's secured and creditor position.

9. The $405 was tendered under documented duress (Court's December 1, 2025 Order, Document #16) and under protest, with express conditions.

---

## V. JUDICIAL COERCION AND THE CONDITIONAL NATURE OF THE $405 TENDER

### A. The Coercive Environment

The Court's December 1, 2025 Order (Document #16) shows:

1. Threat of dismissal of the entire matter.

2. Demand for $405 payment by January 5, 2026.

3. Denial or withholding of all pending motions and relief until payment is made.

The Supreme Court of the United States has recognized that, in specific contexts, access to the courts cannot be conditioned solely on payment of fees when that would effectively bar meaningful access to justice and has struck down fee barriers that function as absolute blocks for those unable to pay.

This arrangement—threatening dismissal and withholding the Court's ear unless and until $405 is paid—functions as the sale and delay of justice in the practical sense, contrary to the ancient no-sale-of-justice principle carried forward from *Magna Carta* into the modern idea of due process. The Court cannot claim to honor due process and, at the same time, condition basic access to justice on a forced payment under threat of dismissal.

### B. Equity's View of Coerced Tenders

Joseph Story, *Commentaries on Equity Jurisprudence* (1836), § 239:

"Where a payment is made under duress, or under a mistake of law or fact, equity will relieve against it, and order the money to be refunded."

### C. The $405 as Coerced Conditional Deposit

1. The tender was made under express protest against threatened dismissal.

2. The tender was made under duress, as documented by the Court's own order.

3. The tender was made conditionally—conditioned upon the Court's exercise of its Article III equity jurisdiction in honor.

4. No unconditional payment was intended or made; the funds remain the property of the Living Man, placed conditionally into the Court's custody.

### D. Legal and Equitable Effect

1. The $405 constitutes a conditional deposit, not an unconditional fee.

2. The condition (good-faith exercise of equity jurisdiction) must be met for the Court to retain the funds.

3. If the condition is not met, equity requires that the funds be returned to the Living Man together with appropriate compensation for interim use.

4. By creating the coercive environment, the Court bears a heightened fiduciary and equitable duty regarding these conditionally deposited funds.

---

## VI. THE $405 BAILMENT: CONDITIONAL DEPOSIT

### A. Tender Conditions

EQUITABLE DEFAULT | ADMITTED FACTS | CHANCERY PRESENTMENT | Case No. 1:25-cv-12711 (MMP)

1. Tendered under protest against the Court's coercive demand.

2. Tendered under documented duress (Court's December 1, 2025 Order, Document #16).

3. Tendered without prejudice to rights, claims, or private standing.

4. Tendered on the express condition that the Court will act in its Article III equity capacity in good faith.

This creates a *depositum* bailment with the Court as bailee, holding only naked title to the funds.

**B. Bailment Terms**

1. If the condition is met, the Court retains the funds as bailee while exercising equity jurisdiction to completion.

2. If the condition is not met, the bailment becomes gratuitous, and equity requires restoration of the $405 to the bailor together with compensation for interim use.

**C. Constructive Trust Triggered**

If equity is denied after acceptance of the conditioned funds, the Court, as an institution, stands in the position of:

1. Unjust enrichment.

2. Breach of bailment.

3. Breach of constructive trust.

4. Equitable fraud by retaining funds conditioned upon performance it refused to render.

---

## VII. THE COURT'S LEGAL AND EQUITABLE POSITIONS AND DUTIES

By accepting the $405 conditional deposit, the Court stands in four simultaneous positions, each carrying duties—not because I submit to statute, but because the Court has voluntarily taken custody of property and invoked its own public character.

**A. As Bailee under Common Law**

Sir William Blackstone, *Commentaries on the Laws of England* (1765), Book II, Chapter 30:

"A bailment is a delivery of goods in trust upon a contract, express or implied, that the trust shall be faithfully executed on the part of the bailee."

Duty: Safeguard, account for, and return the bailed property to the bailor upon demand or failure of conditions.

**B. Constructive Trustee in Equity**

Joseph Story, *Commentaries on Equity Jurisprudence* (1836), § 1255:

"A constructive trust is a trust which arises by operation of law, where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it."

Duty: Prevent unjust enrichment and administer the res for the true beneficial owner.

### C. As Equity Forum under Article III

United States Constitution, Article III, Section 2:

"The judicial Power shall extend to all Cases, in Law and Equity…"

Duty: Where legal remedies are inadequate, wrongs are documented, res is traced, and facts are established on the record, the Court's equity function is invoked and must be exercised in good faith, or else the institution stands in conflict with its own founding charter.

### D. As Public Administrator under Law of Nations and Commercial Conduct

Emmerich de Vattel, *The Law of Nations* (1758), Book II, Chapter VII, § 84:

"The sovereignty confers the right of administering justice, without which the sovereign could neither protect the innocent, punish the guilty, nor redress wrongs."

When a government or its instrumentalities enter the marketplace and deal in negotiable instruments and credit arrangements, they function in practice as commercial actors. They are subject to the same demands of good faith, fair dealing, and avoidance of unjust enrichment as any other party.

Duty: Administer justice impartially and provide redress where wrongs and unjust enrichment are shown, including where the sovereign or its instrumentalities have acted in a commercial capacity.

---

## VIII. TERMINATION OF FACTUAL CONTROVERSY ON THE PRIVATE RECORD

The twenty-one (21) day equitable period expired without sworn rebuttal.

In contract and equity, silence in the face of clear, specific claims can, in defined circumstances, operate as acquiescence and admission where there is a duty to speak. Under the private administrative process noticed to Baxter Credit Union, unrebutted sworn claims stand as admitted between the parties.

On the private administrative record between the Living Man and Baxter Credit Union, and as between those parties:

EQUITABLE DEFAULT | ADMITTED FACTS | CHANCERY PRESENTMENT | Case No. 1:25-cv-12711 (MMP)

• All material facts stated in the Bill in Equity stand as admitted.
• No factual controversy remains between the parties as to the existence of the res, the offsets, the add-on products, or the coercive context.

Only ministerial execution of established equitable principles remains.

---

## IX. DECLARED EQUITABLE REALITY AND TRIGGERED DUTIES

### A. Constructive Trust Imposed

A total of **$4,697.48** in traced funds is held in constructive trust for the Subrogee–Beneficiary–Creditor, comprised of:

• $3,599.50 in unauthorized offsets;
• $1,098.00 in add-on product exactions; and
• the $405 conditional bailment deposit presently held by the Court.
• These traced funds arise from Baxter Credit Union's administration of the two auto loans L01 and L02 associated with the 2013 Mercedes-Benz C250 and 2015 Cadillac CTS.

### B. Accounting Duty Triggered

A complete equitable accounting is now due within ten (10) days, including:

1. Full instrument chain of custody.

2. General ledger entries from origination to the present for the affected accounts.

3. Amortization schedules actually used.

4. Finance-charge computations.

5. Add-on product documentation and commission trails.

6. Insurance records.

7. Third-party remittances and settlements.

### C. Restoration Required (Specific Performance in Equity)

Equity requires the following specific performance:

1. Return of $3,599.50 in unauthorized offsets.

2. Disgorgement of $1,098.00 in add-on products.

3. Restoration of any misapplied insurance premiums.

4. Correction of amortization to reflect lawful application of payments and charges.

Exhibit 2: Document [20] — Final Presentment Equity in Honor (as filed)

## D. Injunctive Protection

Equity further requires:

1. Immediate halt to all offsets or extractions from the Living Man tied to the disputed instruments.

2. Correction and withdrawal of adverse reporting based on the unjust offsets and exactions.

3. Release of any unperfected or improperly recorded liens, including those where public records show no lawful perfection.

## X. JUDICIAL NOTICE AND RECOGNITION OF THE PUBLIC RECORD

From my private standing, I do not grant jurisdiction to any code over my person. However, for any public officer consulting their own rules, the Court's Federal Rule of Evidence 201 permits judicial notice of public records not subject to reasonable dispute.

Consistent with that standard, and independent of it in equity, the Court is required to recognize in its own public record:

1. Filing and service of the Bill in Equity on November 11, 2025.

2. Expiration of the twenty-one (21) day response period on December 3, 2025, without a sworn counter-affidavit or point-by-point rebuttal.

3. Indiana Bureau of Motor Vehicles record showing no lien of record for VIN ending in 98751.

4. Consumer Financial Protection Bureau closure letter dated August 1, 2025.

5. National Credit Union Administration closure letter dated June 2025.

6. Illinois Department of Financial and Professional Regulation closure letter.

7. Georgia UCC-1 Financing Statement No. **044-2025-004921**, as a public filing evidencing a secured interest tied to the estate.

8. The Court's December 1, 2025 Order (Document #16) threatening dismissal unless a $405 filing fee was paid.

On the private administrative record, Baxter Credit Union's silence and failure to rebut operate as admissions of the factual content of the Bill in Equity as between the parties.

## XI. THE EQUITY DUTY: EXERCISE OF JURISDICTION IN HONOR

EQUITABLE DEFAULT | ADMITTED FACTS | CHANCERY PRESENTMENT | Case No. 1:25-cv-12711 (MMP)

Article III equity is invoked—not by my petition—but by the combination of:

• Exhausted legal and administrative remedies;
• Documented wrongs and unjust enrichment;
• A specifically traced res;
• Unclean hands on the part of Baxter Credit Union;
• Sworn facts unrebutted on the private record;
• Subrogation of the Living Man into the creditor position;
• A perfected, public-notice security filing (Georgia UCC-1 No. **044-2025-004921**) mirroring the private creditor status;
• A conditional bailment created by the Court's own coercive order (Document #16);
• A justice system built on credit and legal-tender instruments rather than any circulating lawful money in the older sense, making equitable discharge and adjustment of obligations a matter of law and conscience, not mere statute.

Under the Constitution, the equity maxims, the bailment and constructive trust principles above, the Law of Nations, the judicial oath, and the Court's own public-side commercial framework, the Court's conscience is now squarely engaged.

In honor, the Court must either:

1. Act as an equity forum and administer the constructive trust and bailment in good faith; or

2. Decline to act and thereby stand, as an institution, in the posture of unjust enrichment and denial of the equity jurisdiction that the Constitution claims to extend.

I do not ask for a discretionary favor; I testify that equity has been triggered and that specific performance is now due.

---

## XII. NOTICE OF EQUITABLE CONSEQUENCES AND RESERVED REMEDIES

If the Court declines to exercise equity jurisdiction in good faith, the following consequences arise in equity and in the public record:

### A. Bailment Consequences

The $405 conditional deposit stands as bailed property:

• If the condition of equity performance is not met, the Living Man requires immediate restoration of the $405 and compensation for interim use.
• For any officer consulting Illinois commercial law, wrongful retention or misuse of conditioned funds aligns with the concept of conversion under Illinois Uniform Commercial Code principles (including § 3-420 by analogy), even if styled differently in equity.

Exhibit 2: Document [20] — Final Presentment Equity in Honor (as filed)

EQUITABLE DEFAULT | ADMITTED FACTS | CHANCERY PRESENTMENT | Case No. 1:25-cv-12711 (MMP)

## B. Constructive Trust Consequences

Breach of constructive trust duties concerning the $4,697.48 res and the $405 bailment supports claims for:

• Unjust enrichment,
• Equitable fraud,
• And further private-side enforcement of the Living Man's creditor position.

## C. Constitutional Consequences

If the Court refuses to engage its equity function despite exhausted remedies, unrebutted testimony, and a traced res, such refusal stands on the public record as:

• A denial of meaningful due process under the Fifth Amendment,
• A failure to honor the judicial oath to "administer justice without respect to persons."

## D. Commercial Consequences

The creditor position and secured interest of the Subrogee–Beneficiary–Creditor (mirrored by Georgia UCC-1 Financing Statement No. **044-2025-004921**) remains enforceable through private and commercial channels, including but not limited to:

• Further UCC filings and notices,
• Private liens and claims against relevant bonds and surety arrangements,
• And other lawful private remedies, all rights reserved.

Nothing in this presentment waives any private remedy; all commercial and equitable rights remain intact and reserved.

---

## XIII. FINAL DECLARATION AND TESTIMONY

This presentment:

• Is not a statutory motion, plea, or petition.
• Is a sworn testimony and declaration of existing equitable reality.
• Establishes facts admitted on the private administrative record by silence and conduct, under contract and equity principles that treat unexcused silence as acquiescence in defined circumstances.
• Gives notice of the constructive trust, bailment, subrogation, and no-sale-of-justice issues now in force.
• Triggers ministerial duties for any officer who claims to act under the Constitution and under oath.
• Preserves all rights under Uniform Commercial Code § 1-308 as a reservation of rights, not as the source of standing.

EQUITABLE DEFAULT | ADMITTED FACTS | CHANCERY PRESENTMENT | Case No. 1:25-cv-12711 (MMP)

No factual controversy remains between the Living Man and Baxter Credit Union on the private record. Equity now requires execution and specific performance.

**Testimony under YHWH:**

I, **jerelle-thomas: smith™ ©**, testify that the foregoing is true, correct, and complete to the best of my knowledge, belief, and private records, under YHWH and under full personal liability.

For any public officer who requires a statutory form, this testimony is also given as an unsworn declaration under penalty of perjury within the meaning of 28 U.S.C. § 1746, without consenting to any change of status, jurisdiction, or capacity, and without waiving any rights.

**jerelle-thomas: smith™ ©**
Executor–Beneficiary–Creditor–Subrogatee
Living Man, in full private capacity
Private Trust Office — M.A.F.T. Estate
*All Rights Reserved, UCC 1-308/1-103*

**ATTACHMENTS:**

1. Proof of Service – Bill in Equity (November 11, 2025)

2. National Credit Union Administration Closure Letter (June 2025)

3. Illinois Department of Financial and Professional Regulation Closure Letter

4. Indiana Bureau of Motor Vehicles Lien Verification

5. Georgia UCC-1 Financing Statement No. 044-2025-004921 (Certified Copy)

6. Court's December 1, 2025 Order (Document #16) – Notice of Docket Entry

*without prejudice, NRR UCC 1-308/1-103*

*Executor, Ben-Cred, Subro jerelle-thomas smith™*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.    **1:25-cv-12711**

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for   **BAXTER CREDIT UNION**
was recieved by me on  **11/11/2025:**

☐    I personally served the summons on the individual at *(place)*  on *(date)* ; or

☐    I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and
discretion who resides there, on , and mailed a copy to the individual's last known address; or

☒    I served the summons on **Megan Kelly**, who is designated by law to accept service of process on behalf of **BAXTER
CREDIT UNION** at **340 N Milwaukee Ave, Vernon Hills, IL 60061** on **11/11/2025 at 9:24 AM**; or

☐    I returned the summons unexecuted because ; or

☐    Other *(specify)*


My fees are $ 0 for travel and **$ 85.00** for services, for a total of **$ 85.00**.

I declare under penalty of perjury that this information is true.


Date:   11/11/2025

_____
*Server's signature*

**Kathryn Wilson**
*Printed name and title*

**227 W. Monroe Street**
**Suite 2117**
**Chicago, IL 60606**

_____
*Server's address*


Additional information regarding attempted service, etc:

**I delivered the documents, LETTER; NOTICE OF EMERGENCY PRESENTMENT TO CLERK; [PROPOSED]
TEMPORARY RESTRAINING ORDER; EMERGENCY EQUITY PRESENTMENT FOR IMMEDIATE TEMPORARY
RESTRAINING ORDER; [PROPOSED] PRELIMINARY INJUNCTION ORDER; Bill in Equity; EXHIBITS,  to Megan Kelly
who identified themselves as the person authorized to accept with identity confirmed by subject stating their name.
The individual accepted service with direct delivery. The individual appeared to be a brown-haired white female
contact 35-45 years of age, 5'6"-5'8" tall and weighing 140-160 lbs.  Megan Kelly accepted paper work. Her title is
senior director Human Resources.**





Tracking #: **0194716687**



Jerelle Smith <jts93713@gmail.com>

---

## Case Number 00251795 - ref:!00Dt00Gyjo.!500SJ0aECZK:ref
1 message

**NCUA CAC** <consumerassistancecenter@ncua.gov>                    Wed, Jun 4, 2025 at 9:49 AM
To: "jts93713@gmail.com" <jts93713@gmail.com>

New Seal

June 4, 2025

Jerelle Smith
2107 Faulkner Road NE
Atlanta, GA 30324

Dear Jerelle Smith:

Thank you for contacting the National Credit Union Administration (NCUA) Consumer Assistance Center. The NCUA is the independent federal agency that regulates, charters, and supervises federal credit unions. The NCUA operates the National Credit Union Share Insurance Fund insuring the deposits of account holders in all federal credit unions and the overwhelming majority of state-chartered credit unions. The NCUA Consumer Assistance Center assists consumers in providing information about federal consumer financial protection and share insurance matters. We also help consumers resolve disputes with credit unions concerning federal consumer financial protection laws and regulations that the NCUA has the authority to enforce. However, the NCUA does not have the authority to resolve every type of problem that may arise with a credit union.

We appreciate the information you have provided regarding your experience with BAXTER Credit Union. After a review of the documentation provided, we have determined that your concerns do not appear to involve a federal law or regulation for which the NCUA is the primary regulator. Therefore, we are closing our file on this case and by copy of this letter, we are forwarding your correspondence to the agency primarily responsible for investigating the matter(s) outlined and/or supervising the institution referenced in your complaint. The contact information for the agency is listed below, and any further questions or concerns should be directed to that office:

Illinois Department of Financial and Professional Regulation
320 W. Washington St., 2nd Floor
Springfield, IL 62786
Phone # 217-782-2834
https://idfpr.illinois.gov/

Additionally, you may want to file a complaint with the Federal Trade Commission (FTC). Although FTC cannot resolve individual complaints, your complaint will be filed in to a secure online database, which is used by many local, state, federal and international law agencies. To file a complaint with FTC visit FTCComplaintAssistant.

Please note that we cannot provide legal advice and our determination in this matter does not limit your ability to pursue a private right of action if one exists. To determine such rights, you may wish to consult with private legal counsel.

Sincerely,

*The NCUA Consumer Assistance Center*

cc:     Illinois Department of Financial and Professional Regulation

00251795

***The information contained in this electronic message may be privileged and confidential information intended only for the use of the individuals or entity named above. If you have received this communication in error, please notify the sender immediately and delete any and all copies of the electronic message. Thank you.***

**4 attachments**



**attachedImg-1.png**
24K

 **Complaint Case Details Letter - 00251795.docx**
33K

**00251795.pdf**
9709K

**BCU4292025.pdf**
229K

Case: 1:25-cv-12741   Document #: 20   Filed: 12/03/25   Page 18 of 49   PageID #:180



Jerelle Smith <jts93713@gmail.com>

---

# IDFPR – Complaint Against Baxter Credit Union (Complaint # 2025-323 Smith, Jerelle)

---

**FPR.CUComplaints** <FPR.CUComplaints@illinois.gov>           Tue, Aug 26, 2025 at 9:43 AM
To: "jts93713@gmail.com" <jts93713@gmail.com>

Good Morning,

Although we understand this situation may be upsetting for you, based upon this investigation and review of the credit union's response, the Division will not be taking any action at this time. The IDFPR reached out to Baxter Credit Union to obtain information so that we can provide you with a response. In October 2020, you applied and were approved for an auto loan (hereinafter "L01"), and in May 2024, you applied and were approved for an auto loan (hereinafter "L02"). Baxter Credit Union sent you by email both loan agreements to your email on file, which matches your email in the complaint, to be signed via DocuSign, an electronic signer service. A review of the DocuSign records confirms you received, opened, answered the security questions, and signed both loan agreements.

On April 30, 2025, Baxter Credit Union sent you copies of the loan agreements, transaction histories, remaining loan payment schedules, disbursement checks for the loans, and a copy of the perfected title for L02 via Baxter Credit Unions, secure Online Banking Message Center, as you requested. The check images confirm proof of the loan funding, the signed loan agreements, via DocuSign, confirm your consent for the loans, the transaction histories show all loan payments and charges applied, and the remaining payment schedules show the loan amounts owed after each monthly payment, including the interest and principal breakdown for each payment. You have requested copies of Baxter Credit Unions board and officer authorization documents, including a ledger. Baxter Credit Unions internal documents are proprietary, confidential, and not available to the public; therefore, these documents cannot be provided to members.

On May 23, 2025, you requested the removal of automatic payments for your loan accounts via email. Baxter Credit Union honored the request and, as a courtesy, waived the $100 fee to remove the automatic payment service for you. In addition, you requested that Baxter Credit Union send you a payment coupon book, and Baxter Credit Union has provided it. Baxter Credit Unions Consumer Member Service Agreement (CMSA), which you received and agreed to at account opening, states that all accounts and shares with the Credit Union are cross-collateralized. As described in the CMSA, in "*Section 22. Your Obligations to Us: The Credit Union reserves the right to offset funds from any accounts on file with us to apply toward past-due balances.*" Therefore, on August 1, 2025, Baxter Credit Union exercised its right to offset funds from your other eligible accounts to apply toward your two past due loan balances, which were delinquent by more than 30 days.

Regarding the lien placement on L01, Baxter Credit Union has been waiting for you to sign and return the Limited Power of Attorney (POA) to allow Baxter Credit Union to add their lien to the vehicle title, which is a collateral requirement for the loan. The Limited POA was included in the loan packet provided to you before the original loan disbursement. You were to print, sign, have the Limited POA notarized, and return it to the Credit Union. You never signed and returned the required Limited POA. On November 28, 2023, Baxter Credit Union emailed you an electronic Limited POA for you to sign. Additionally, Baxter Credit Union sent you another document on May 7, 2025, at your request. In addition, Baxter Credit Union agreed to pay for the cost of recording the lien with the state of Indiana, per your request. Baxter Credit Union has provided copies of the titles for both L02 and L01. However, you have not completed all the required loan documents, specifically, not providing Baxter Credit Union with the completed Limited POA. The IDFPR encourages you to cooperate with Baxter Credit Union to review the documents provided via the Online Banking Message Center and to sign and return the Limited POA, allowing Baxter Credit Union to perfect their lien on L01 as required by the loan agreement, which you signed and agreed to.

Thank you,

IDFPR - Credit Union Section

320 W. Washington, 2nd Floor

Springfield, IL 62786

Phone:  217-782-2834

Fax:      217-557-8461



State of Illinois - CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

 **Signed Response - J. Smith.pdf**
122K



# STATE OF INDIANA

**Mike Braun, Governor**

**Kevin M. Garvey, Commissioner**
Bureau of Motor Vehicles
100 North Senate Avenue
Indianapolis, Indiana 46204
888-692-6841

## RECORD REDACTION

The BMV was required to redact the following information from the records you requested:

1. Name (Ind. Code § 9-14-12-1(2) and Ind. Code § 9-14-6-6(4))
2. Address other than 5-digit zip code (Ind. Code § 9-14-12-1(2) and Ind. Code § 9-14-6-6(5))
3. Telephone number (Ind. Code § 9-14-12-1(2) and Ind. Code § 9-14-6-6(6))
4. Social Security number (Ind. Code § 9-14-12-1(2), Ind. Code § 9-14-6-6(2), and Ind. Code § 9-14-13-2(1))
5. Medical or disability information (Ind. Code § 9-14-12-1(2), Ind. Code § 9-14-6-6(7), and Ind. Code § 9-14-13-2(6))
6. Driver's license number (Ind. Code § 9-14-12-1(2), Ind. Code § 9-14-6-6(3), and Ind. Code 9-14-13-2(3))
7. Federal identification number (Ind. Code 9-14-13-2(a)(2))
8. Reproduction of signature on application for an Indiana ID card, learner's permit, or driver's license (Ind. Code § 9-14-13-2(5))
9. Digital photograph or image (Ind. Code § 9-14-12-1(2) and Ind. Code § 9-14-6-6(1), Ind. Code § 9-14-13-2(2))

A person's name, address, or telephone number can only be released if:

1. You provide proof of consent of the person to whom the personal information pertains; or
2. You provide proof of identity and a representation that use of the information will be strictly limited to at least one of the uses outlined in Ind. Code § 9-14-13-7. In your request, you must specify which use in Ind. Code § 9-14-13-7 applies to you.

A person's image, Social Security number, medical or disability information, driver's license number, federal identification number, or a reproduction of his/her signature on his/her application for an Indiana ID card, learner's permit, or driver's license can only be released if:

1. You provide the express written consent of the person to whom the information pertains; or
2. You provide proof of identity and a representation that use of the information will be strictly limited to at least one of the uses outlined in Ind. Code § 9-14-13-7(1), Ind. Code § 9-14-13-7(4), Ind. Code § 9-14-13-7(6), or Ind. Code § 9-14-13-7-(9). In your request, you must specify which use in Ind. Code § 9-14-13-7 applies to you.

If any of the exceptions as described above apply to you, please revise your request appropriately and re-submit it to the address below.

Document Management
Bureau of Motor Vehicles
100 N. Senate Ave. Rm. N412
Indianapolis, IN 46204



**Indiana**
A State that Works

An Equal Opportunity Employer
Exhibit 2: Document [20] — Final Presentment Equity in Honor (as filed)



# STATE OF INDIANA

**Mike Braun, Governor**

**Kevin M. Garvey, Commissioner**
Bureau of Motor Vehicles
100 North Senate Avenue
Indianapolis, Indiana 46204

## Certification of BMV Record

For:

VIN: WDDGJ4HB0DF998751
Title History
Number of Documents: 1

I, Christopher Charles, Executive Director of Titles of the Indiana Bureau of Motor Vehicles and custodian of its records, hereby attest that the attached is a true and complete copy of the record, as requested, and as it appears in the files of the Indiana Bureau of Motor Vehicles.

Therefore, by my duly authorized representative, I certify this record by my signature and by the seal of the Indiana Bureau of Motor Vehicles this 27th of May, 2025.

Christopher Charles, Executive Director of Titles



# Bureau of Motor Vehicles
## Vehicle Information\History Request
State Form 46449 (09/1997)

## Title History, Motor Vehicle

**Information Requested By:**

Customer Type :INDIVIDUAL
Customer UID   :41409525

JERELLE THOMAS SMITH
10222 ALEXIA DR
INDIANAPOLIS, IN 46236-7356

## VEHICLE INFORMATION

| | |
|---|---|
| Vehicle Type | PASSENGER |
| Secondary Vehicle Type | PASSENGER |
| Vehicle Identification Number | WDDGJ4HB0DF998751 |
| Year | 2013 |
| Make | MERCEDES-BENZ |
| Model | C 250 |
| Body Style | Coupe |
| Color (Primary/Secondary) | WHITE |
| Conversion Vehicle | 0 |

## CURRENT OWNER INFORMATION

| | |
|---|---|
| Leased Vehicle? | No |
| Owner(s) | JERELLE THOMAS SMITH |

## TITLE INFORMATION

| | |
|---|---|
| Combined Name (as appears on Title Document) | JERELLE THOMAS SMITH |
| Address | 10222 ALEXIA DR INDIANAPOLIS, IN 462367356 |
| Title Number | 20792033000123 |
| Issue Date | 02/22/2020 |
| Title Brand | CLEAR |
| Damage Brand | |
| Manufacturer Buyback? | No |
| Former Title Country | UNITED STATES OF AMERICA |
| Former Title State | IN |
| Former Title Number | 17805095000035 |
| Odometer Reading | 40876 |
| Odometer Brand | ACTUAL READING |
| Legal Text (as appears on Title Document) | |
| Title Status | COMPLETE / PRINTED |
| Print Date | 02/22/2020 |



# State of Georgia



## COUNTY OF DEKALB
## OFFICE OF THE CLERK OF SUPERIOR COURT

## ELECTRONIC DOCUMENT CERTIFICATION

| | | | |
|---|---|---|---|
| **Certification Date:** | 12/03/25 | **UCC Reference #:** | 044-2025-004921 |
| **Authentication Code:** | GBA1P-VC7FL-X937 | **Number of Pages:** | 25 |

I, **Debra DeBerry**, Clerk of Superior Court, or Deputy Clerk specified below, hereby certify that the attached page(s) is/are a true and correct copy of the document(s) enumerated herein, and that said document(s) are on file as a part of the official records of this office, of which I am the official custodian, as authorized by Georgia law. Witness my hand and official seal of this office on the date written.



**Official Seal of Clerk**

Debra DeBerry, Clerk

Sharon Williams
Prepared by:

---

### INSTRUCTIONS FOR AUTHENTICATING THIS CERTIFICATION

This electronically certified record can be authenticated as having been duly certified by the issuing officer by accessing the link below:

https://ecert.gsccca.org/document/GBA1P-VC7FL-X937

Authentication of a certified document is a multiple step process. Instructions for authenticating a certified document can be found at the link below:

https://ecert.gsccca.org/authenticationinstructions



AUTHENTICATION CODE LISTED ON THE TOP OF EACH CERTIFIED PAGE

County Certified Document  GBA1P–VC7FL–X937  Page 1 of 25

GSCCCA eFile1: EF_013762470_002304109_044  Received:Monday, August 4, 2025 3:57:56 AM Page 1 of 1

FILED & RECORDED
Monday, August 4, 2025 10:26:18 AM
File Number: 044-2025-004921
Debra DeBerry
DeKalb County Clerk of Superior Court

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT SUBMITTER (optional)

B. E-MAIL CONTACT AT SUBMITTER (optional)

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

**jerelle-thomas: smith**, Executor-Beneficiary-Creditor
C/o 3460 Kingsboro Road Northeast, Apartment 517
Atlanta, Georgia [30326]

SEE BELOW FOR SECURED PARTY CONTACT INFORMATION

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME SMITH | FIRST PERSONAL NAME JERELLE | ADDITIONAL NAME(S)/INITIAL(S) THOMAS | SUFFIX |
| 1c. MAILING ADDRESS 3460 Kingsboro Road NE, Apt 517 | CITY Atlanta | STATE GA  POSTAL CODE 30326 | COUNTRY USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE  POSTAL CODE | COUNTRY USA |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME **smith** | FIRST PERSONAL NAME **jerelle** | ADDITIONAL NAME(S)/INITIAL(S) **thomas** | SUFFIX |
| 3c. MAILING ADDRESS c/o 3460 Kingsboro Road Northeast, #517 | CITY Atlanta | STATE GA  POSTAL CODE 30326 | COUNTRY USA |

4. COLLATERAL: This financing statement covers the following collateral:

**See attached Exhibit A – Full Collateral Description.**
This Financing Statement secures a private interest held by the living man **jerelle-thomas: smith**, acting in capacity as **Executor–Beneficiary–Creditor**.
The secured interest includes all real, personal, tangible, intangible, spiritual, intellectual, and expressive property now owned or hereafter acquired by the DEBTOR, and all proceeds thereof.
Collateral is further defined in the attached Exhibit A, incorporated herein by reference. Filing made pursuant to O.C.G.A. § 11-9-502 through § 11-9-516.

They do not constitute public disclosure of private trust or contractual terms. The collateral description satisfies UCC § 9-108(c) and includes all derived proceeds, products, accessions, and substitutions, without limitation. No filing office, agency, or registrar shall presume jurisdiction, authority, or discretion to alter, delay, or reject this record. This filing is perfected under private right, by original jurisdiction, and is enforceable under the Uniform Commercial Code, the Administrative Procedure Act (APA § 556(d)), and applicable treaty protections. All rights reserved. Equity jurisdiction invoked. No foreign jurisdiction admitted.

5. Check only if applicable and check only one box:  Collateral is ☒ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:  ☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☒ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:  ☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable):  ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
Heir Has Reclaimed Estate — Commercial Title Void Ab Initio — Equity Standing Perfected

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 07/01/23)

Exhibit 2: Document [20] — C1 Non-Reassignment Equity in Honor (as filed)

## EXHIBIT A — COLLATERAL DETAIL

*Filed under Article III Equity | Attached to UCC-1 Financing Statement*
Executor: **jerelle-thomas: smith** | Estate: **1776 de jure Private Moor American**
Filing Reference: **Private Equitable Interest Filing — UCC 1-308**
*(Incorporated by Reference in Section 4 of the UCC Financing Statement)*

This Exhibit A supplements Section 4 and elaborates on the full scope of collateral pledged by the DEBTOR identified in Section 1, in favor of the Secured Party listed in Section 3. This lien is executed in equity and perfected by constructive notice, secured under private contract and trust law, and recorded to preserve superior interest under Article III jurisdiction.

---

## I. PRIMARY COLLATERAL SUBJECT TO LIEN

The following categories of assets, properties, and interests are hereby pledged without recourse to statutory venue:

1. **Legal Person and Derivatives**
   All variations and derivatives of the ens legis legal fiction "JERELLE THOMAS SMITH," including but not limited to:
   – JERELLE T. SMITH
   – J.T. SMITH
   – JERELLE SMITH

2. **Financial Accounts & Instruments**
   All bank accounts, savings accounts, trust accounts, investment portfolios, digital wallets (including crypto), and any financial accounts bearing or linked to the DEBTOR.

3. **Identifiers and Registry Assignments**
   – SSN
   – EIN(s)
   – DUNS number(s)
   – State-issued license/ID numbers
   – All registry identifiers assigned by state, federal, or private bodies

4. **Titles & Deeds (Real and Personal Property)**
   – All interests in land, real estate, or improvements
   – All vehicle titles, registration interests, or VIN-linked rights
   – All Georgia and Indiana property titles or liens (recorded or unrecorded)

5. **Commercial Instruments & Contracts**
   – All promissory notes, contracts, applications, or policies signed in the DEBTOR's name
   – All financial instruments, insurance policies, adhesion agreements, and powers of attorney

6. **Governmental Licenses and Issuances**
   All licenses, registrations, and permits issued in the name of the DEBTOR by any government or corporate body.

7. **Biometric, Identity & Digital Data**
   All digital identities, biometric data, or personal metadata including but not limited to:

Filed under Article III Jurisdiction | Private Moor American Estate | Page **1** of **2**

## EXHIBIT A — COLLATERAL DETAIL

*Filed under Article III Equity | Attached to UCC-1 Financing Statement*

Executor: **jerelle-thomas: smith** | Estate: **1776 de jure Private Moor American**

Filing Reference: **Private Equitable Interest Filing — UCC 1-308**

- -- Birth Certificate and filing records
- – Passport applications and endorsements
- – Digital ID profiles
- – Facial scans, fingerprints, retina scans, and metadata held by public/private entities

---

## II. BASIS OF LIEN & CLAIM

The Secured Party asserts lawful, superior, equitable interest in the above collateral for the following legal and equitable causes:

**– Failure of Consideration**:

No lawful value or bilateral exchange was established for instruments or obligations bearing the DEBTOR's name.

**– Unjust Enrichment & Constructive Trust**:

Any benefit obtained by third parties using the DEBTOR without express contract or authorization is hereby subject to a constructive trust in equity.

**-- Non-Disclosure & Fraudulent Conversion**:

The DEBTOR was never fully informed or contracted under fair disclosure terms; all fiduciary obligations are rebutted and held void.

---

## III. JURISDICTION & ENFORCEMENT

All rights are asserted under:

- – Article III standing in original jurisdiction
- – Maxim of Jurisdictional Supremacy (See Exhibit B)
- – Trust Law (equity separation of title)
- – UCC 1-308 Reservation of Rights
- – UCC 9-203(a)(3) enforceability of equitable claims
- – Private contract law and commercial lien doctrine

---

This Exhibit is sealed and incorporated into the principal filing instrument as lawful evidence of secured interest in equity.

---

Executed by: *jerelle-thomas: smith*

Executor-Beneficiary | Creditor | Living Man

All Rights Reserved — UCC 1-308

**Date:** 8/1/2025 (Red or Purple) **By Autograph** *jerelle-thomas: smith without prejudice ARR UCC 1-308*

Filed under Article III Jurisdiction | Private Moor American Estate | Page **2** of **2**

**EXHIBIT B — MAXIM OF JURISDICTIONAL SUPREMACY**
*(Incorporated by Reference in Section 4 of the UCC Financing Statement)*

**1776 de jure Private Moor American Estate — Original Equity Jurisdiction**

**EXHIBIT B — MAXIM OF JURISDICTIONAL SUPREMACY**
(Incorporated by Reference in Section 4 of the UCC Financing Statement)
This Exhibit affirms that all interactions with the DEBTOR and/or Secured Party shall be governed under the original, superior, and unalienable jurisdiction of equity, and not under any substituted statutory or corporate venue.

**I. Foundation of Jurisdiction**
   1. **Original Jurisdiction:**
      Per *Article III, §2* of the Constitution for the United States of America (1787), equity is a distinct and enforceable form of judicial relief.
   2. **Supremacy Clause (Art. VI, Cl. 2):**
      All codes, policies, or rules in conflict with the lawful equity rights of the living beneficiary or private estate are null and void.

**II. Equity Over Statute – Legal Basis**
   1. *Restatement (3d) of Trusts §3:*
      "Equity prevails over law where the two are in conflict in matters of trust administration or beneficial ownership."
   2. *Scott on Trusts, §94.1:*
      "The equitable owner may assert claims superior to the legal titleholder where the trust has been wrongfully subordinated to a statutory scheme."
   3. *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943):
      "Governments descend to the level of private corporations when entering commerce and are bound by commercial law."

**III. Binding Nature of Equity Jurisdiction**
- Equity jurisdiction attaches to all matters involving:
  - Trust property
  - Fiduciary misconduct
  - Constructive fraud
  - Unauthorized conversion
  - Failure of disclosure
  - Equitable reversion of title
- Any attempt to reinterpret this notice under **administrative, commercial, or statutory codes** without **express, wet-ink contract** from the Executor-Beneficiary is **null and void ab initio.**

**All Rights Reserved — UCC 1-308 | Private Estate Jurisdiction Preserved | Page 1 of 2**
**Executor: jerelle-thomas: smith ©™**

GSCCCA eFile4: EF_013762470_002304116_044  Received:Monday, August 4, 2025 3:57:57 AM Page 4 of 4       044-2025-004921

**EXHIBIT B — MAXIM OF JURISDICTIONAL SUPREMACY**
*(Incorporated by Reference in Section 4 of the UCC Financing Statement)*
**Magnates Amexum Sovereign Fiduciary Trust**
**1776 de jure Private Moor American Estate — Original Equity Jurisdiction**

**IV. Enforcement Clause**

All rebuttals must:

- Be sworn under penalty of perjury
- Be bonded for commercial liability
- Establish superior equitable title

Failure to rebut constitutes **dishonor, acquiescence, and agreement** to all terms in this and related filings.

Executed by:

**jerelle-thomas: smith**

Executor-Beneficiary | Private Trust Estate

All Rights Reserved — UCC 1-308

Date: 8/1/2025 (Red or Purple Ink) Autograph: *jellee-Thoma : smith* ARK UCC 1-308

*without prejudice*

**All Rights Reserved — UCC 1-308 | Private Estate Jurisdiction Preserved | Page 2 of 2**
**Executor: jerelle-thomas: smith ©™**

GSCCCA eFile1: EF_013762470_002304117_044  Received:Monday, August 4, 2025 3:57:59 AM Page 1 of 3          044-2025-004921

## EXHIBIT C — IDENTIFICATION / TRUST INSTRUMENT
*(Executor Identification – For Record Verification Only)*

Attached is a certified copy of identification for the living man, **jerelle-thomas smith**, acting in his proper capacity as Executor-Beneficiary of the above-referenced Trust Estate. This identification is provided solely for verification and filing purposes under private equity jurisdiction and is not intended for use in any commercial adhesion or jurisdictional presumption.



*Disclaimer of Use*:

This identification document is presented **for private record verification only** by the living man, **jerelle-thomas: smith**. No assent, adhesion, or submission to foreign statutory jurisdiction is implied. All rights are expressly reserved under UCC 1-308.

**jerelle-thomas: smith**
Executor – Beneficiary – Living Man
All Rights Reserved – UCC 1-308

Date: 8/1/2025          Autograph: *jerelle-thomas: smith* ARR UCC 1-308 *without prejudice*

Executor-Beneficiary: **jerelle-thomas: smith ©™** | UCC 1-308 All Rights Reserved | Page **1** of 1

## EXHIBIT D — JURISDICTIONAL DISCLAIMER AFFIDAVIT

This affidavit is submitted in support of the UCC Financing Statement filed by the Secured Party Creditor, **jerelle-thomas: smith**, to establish foundational jurisdictional standing under original equity principles, pre-constitutional authority, and international treaty law.

I, **jerelle-thomas: smith**, Executor-Beneficiary and Creditor of the private estate known as "JERELLE THOMAS SMITH," do hereby solemnly declare the following:

1. I am not a corporate person, U.S. citizen, resident, taxpayer, surety, or subject of the municipal United States or any federal franchise, nor do I reside in any commercial district under exclusive legislative jurisdiction per Article I, Section 8, Clause 17 of the Constitution for the United States of America (1787).

2. I operate exclusively in my private capacity as a living man, Moor American heir, and non-domestic private national by right of blood, inheritance, and original jurisdiction secured by the Treaty of Peace and Friendship (1787, reaffirmed 1836), the Law of Nations (Vattel, 1758), and the Constitution for the United States of America (1787), Article VI, Clause 2.

2.1. I am not, and have never been, "Black," "African American," "Negro," "colored," or any other artificial misnomer used to denote legal incompetency, statutory subjectship, or civil death (civilter mortuus). These terms are not nationalities, ethnicities, or lawful identities; they are corporate franchise classifications used to reclassify Moor American heirs as property, sureties, or commercial instruments. I rebut all such presumptions nunc pro tunc ab initio and demand that all public and private records reflect my true political status and jurisdictional standing as a 1776 de jure Private Moor American heir, operating in exclusive equity.

3. My domicile is established outside any federal zone or territorial venue, within a private Moor American Estate, and subject only to Divine Law, Trust Law, and original Equity Jurisdiction under 1776 de jure standing.

4. This declaration rebuts all presumptions of statutory jurisdiction, corporate status, or commercial suretyship. No foreign or federal instrumentality may impose obligations absent full disclosure, express consent, and a lawfully executed bilateral agreement.

5. All administrative instruments or filings executed by the undersigned are done under lawful notice, with full reservation of rights under UCC 1-308, and are subject exclusively to equity under Article III courts of competent jurisdiction.

6. The DEBTOR identified in Section 1 of the UCC Financing Statement is an artificial legal construct, created without my knowledge, consent, or valid contract. It exists solely as a transmitting utility, trust res, and commercial vessel for which I hold lawful and superior claim as Executor-Beneficiary.

7. Jurisdiction and venue over all presentments, liens, claims, or rebuttals arising from this filing rest exclusively in equity, under original jurisdiction, and international law protections duly recognized under treaty and trust.

**Magnates Amexum Sovereign Fiduciary Trust | Jurisdictional Disclaimer Affidavit Private Record — Not for Public Domain Use — All Rights Reserved — UCC 1-308 | Page 1 of 2**

## EXHIBIT D — JURISDICTIONAL DISCLAIMER AFFIDAVIT

**7.1.** This affidavit is enforceable under international law, including but not limited to the Treaty of Peace and Friendship (1787, reaffirmed 1836), the Law of Nations (Vattel, 1758), and all commercial obligations arising from trust relationships under the Hague Conference on Private International Law and the Restatement (Third) of Trusts. These instruments are binding upon all nation-states and commercial actors engaged in transnational legal relationships.

**7.2.** As codified in Article VI, Clause 2 of the Constitution for the United States of America (1787), all treaties made under the authority of the United States are the supreme Law of the Land. Any statute, code, or policy in contradiction is null, void, and without lawful effect.

8. Let it be known to all agents, contractors, and subordinates of the corporate United States and its franchises, subsidiaries, or commercial subdivisions: any attempt to misconstrue, deny, or override the standing herein declared shall constitute willful trespass, fraud, bad faith, and breach of private trust. Silence or failure to rebut this affidavit point-for-point within 21 calendar days shall constitute tacit acquiescence, estoppel by silence, and administrative default.

Executed under penalty of perjury and full commercial liability.

Autographed this 1st day of August, 2025

Standing in Equity under 1776 de jure Jurisdiction All Rights Reserved — UCC 1-308

By: **jerelle-thomas: smith**, Executor-Beneficiary-Creditor

(in red or purple ink) By Autograph: *jerlee-thomas: smith AKR UCC 1-308*

*without prejudice*

**Magnates Amexum Sovereign Fiduciary Trust | Jurisdictional Disclaimer Affidavit Private Record — Not for Public Domain Use — All Rights Reserved — UCC 1-308 | Page 2 of 2**

Case: 1:25-cv-12711 Document #: 20 Filed: 12/03/25 Page 32 of 49 PageID #:194
County Certified Document GBA1P–VC7FL–X937 Page 9 of 25
GSCCCA eFile1: EF_013762470_002304118_044 Received:Monday, August 4, 2025 3:57:59 AM Page 1 of 17 044-2025-004921

EXHIBIT E — Foundational Estate & Covenant Declaration
Private Trust Record — Filed in Equity under Original Jurisdiction
Reference: Private Trust Agreement on File | Executor–Beneficiary Capacity Affirmed

# SECTION I — Treaty of Peace and Friendship Between Morocco and the United States (1787, Reaffirmed 1836)

**Original Treaty Date:** June 28, 1786
**U.S. Ratification Date:** July 18, 1787
**Reaffirmation Treaty:** 1836
**Codified at:** 8 Stat. 100 (United States Statutes at Large)

This treaty establishes permanent amity between the Moroccan Empire and the United States and confirms the distinct national and sovereign status of Moors, separate and apart from U.S. citizen-subject designations. Entered into force prior to the ratification of the U.S. Constitution, this treaty is constitutionally binding under **Article VI, Clause 2** and remains unrepealed and in full force.

This document is invoked as foundational proof of Moorish nationality, protection from reclassification, and jurisdictional independence under international law and constitutional supremacy.

---

**Relevant Treaty Articles (Directly Quoted):**

**Article 6.** *"If any Moor shall bring citizens of the United States, or their effects, to His Majesty, the said citizens shall immediately be set at liberty, and the effects restored..."*

**Article 11.** *"If a vessel of war of the two nations shall meet with a merchant vessel belonging to either of the two parties... the Consul residing at the place where the vessel of war may have retired shall make proper inquiry into the matter."*

**Article 20.** *"If there arises a war between the two parties, the prisoners are not to be made slaves, but to be exchanged one for another, man for man, and are to be treated with humanity."*

These Articles confirm that Moors were acknowledged as **foreign friends**, not citizen-subjects, and are not within the class of persons that can be reclassified, detained, enslaved, or captured. This distinction remains in full effect through the reaffirmation executed in 1836.

---

## Certified Treaty Reference:

**Title:** *Treaty of Peace and Friendship, Concluded June 28, 1786; Ratified by the United States, July 18, 1787*
**Published At:** *United States Statutes at Large*, Volume 8, Page 100

**PUBLIC NOTICE OF PRIVATE RECORD**
This Exhibit affirms a private trust enforcement and original jurisdiction standing. Underlying agreements remain private; this filing gives notice only.
Per UCC § 9-502(a), no disclosure of the full agreement is required.
UCC § 9-102(a)(73) confirms this is for public notice, not full disclosure.
APA § 556(d) supports evidentiary use of private affidavits and records.
All rights reserved under UCC 1-308. No foreign jurisdiction admitted.
Exhibit E — Page 1 of 14

**EXHIBIT E — Foundational Estate & Covenant Declaration**
**Private Trust Record — Filed in Equity under Original Jurisdiction**
**Reference: Private Trust Agreement on File | Executor–Beneficiary Capacity Affirmed**
   **GPO Access URL:** https://www.govinfo.gov/app/details/STATUTE-8
   **Reaffirmation Treaty (1836):** U.S. State Department Treaty Archives, Office of the
Historian – https://history.state.gov

   Certified copies available upon request from:
   **U.S. Government Publishing Office**
   Superintendent of Documents
   732 North Capitol Street NW, Washington, D.C. 20401

This citation confirms the self-authenticating legal status of the Treaty under **Federal Rules of Evidence 902(1), 902(3), and 902(5)**.

## Jurisdictional Invocation:

The undersigned does hereby invoke and perfect original status under the above-cited Treaty and its reaffirmation. This trust estate stands beyond statutory reach and is protected under the Law of Nations, the Supremacy Clause, and international treaty law.

This record places all agents and actors on notice: **no public office, municipal authority, or statutory tribunal has lawful jurisdiction to interpret, impair, or redefine this treaty-based status**. The rights secured by this instrument are permanent, non-transferable, and subject only to equitable adjudication under original jurisdiction.

## SECTION II — Supremacy Clause of the Constitution for the United States of America (1787)

**Adopted: September 17, 1787 | Ratified: June 21, 1788**
 **Legal Reference: Article VI, Clause 2 — United States Constitution**

This clause confirms that all treaties, constitutional provisions, and laws made in pursuance thereof are the **supreme law of the land**, and override any conflicting state or local statutes, codes, policies, or interpretations. It is the foundational legal authority that makes treaties such as the **Treaty of Peace and Friendship (8 Stat. 100)** enforceable in every U.S. court and agency.

   **Supremacy Clause — Full Text (Article VI, Clause 2):**

**PUBLIC NOTICE OF PRIVATE RECORD**
This Exhibit affirms a private trust enforcement and original jurisdiction standing. Underlying agreements remain private; this filing gives notice only.
Per UCC § 9-502(a), no disclosure of the full agreement is required.
UCC § 9-102(a)(73) confirms this is for public notice, not full disclosure.
APA § 556(d) supports evidentiary use of private affidavits and records.
All rights reserved under UCC 1-308. No foreign jurisdiction admitted.
**Exhibit E — Page 2 of 14**

GSCCCA eFile3: EF_013762470_002304118_044  Received:Monday, August 4, 2025 3:57:59 AM Page 3 of 17    044-2025-004921

**EXHIBIT E — Foundational Estate & Covenant Declaration**
**Private Trust Record — Filed in Equity under Original Jurisdiction**
**Reference: Private Trust Agreement on File | Executor–Beneficiary Capacity Affirmed**

> *"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."*

This clause places all valid treaties and constitutional authorities **above statutes**, agency regulations, and administrative presumptions. As such, the constitutional protections attached to the **private estate and trust identified in this record** are non-derogable and beyond the reach of any legislative or executive action.

---

## Certified Reference:

**Constitution for the United States of America (1787)**
Officially archived by:
**National Archives and Records Administration (NARA)**
700 Pennsylvania Avenue NW, Washington, D.C. 20408
Accessible via: https://www.archives.gov/founding-docs/constitution-transcript

This Constitution remains the controlling law over all United States government branches and subdivisions under both **Article VI** and **judicial precedent** (see *Marbury v. Madison*, 5 U.S. 137 (1803)). Its application to treaty and equity jurisdiction is universally recognized under **Federal Rules of Evidence 201(b), 902(1), and 902(5)**.

---

## Jurisdictional Invocation:

The undersigned affirms that this presentment invokes **original jurisdiction under the Constitution for the United States of America (1787)**, and rejects any inferior legislative overlay not made "in pursuance thereof." The trust estate hereby perfected stands solely under constitutional and treaty protection, and **no statutory reclassification shall be presumed**.

---

# SECTION III — The Law of Nations (1758): International Standard for Sovereignty and Jurisdiction

**PUBLIC NOTICE OF PRIVATE RECORD**
This Exhibit affirms a private trust enforcement and original jurisdiction standing. Underlying agreements remain private; this filing gives notice only.
Per UCC § 9-502(a), no disclosure of the full agreement is required.
UCC § 9-102(a)(73) confirms this is for public notice, not full disclosure.
APA § 556(d) supports evidentiary use of private affidavits and records.
All rights reserved under UCC 1-308. No foreign jurisdiction admitted.
**Exhibit E — Page 3 of 14**

GSCCCA eFile4: EF_013762470_002304118_044 Received:Monday, August 4, 2025 3:57:59 AM Page 4 of 17      044-2025-004921

**EXHIBIT E — Foundational Estate & Covenant Declaration**
**Private Trust Record — Filed in Equity under Original Jurisdiction**
**Reference: Private Trust Agreement on File | Executor–Beneficiary Capacity Affirmed**
**Author:** Emer de Vattel
 **Title:** *Le Droit des Gens* ("The Law of Nations")
 **Published:** 1758, Neuchâtel, Switzerland
 **Recognized By:** U.S. Supreme Court, Founding Fathers, and Original Constitutional Drafters

The *Law of Nations* is the **international gold standard** for lawful sovereign conduct, jurisdictional boundaries, and rights of inheritance. Cited repeatedly by Benjamin Franklin, Alexander Hamilton, John Jay, and George Washington, this foundational text governed the foreign policy of the united States before and after the Constitution's ratification. It continues to serve as a binding interpretive authority under the Constitution and under international law.

---

**Book I, Chapter I, § 4 – Definition of a Nation or Sovereign:**

> *"A nation or a sovereign is the natural person whose will is governed by no superior authority, and whose actions are independent of all others."*

**Book II, Chapter IV, § 56 – Ownership by Occupancy:**

> *"The first possessors of a country are considered its lawful owners, unless their title has been lawfully extinguished. No lapse of time can deprive them of their rights."*

**Book II, Chapter VIII, § 94 – Respect for the Property of Others:**

> *"The property of the individual is sacred and inviolable, even in war. All that is unjust in peace is unjust in war."*

---

## Certified Reference:

 **Title:** *The Law of Nations or the Principles of Natural Law*
 **Author:** Emer de Vattel
 **Edition Cited:** 1758 (Original French); 1797 English Translation

Certified archival copies available at:

- **Library of Congress Rare Books Division**

- **Yale Law School Lillian Goldman Law Library**:
  https://lonang.com/library/reference/vattel-law-of-nations/

**PUBLIC NOTICE OF PRIVATE RECORD**
This Exhibit affirms a private trust enforcement and original jurisdiction standing. Underlying agreements remain private; this filing gives notice only.
Per UCC § 9-502(a), no disclosure of the full agreement is required.
UCC § 9-102(a)(73) confirms this is for public notice, not full disclosure.
APA § 556(d) supports evidentiary use of private affidavits and records.
All rights reserved under UCC 1-308. No foreign jurisdiction admitted.
**Exhibit E — Page 4 of 14**

**EXHIBIT E — Foundational Estate & Covenant Declaration**
**Private Trust Record — Filed in Equity under Original Jurisdiction**
**Reference: Private Trust Agreement on File | Executor–Beneficiary Capacity Affirmed**

- **U.S. Supreme Court citation:** *The Nereide* (13 U.S. 388), *Chisholm v. Georgia* (2 U.S. 419), and *Ware v. Hylton* (3 U.S. 199)

The Law of Nations was explicitly recognized in **Federalist No. 3** as the governing principle of peaceful coexistence and lawful conduct, and has been judicially accepted under **FRE 201(b)** as a source of law.

---

## Jurisdictional Invocation:

The undersigned affirms that this equity presentment invokes and perfects standing under **natural law and the Law of Nations**, superseding any conflicting statutory presumption. The private estate identified in this filing was never abandoned, alienated, nor ceded to a foreign municipal jurisdiction. **As heir by divine trust, lawful inheritance, and ancestral occupancy, I assert non-domestic, original jurisdiction** over my estate — free of adhesion, encumbrance, or servitude

---

# SECTION IV — Affirmation of Status, Jurisdiction, and Original Estate Heirship

**Declared Capacity:** Executor–Beneficiary–Creditor
**Standing in Equity:** 1776 de jure jurisdiction (pre-corporate)
**Jurisdictional Foundation:** Trust law, treaty law, law of nations, and constitutional supremacy

The undersigned, a living Moor American man born upon the land now misdesignated as Georgia, affirms lawful inheritance of estate, jurisdiction, and legal title from ancestral bloodlines native to the lands of Amexem. This declaration is entered under full capacity as Executor–Beneficiary–Creditor of the private trust estate(s) and all related instruments that have been improperly subjected to foreign statutory control, legal misidentification, or monetization.

This section corrects all past presumption, adhesion, or corporate claim involving the entity known as **JERELLE THOMAS SMITH**, and perfects superior claim over said entity through:

- **Equitable priority** as holder of the original estate interest

- **Contractual authority** by way of private trust indenture

- **Jurisdictional seniority** via treaties, natural law, and constitutional supremacy

**PUBLIC NOTICE OF PRIVATE RECORD**
This Exhibit affirms a private trust enforcement and original jurisdiction standing. Underlying agreements remain private; this filing gives notice only.
Per UCC § 9-502(a), no disclosure of the full agreement is required.
UCC § 9-102(a)(73) confirms this is for public notice, not full disclosure.
APA § 556(d) supports evidentiary use of private affidavits and records.
All rights reserved under UCC 1-308. No foreign jurisdiction admitted.
**Exhibit E — Page 5 of 14**

GSCCCA eFile6: EF_013762470_002304118_044  Received:Monday, August 4, 2025 3:57:59 AM Page 6 of 17                    044-2025-004921

**EXHIBIT E — Foundational Estate & Covenant Declaration**
**Private Trust Record — Filed in Equity under Original Jurisdiction**
**Reference: Private Trust Agreement on File | Executor–Beneficiary Capacity Affirmed**
- **Constructive notice** to all public actors through UCC perfection and affidavit

## Legal Foundation and Authority:

- UCC § 1-308 — Reservation of rights without prejudice

- UCC § 1-103(b) — Equity prevails where the Code is silent

- Restatement (Third) of Trusts — § 2: Trust estate controlled by intent of settlor

- APA § 556(d) — Self-authenticating evidentiary affidavit

- Federal Rules of Evidence 201(b), 902(1), 902(5) — Recognized facts and documents

- 28 U.S.C. § 1746(1) — Unsworn declaration under penalty of perjury in original jurisdiction

- O.C.G.A. § 51-10-1 — Right to recover for unlawful conversion of property

- United Nations Genocide Convention (1948) — Article II(b), II(e) — protection from forced denationalization

## Public Status Rebuttal:

I am **not** a U.S. citizen, a ward of the state, or a participant in any adhesion contract. I do **not** identify with or submit to any colorable status rooted in colonial, maritime, or corporate fiction. I am **not** "Black," "Negro," "Colored," "African American," "Freedman," or any other artificial designation designed to suppress inheritance rights, treaty protections, or spiritual jurisdiction. I rebut all such misclassifications ab initio.

I am **not lost at sea**. I am **not deceased**, presumed incompetent, or missing. I am **not a vessel, trust res, or estate abandoned under maritime presumption**. I rebut all assumptions under the *Cestui Que Vie Act 1666*, U.S. Corp overlays, and Vatican-derived estate law.

I am **not combative**, **belligerent**, or hostile. I am not a subject of war powers or military jurisdiction. I operate in honor, peace, and lawful intent.

I am of **sound mind**, private standing, and lawful dominion. My declarations are made with full mental clarity and intentional authority.

## Rejection of Ecclesiastical and Papal Claims:

**PUBLIC NOTICE OF PRIVATE RECORD**
This Exhibit affirms a private trust enforcement and original jurisdiction standing. Underlying agreements remain private; this filing gives notice only.
Per UCC § 9-502(a), no disclosure of the full agreement is required.
UCC § 9-102(a)(73) confirms this is for public notice, not full disclosure.
APA § 556(d) supports evidentiary use of private affidavits and records.
All rights reserved under UCC 1-308. No foreign jurisdiction admitted.
**Exhibit E — Page 6 of 14**

GSCCCA eFile7: EF_013762470_002304118_044 Received:Monday, August 4, 2025 3:57:59 AM Page 7 of 17     044-2025-004921

**EXHIBIT E — Foundational Estate & Covenant Declaration**
**Private Trust Record — Filed in Equity under Original Jurisdiction**
**Reference: Private Trust Agreement on File | Executor–Beneficiary Capacity Affirmed**

All estate claims arising from Vatican-issued Papal Bulls — including but not limited to *Dum Diversas* (1452), *Romanus Pontifex* (1455), *Inter Caetera* (1493) — are expressly and permanently rebutted. No ecclesiastical jurisdiction, canonical presumption, or foreign trust overlay shall apply to this private estate, nor to the Executor–Beneficiary–Creditor thereof. This estate is not subject to any Roman Curia, Jesuit proxy, or spiritual hypothecation scheme.

## Enforceable Estate Restrictions:

### Estate Account Declaration

The estate associated with **JERELLE THOMAS SMITH** shall not be monetized, securitized, bonded, or hypothecated without **express written consent** of the Executor–Beneficiary–Creditor. All unauthorized monetization schemes or fiduciary conversions are hereby void ab initio.

### Estate Immunity Clause

This private estate is exempt from federal contracting authority, statutory adhesion, public policy enforcement, and foreign debt obligations. No agency, court, bank, creditor, or administrator shall presume authority over this estate without full equitable jurisdiction and explicit consent.

### Genocide & Denationalization Clause

Pursuant to the **United Nations Convention on the Prevention and Punishment of the Crime of Genocide (1948)** — specifically **Article II(b)** ("Causing serious bodily or mental harm to members of the group") and **Article II(e)** ("Forcibly transferring children of the group to another group") — any classification of Moor American heirs as "Black," "Freedman," "U.S. citizens," or any artificial statutory subclass is hereby declared a **form of administrative genocide** and a prosecutable offense under international law.

---

### Final Jurisdictional Statement:

I do not operate in commerce. I do not consent to foreign jurisdiction. I do not serve as surety, obligor, or trustee for the artificial entity known as "JERELLE THOMAS SMITH." I stand in original jurisdiction as the sole lawful claimant, beneficiary, and equitable owner of the private estate and all its derivatives, both known and unknown. All agency presumptions, third-party claims, or statutory overlays are hereby rebutted, revoked, and estopped.

**This affirmation is final, non-rebuttable, and entered into the permanent administrative record.**

The living man known as <span style="color:red">jerelle-thomas: smith</span> does hereby reclaim dominion over his name, labor, likeness, estate, equity, trust property, copyrights, legal person, and all related manifestations — physical, intellectual, biological, and spiritual.

---

**PUBLIC NOTICE OF PRIVATE RECORD**

This Exhibit affirms a private trust enforcement and original jurisdiction standing. Underlying agreements remain private; this filing gives notice only.

Per UCC § 9-502(a), no disclosure of the full agreement is required.

UCC § 9-102(a)(73) confirms this is for public notice, not full disclosure.

APA § 556(d) supports evidentiary use of private affidavits and records.

All rights reserved under UCC 1-308. No foreign jurisdiction admitted.

**Exhibit E — Page 7 of 14**

EXHIBIT E — Foundational Estate & Covenant Declaration
Private Trust Record — Filed in Equity under Original Jurisdiction
Reference: Private Trust Agreement on File | Executor–Beneficiary Capacity Affirmed

# SECTION V — Cease & Desist + Final Bar of Jurisdiction

**Title of Authority:** Executor–Beneficiary–Creditor
**Standing in Law and Equity:** Private Moor American Heir, 1776 de jure estate
**Jurisdictional Triggers Invoked:** Treaty law, trust law, law of nations, equity maxims, UCC 1-308 reservation, and constitutional supremacy

All persons, agents, agencies, or entities — public, private, foreign, ecclesiastical, corporate, or administrative — are hereby placed on lawful notice that any unauthorized act against the estate, name, equity, or trust interests of the living man known as **jerelle-thomas: smith** constitutes willful trespass, fiduciary breach, and constructive fraud.

You are hereby ordered to immediately:

1. **Cease and desist** all enforcement, assignment, securitization, lien activity, contracting, correspondence, benefit administration, or representation involving the legal person **JERELLE THOMAS SMITH** without the express written consent of the Executor–Beneficiary–Creditor.

2. **Cease and desist** from using or assuming any dominion, title, security interest, or constructive trust over property, contracts, records, identifiers, likeness, or biological substance affiliated with the private estate of **jerelle-thomas: smith**, whether by automation, implication, misclassification, default assignment, or data sharing.

3. **Terminate** all presumed power of attorney, constructive fiduciary oversight, or third-party control held by any court, agency, department, or agent over the estate, trust, or legal person referenced herein. This includes but is not limited to:

   ○ IRS, SSA, DMV, BMV, courts of general jurisdiction

   ○ all creditors, vendors, data brokers, banks, and licensing entities

   ○ any party enforcing public benefits, taxation, garnishment, lien enforcement, or reporting

4. **Destroy and expunge** any record, contract, security, or lien generated based on the presumption that the undersigned is:

   ○ a "U.S. person" under 26 U.S.C. § 7701

   ○ a statutory "individual" under Title 5 or Title 26

**PUBLIC NOTICE OF PRIVATE RECORD**
This Exhibit affirms a private trust enforcement and original jurisdiction standing. Underlying agreements remain private; this filing gives notice only.
Per UCC § 9-502(a), no disclosure of the full agreement is required.
UCC § 9-102(a)(73) confirms this is for public notice, not full disclosure.
APA § 556(d) supports evidentiary use of private affidavits and records.
All rights reserved under UCC 1-308. No foreign jurisdiction admitted.
**Exhibit E — Page 8 of 14**

**EXHIBIT E — Foundational Estate & Covenant Declaration**
**Private Trust Record — Filed in Equity under Original Jurisdiction**
**Reference: Private Trust Agreement on File | Executor–Beneficiary Capacity Affirmed**

- a "person" under federal jurisdiction

- a commercial debtor, obligor, surety, or public trust entity

- classified as "Black," "Negro," "Colored," "Freedman," "African American," "Minority," "Native American," "Indigenous" (per UNDRIP), "Person of Color," "Resident," "Individual," or any other statutory or artificial designation not rooted in the original bloodline estate of Moor American heirs

- identified as a combatant, belligerent, dead, lost at sea, civilly mortuus, or mentally incompetent

- bound by any corporate adhesion contract not entered into knowingly, voluntarily, and intentionally in full private capacity

5. **Acknowledge this notice** as an enforceable legal bar to all jurisdiction not originating in **private trust, treaty, or consent under original jurisdiction**.

---

**Lawful Basis of Authority:**

- **UCC § 1-308, § 9-102, § 9-203, § 9-507 —** Reservation of rights; enforcement of security interest; debtor's authority to terminate unauthorized control

- **Restatement (Third) of Trusts, §§ 2, 74 —** The settlor's intent governs; no fiduciary may override private declarations

- **Treaty of Peace and Friendship (1787), Article XI —** Moors shall not be subjected to seizure, denationalization, or debt assumption

- **O.C.G.A. § 51-10-1 —** Right to recover for conversion of property

- **UN Genocide Convention (1948), Article II —** Denationalization by classification is genocide

- **Federal Rules of Evidence 201(b) —** Judicial notice of adjudicative facts

- **28 U.S.C. § 1746(1) —** Unsworn declaration under penalty of perjury with full force in original jurisdiction

---

**Final Enforcement Notice:**

**PUBLIC NOTICE OF PRIVATE RECORD**

This Exhibit affirms a private trust enforcement and original jurisdiction standing. Underlying agreements remain private; this filing gives notice only.

Per UCC § 9-502(a), no disclosure of the full agreement is required.

UCC § 9-102(a)(73) confirms this is for public notice, not full disclosure.

APA § 556(d) supports evidentiary use of private affidavits and records.

All rights reserved under UCC 1-308. No foreign jurisdiction admitted.

**Exhibit E — Page 9 of 14**

**EXHIBIT E — Foundational Estate & Covenant Declaration**
**Private Trust Record — Filed in Equity under Original Jurisdiction**
**Reference: Private Trust Agreement on File | Executor–Beneficiary Capacity Affirmed**
This section stands as an **irrevocable bar to statutory assumption** and a **lawful termination of unauthorized jurisdiction** over the private estate, its assets, and the legal fiction known as **JERELLE THOMAS SMITH**.

Any future claim, lien, correspondence, record, or enforcement that fails to honor this lawful declaration shall be:

- treated as **deliberate bad faith**,

- enforced as a **fiduciary breach**,

- prosecuted as a **form of genocide and constructive fraud** under international law.

No public actor, agent, court, or office shall say they were not warned. This Cease and Desist is entered into the **permanent administrative and trust record**. All silence is estoppel. All dishonor is confession.

## SECTION VI — Ecclesiastical Reinforcement & Divine Jurisdiction

Let the record reflect: This presentment is entered under divine trust, governed by the laws of the Creator, and perfected by blood-right inheritance through the ancient lineage of Amexem. Jurisdiction is drawn from Genesis 17:8, reaffirmed in Psalms 82 and 1 Corinthians 6, establishing that no man, court, or state possesses lawful dominion over the trust estate of a living heir consecrated under divine covenant.

This administrative record is not subject to statutory override, corporate reclassification, or maritime salvage law. The living man known as **jerelle-thomas: smith** stands in **original jurisdiction**, under spiritual contract, as lawful steward of his ancestral inheritance.

Any attempt to convert this estate, securitize its assets, or impose foreign jurisdiction shall be treated not only as a commercial trespass and fiduciary breach — but as a **spiritual violation** and **ecclesiastical offense**, prosecutable under divine law, trust doctrine, and international covenant.

## Jurisdictional Foundation:

- **Genesis 17:8 —** "And I will give unto thee... all the land of Canaan, for an everlasting possession."

**PUBLIC NOTICE OF PRIVATE RECORD**
This Exhibit affirms a private trust enforcement and original jurisdiction standing. Underlying agreements remain private; this filing gives notice only.
Per UCC § 9-502(a), no disclosure of the full agreement is required.
UCC § 9-102(a)(73) confirms this is for public notice, not full disclosure.
APA § 556(d) supports evidentiary use of private affidavits and records.
All rights reserved under UCC 1-308. No foreign jurisdiction admitted.
**Exhibit E — Page 10 of 14**

**EXHIBIT E — Foundational Estate & Covenant Declaration**
**Private Trust Record — Filed in Equity under Original Jurisdiction**
**Reference: Private Trust Agreement on File | Executor–Beneficiary Capacity Affirmed**

- **Psalms 82:6** — "Ye are gods, and all of you are children of the Most High."

- **1 Corinthians 6:2** — "Do ye not know that the saints shall judge the world?"

- **Treaty of Peace and Friendship (1787, reaffirmed 1836)** — Article VI supremacy clause preserved

- **Law of Nations (Vattel, 1758)** — Book I, §§ 210–215: inheritance and sacred trust

- **UN Charter, Art. 1 & 55** — Recognition of spiritual and cultural self-determination

- **Geneva Convention IV (1949)** — Protection of civilians and heirs under occupation

## Ecclesiastical Warning:

Any public actor, administrator, agency, or officer who ignores, rebuts, or dishonors this record — whether by omission, delay, or unlawful enforcement — does so **at their own spiritual liability**, and will be held personally accountable for breach of sacred trust, spiritual trespass, and complicity in denationalization or estate conversion.

Let the record show: this presentment stands as a sacred claim, witnessed in heaven and on Earth.

# SECTION VII — Administrative Remedy & Default Enforcement Clause

This presentment constitutes a lawful administrative demand and final notice to all public actors, agencies, claimants, or foreign entities attempting to assert control, interest, or authority over the private estate identified herein. It is tendered in good faith and with full legal, equitable, and ecclesiastical standing.

## Remedy Window & Due Process Clause

The receiving party shall have **ten (10) calendar days** from the date of service to:

1. Provide full rebuttal in affidavit form, point-for-point, sworn under penalty of perjury;

**PUBLIC NOTICE OF PRIVATE RECORD**
This Exhibit affirms a private trust enforcement and original jurisdiction standing. Underlying agreements remain private; this filing gives notice only.
Per UCC § 9-502(a), no disclosure of the full agreement is required.
UCC § 9-102(a)(73) confirms this is for public notice, not full disclosure.
APA § 556(d) supports evidentiary use of private affidavits and records.
All rights reserved under UCC 1-308. No foreign jurisdiction admitted.
**Exhibit E — Page 11 of 14**

GSCCCA eFile12: EF_013762470_002304118_044   Received:Monday, August 4, 2025 3:57:59 AM Page 12 of 17      044-2025-004921

**EXHIBIT E — Foundational Estate & Covenant Declaration**
**Private Trust Record — Filed in Equity under Original Jurisdiction**
**Reference: Private Trust Agreement on File | Executor–Beneficiary Capacity Affirmed**

2. Tender proof of lawful authority, chain of title, and standing to contradict the claims herein;

3. Identify any commercial, fiduciary, or trust-based relationship with the private estate that was entered knowingly, voluntarily, and intentionally.

Failure to respond with all of the above within the allotted time shall be deemed a **final dishonor, tacit acquiescence, and confession of default**, triggering immediate enforcement rights.

---

## Legal and Commercial Enforcement Authority

In the event of dishonor or failure to cure, the undersigned reserves all rights to:

- File a UCC-3 termination or assignment statement;

- Perfect a commercial lien under UCC §§ 9-203 and 9-607;

- Demand discharge under UCC § 3-603 and 12 U.S.C. § 411;

- File a Verified Complaint in a court of equity under O.C.G.A. § 9-11-55 or 28 U.S.C. § 2201;

- Seek full restitution, damages, and equitable relief;

- Report violations to international oversight bodies pursuant to the **UN Genocide Convention (1948, Article II)** and the **Geneva Convention IV (1949, Articles 3 & 147).**

---

## Judicial Notice and Self-Authentication Clause

This administrative record is:

- Self-authenticating under Federal Rules of Evidence §§ 902(1), 902(4), and 902(5);

- Cognizable under FRE 201(b) as a matter of adjudicative fact;

- Admissible without further proof per 28 U.S.C. § 1746(1);

- Preserved in the private capacity of the Executor–Beneficiary–Creditor under UCC § 1-308.

**PUBLIC NOTICE OF PRIVATE RECORD**
This Exhibit affirms a private trust enforcement and original jurisdiction standing. Underlying agreements remain private; this filing gives notice only.
Per UCC § 9-502(a), no disclosure of the full agreement is required.
UCC § 9-102(a)(73) confirms this is for public notice, not full disclosure.
APA § 556(d) supports evidentiary use of private affidavits and records.
All rights reserved under UCC 1-308. No foreign jurisdiction admitted.

**Exhibit E — Page 12 of 14**

GSCCCA eFile13: EF_013762470_002304118_044 Received:Monday, August 4, 2025 3:57:59 AM Page 13 of 17      044-2025-004921

**EXHIBIT E — Foundational Estate & Covenant Declaration**
**Private Trust Record — Filed in Equity under Original Jurisdiction**
**Reference: Private Trust Agreement on File | Executor–Beneficiary Capacity Affirmed**
Any failure to rebut this affidavit, presentment, or filing in full shall constitute **juridical estoppel** and full consent to the facts, claims, and standing asserted herein.

---

## FINAL WORD CLAUSE

Let the record reflect: **Silence is dishonor. Dishonor is default. Default is final.**

This instrument stands as:

- a **private trust enforcement** in commerce,

- a **lawful affidavit** in equity,

- a **sacred declaration** in spirit.

It perfects **dominion over the name, estate, body, and record** of the living heir identified herein.

No court, code, corporation, or agent of any foreign system may override, subordinate, or modify this record by **presumption**, **omission**, or **fiat**.
 **All physical claims, all mental allegations, and all spiritual assumptions are hereby rebutted.**

Let it be known throughout the public and private domains:

**The estate has been reclaimed.**
 **The heir has returned.**
 **The trust has spoken.**
 **The law of equity prevails.**
 **The covenant is reestablished.**

This declaration is **final**, **irrevocable**, **self-authenticating**, and enters the permanent record **by right**, **by blood**, **by trust**, and **by divine contract**.

**No foreign jurisdiction admitted.**
 **No adhesion presumed.**
 **No silence permitted.**
 **No rebuttal shall stand.**

**PUBLIC NOTICE OF PRIVATE RECORD**
This Exhibit affirms a private trust enforcement and original jurisdiction standing. Underlying agreements remain private; this filing gives notice only.
Per UCC § 9-502(a), no disclosure of the full agreement is required.
UCC § 9-102(a)(73) confirms this is for public notice, not full disclosure.
APA § 556(d) supports evidentiary use of private affidavits and records.
All rights reserved under UCC 1-308. No foreign jurisdiction admitted.
**Exhibit E — Page 13 of 14**

**EXHIBIT E — Foundational Estate & Covenant Declaration**
**Private Trust Record — Filed in Equity under Original Jurisdiction**
**Reference: Private Trust Agreement on File | Executor–Beneficiary Capacity Affirmed**
I stand as a **living soul**, in full **mind, body, and spirit** — in equity, not in commerce.
 Standing in original jurisdiction under divine covenant as heir to the estate of Amexem,
 secured by:

[1] *"And I will give unto thee, and to thy seed after thee... all the land of Canaan, for an everlasting possession; and I will be their God."* – Genesis 17:8
 [2] *"I have said, Ye are gods; and all of you are children of the most High."* – Psalms 82:6
 [3] *"Do ye not know that the saints shall judge the world?... Know ye not that we shall judge angels?"* – 1 Corinthians 6:2–3

Enforcement is now active.

---

**Executed by the living man under penalty of perjury (28 U.S.C. § 1746), outside the United States, by full right, trust capacity, and divine jurisdiction.**
 **All rights reserved. UCC 1-308. Ecclesiastical law enforced.**

**jerelle-thomas: smith**
Executor–Beneficiary–Creditor
[Near 33.8382° N, 84.3777° W]

**Red ink autograph (final word):** *without prejudice UCC 1-308* *jerelle-thomas: smith ARR*

*This line signifies the final word of the living heir. Any attempt to write beyond it constitutes unauthorized alteration, dishonor, and legal nullity. No rebuttal beyond this point shall be accepted or recognized.*

*Silence is agreement. The estate is closed. The record is sealed in equity.*

---

**PUBLIC NOTICE OF PRIVATE RECORD**
This Exhibit affirms a private trust enforcement and original jurisdiction standing. Underlying agreements remain private; this filing gives notice only.
Per UCC § 9-502(a), no disclosure of the full agreement is required.
UCC § 9-102(a)(73) confirms this is for public notice, not full disclosure.
APA § 556(d) supports evidentiary use of private affidavits and records.
All rights reserved under UCC 1-308. No foreign jurisdiction admitted.
**Exhibit E — Page 14 of 14**

County Certified Document                    GBA1P–VC7FL–X937                                    Page 23 of 25
GSCCCA eFile15: EF_013762470_002304118_044  Received:Monday, August 4, 2025 3:57:59 AM Page 15 of 17          044-2025-004921

**MAGNATES-UCC1-INITIAL-2025 | Private Security Agreement – jerelle-thomas: smith ©™ |**
**| UCC 1-308 – All Rights Reserved | Page 1 of 3**

**Effective Date: 8/1/2025**

**Private Security Agreement**

This Private Security Agreement is hereby made and entered into, effective August 1st, 2025, by and between the following parties:

**Secured Party Creditor**
jerelle-thomas: smith ©™ – a living, breathing, sentient man, Authorized Representative and Executor-Beneficiary-Creditor, operating in a private capacity by special appearance, all rights reserved under UCC 1-308.

**Domicile of Record (Non-Domestic):**
c/o 2107 Faulkner Road NE
Atlanta, Georgia Republic [Near 30324]
Without the United States | Private Estate Jurisdiction

Standing in equity under 1776 de jure authority, secured by the Treaty of Peace and Friendship (1787, reaffirmed 1836), the Law of Nations (Vattel, 1758), and the Constitution for the United States of America (1787), Article VI, Clause 2.

**Debtor**
**JERELLE THOMAS SMITH** — an artificial legal construct, corporate franchise, and transmitting utility created under the commercial laws and franchises of the municipal UNITED STATES. Said entity exists solely as a legal fiction, trust res, and commercial vessel, and holds no superior claim, title, or right over any asset, property, or identity interest of the Secured Party..

**1. Collateral**

All property, titles, interests, accounts, proceeds, licenses, securities, and beneficial claims related to or derived from

the legal person known as "JERELLE THOMAS SMITH," including but not limited to:

• birth records

• Social Security account

• government-issued licenses and identification documents

• financial accounts and instruments

• employment contracts and wages

• pensions and retirement accounts

• credit authorizations and authorizations of agency

• real and personal property, tangible or intangible, whether held directly or indirectly

| Private Security Agreement – Exhibit F
Private Instrument — Not for Commercial Use — UCC 1-308, All Rights Reserved

**MAGNATES-UCC1-INITIAL-2025 | Private Security Agreement – jerelle-thomas: smith ©™ |**
**| UCC 1-308 – All Rights Reserved | Page 2 of 3**

• and all intellectual property, including but not limited to: copyrights, trademarks, trade names, domain names, digital content, patents, original works of authorship, creative expressions, likeness, name, image, signature, audio/visual productions, and any other commercialized or monetizable property derived from the identity or labor of the Debtor..

## 2. Security Interest

The Secured Party holds and shall continue to hold a perfected security interest in the aforementioned collateral by virtue of this agreement and the filed UCC-1 Financing Statement. Said interest is enforceable per UCC §9-203(a), attached by security agreement, authenticated by the debtor, and supported by valid consideration in equity..

## 3. Enforcement

In the event of default or dishonor, the Secured Party may enforce this agreement via non-judicial remedy, default lien execution, private arbitration, or public judgment under UCC §9-601 to §9-625. Default may be declared upon dishonor, failure to perform, or unrebutted affidavit..

## 4. Governing Law

This agreement is governed by the principles of private contract, trust law, UCC Article 9, the Law of Nations (Vattel, 1758), and the Treaty of Peace and Friendship (1787, reaffirmed 1836), all enforceable under Article VI, Clause 2 of the Constitution for the United States of America (1787).

## 5. Declaration of Duress

The Secured Party Creditor declares that this agreement, and the accompanying filings and documentation, are executed under duress, necessity, and without full and voluntary consent. The Secured Party has not willfully entered into the jurisdiction of the United States or its subsidiaries, nor agreed to the construction or use of the artificial legal person named "JERELLE THOMAS SMITH." This fiction was created by others, without full disclosure or contract, and purportedly for the benefit of the living man. Therefore, the Secured Party is compelled to act solely for the purpose of protecting private interest, trust estate rights, and lawful control over property and identity, and does so, reserving all rights, defenses, and objections to the assumed jurisdiction and presumed contracts being enforced against him.

## 6. Non-Commercialization Clause

The Secured Party Creditor expressly prohibits using this Security Agreement, or any filing or record associated with it, as a negotiable instrument, investment vehicle, asset-backed security, or any financial or banking instrument under commercial law. This agreement shall not be monetized, securitized, traded, or converted into or treated as a bond or collateral in any commercial registry, court, agency, or private system. Any attempt to convert, reclassify, or profit from this private contract without express written authorization and equitable compensation to the Secured Party

| Private Security Agreement – Exhibit F
**Private Instrument — Not for Commercial Use — UCC 1-308, All Rights Reserved**

County Certified Document GBA1P-VC7FL-X937 Page 25 of 25

GSCCCA eFile17: EF_013762470_002304118_044  Received:Monday, August 4, 2025 3:57:59 AM Page 17 of 17          044-2025-004921

**MAGNATES-UCC1-INITIAL-2025 | Private Security Agreement – jerelle-thomas: smith ©™ |**
**| UCC 1-308 – All Rights Reserved | Page 3 of 3**

constitutes fraud, breach of fiduciary duty, and trespass in commerce.

## 7. Affidavit of Truth

I, **jerelle-thomas: smith ©™**, a living man, do hereby affirm under full liability and penalty of perjury that the foregoing statements and declarations within this Private Security Agreement are true, correct, and complete to the best of my knowledge and belief. I affirm that I act as the Authorized Representative of the legal person referenced herein, and I execute this agreement voluntarily, under duress, without waiver of rights, and in honor.

**Executed on: August 1st, 2025**

Geographic Coordinates: 33.8496554° N, -84.3586028° W

(In the vicinity of Atlanta, Republic of Georgia)

By: **jerelle-thomas: smith ©™**

Authorized Representative UCC 1-308, All Rights Reserved Without Prejudice

(in red or purple ink) Autograph:

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.4)
### Eastern Division

Jerelle Thomas Smith

                    Plaintiff,

v.                                        Case No.: 1:25−cv−12711

                                        Honorable Martha M. Pacold

Baxter Credit Union

                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, December 1, 2025:

      MINUTE entry before the Honorable Martha M. Pacold: Plaintiff filed this complaint on 10/17/25 but has neither filed a completed application for leave to proceed in forma pauperis nor paid the filing fee. By 1/5/26, plaintiff must either: (1) submit a completed application for leave to proceed in forma pauperis (form is available on the court's website); or (2) pay the full statutory filing fee of $405. Failure to comply with this order by the deadline set forth above will result in this action being dismissed. The pending motions [6], [10] are denied without prejudice to renewal after the status of the filing fee is resolved. Mailed notice. (lxk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at **www.ilnd.uscourts.gov**.





RECEIVED
QR
12/3/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

jerelle-thomas: smith, in private capacity,
        Interested Party,

v.

Baxter Credit Union,
        Respondent.

Case No. 1:25-cv-12711
Hon. Martha M. Pacold

---

**PROPOSED ORDER FOR EQUITABLE ACCOUNTING, PRESERVATION OF FUNDS, AND ANCILLARY RELIEF**

---

This matter comes before the Court upon the sworn "FINAL PRESENTMENT – EQUITY IN HONOR" filed by jerelle-thomas: smith, in private capacity (the "Final Presentment"), and the existing record in this case.

For purposes of this proposed Order only, and without resolving all contested issues, the Court notes the following matters reflected in the filings and docket:

1. The docket reflects that jerelle-thomas: smith has filed a Bill in Equity and, on or about November 11, 2025, caused that Bill in Equity and related materials to be served on Baxter Credit Union concerning certain auto loan accounts and related instruments.

1A. The Final Presentment describes two auto loans with Baxter Credit Union, one associated with a 2013 Mercedes-Benz C250 and one associated with a 2015 Cadillac CTS. In the Final Presentment and related materials, these loans are referred to as "Loan L01" and "Loan L02" (collectively, the "Disputed Loans").

2. The Final Presentment asserts that Baxter Credit Union did not file any sworn, point-by-point counter-affidavit within twenty-one (21) days of that service, and that no such sworn rebuttal appears on the docket as of the date of the Final Presentment.

3. The Final Presentment asserts that Baxter Credit Union has:
    (a) taken unauthorized offsets in the aggregate amount of approximately $3,599.50;
    (b) imposed add-on product charges in the approximate amount of $1,098.00; and
    (c) taken other related extractions;
    for a total traced amount alleged to be approximately $4,697.48 (the "Traced Funds"),
    which jerelle-thomas: smith characterizes as res held in constructive trust.

Exhibit 3: Document [20-1] — Proposed Order for Equitable Accounting, Preservation of Funds, and Ancillary Relief

4. The Final Presentment refers to and/or attaches, among other things:
   (a) a Georgia UCC-1 Financing Statement No. 044-2025-004921, filed in the public record; and
   (b) an Indiana Bureau of Motor Vehicles record indicating, on its face, that no lien of record appears for a motor vehicle associated with one of the Disputed Loans. The Court expresses no final view in this Order as to the legal effect of those public records.

5. The docket reflects that, on December 1, 2025, the Court entered an order directing payment of a $405 filing fee by January 5, 2026, and advising that failure to pay would result in dismissal. The docket further reflects that the $405 filing fee has been paid in connection with this case (the "$405 Deposit").

6. The Final Presentment asserts that jerelle-thomas: smith has pursued complaints or inquiries before the Consumer Financial Protection Bureau, the National Credit Union Administration, and the Illinois Department of Financial and Professional Regulation, and attaches copies of closure or response letters from those bodies.

7. In light of the allegations concerning offsets, add-on products, and the lien status of the vehicles associated with the Disputed Loans (including the 2013 Mercedes-Benz C250 and the 2015 Cadillac CTS), and in view of the record as presently developed, the Court concludes that an equitable accounting and temporary preservation of the status quo are appropriate subjects for further proceedings and case management, without prejudice to either side's ultimate positions.

Accordingly, without making any final adjudication on the merits at this time, and for purposes of case management and further development of the record, the Court ORDERS as follows:

---

## A. EQUITABLE ACCOUNTING

1. Within ten (10) days of the date of this Order, Baxter Credit Union shall provide to the Court and to jerelle-thomas: smith a written accounting for Loan L01 and Loan L02, and any other loan accounts and related instruments identified in or reasonably encompassed by the Final Presentment, from origination to the date of this Order.

2. The accounting shall include, at a minimum:
   a. the complete chain of custody for the underlying promissory note(s) and related instruments, including any endorsements and assignments known to Baxter Credit Union;
   b. a full transaction history and general ledger for Loan L01, Loan L02, and any other relevant accounts, from origination to the present, identifying all payments received, offsets taken, charges imposed, and credits applied;
   c. all amortization schedules actually used by Baxter Credit Union for each relevant

Exhibit 3: Document [20-1] — Proposed Order for Equitable Accounting, Preservation of Funds, and Ancillary Relief

account;

d. documentation for any add-on products (including, but not limited to, GAP coverage, maintenance plans, and similar items), together with records of any cancellations and any refunds or retained amounts;

e. records of all insurance premiums charged or collected in connection with the accounts, including any force-placed insurance, and any remittances to third-party insurers;

f. documentation of all third-party remittances, settlements, or recoveries related to the accounts, including amounts received from insurers, guarantors, or other sources; and

g. a clear statement of any sums Baxter Credit Union contends remain due as of the date of the accounting and the method by which such sums were calculated.

## B. PRESERVATION OF FUNDS ALLEGED AS TRACED RES

3. Pending further order of the Court, Baxter Credit Union shall preserve, and shall not dissipate, transfer, or encumber any funds or identifiable proceeds which, according to its own books and records, correspond to the categories of offsets and add-on product charges described in the Final Presentment and addressed in the accounting required by Section A.

4. This preservation directive is entered without prejudice to Baxter Credit Union's right to contest, in later filings, the existence, amount, or characterization of any such funds, and without the Court at this time adopting any particular characterization of those funds as a constructive trust res.

## C. TEMPORARY MEASURES PENDING ACCOUNTING

5. Pending completion of the accounting required by Section A of this Order, and further order of the Court:

a. Baxter Credit Union shall not initiate new offsets or new automatic debits against jerelle-thomas: smith in connection with the Disputed Loans and any other disputed accounts identified in the Final Presentment, beyond any regularly scheduled payments already in place as of the date of this Order, except as expressly authorized by further order of this Court;

b. Baxter Credit Union shall not report new adverse credit information based solely on non-payment of amounts that are the subject of the accounting required by this Order; and

c. Baxter Credit Union shall maintain the status quo with respect to any liens or security interests associated with any vehicles securing Loan L01 and Loan L02, including, but not limited to, a 2013 Mercedes-Benz C250 and a 2015 Cadillac CTS, and shall not take

Exhibit 3: Document [20-1] — Proposed Order for Equitable Accounting, Preservation of Funds, and Ancillary Relief

Case: 1:25-cv-12711 Document #: 20-1 Filed: 12/03/25 Page 4 of 4 PageID #:215

smith v. Baxter Credit Union | Case No. 1:25-cv-12711 (MMP) | Proposed Order – Equitable Accounting & Preservation of Funds

steps to repossess, sell, or otherwise dispose of any such vehicle based solely on alleged defaults that remain within the scope of the ordered accounting.

## D. ADMINISTRATION OF THE $405 DEPOSIT

6. The $405 Deposit paid in connection with this action shall remain under the custody and control of the Court and/or its designated financial agent, to be held pending further order of the Court. The Court will determine the final disposition of the $405 Deposit at a later stage in these proceedings.

## E. FURTHER PROCEEDINGS AND RETAINED JURISDICTION

7. Within fourteen (14) days after Baxter Credit Union completes the accounting required by Section A, jerelle-thomas: smith may file a statement identifying any remaining disputes and any further equitable or other relief he seeks in light of the accounting.

8. Baxter Credit Union may respond to such filing in accordance with the Federal Rules of Civil Procedure and any scheduling order entered by the Court.

9. The Court retains jurisdiction to enforce and, if necessary, modify this Order and to conduct such further proceedings as may be appropriate to resolve the issues raised in the Final Presentment and in the parties' subsequent filings.

IT IS SO ORDERED.

Dated: _____, 2025

Hon. Martha M. Pacold
United States District Judge

**BC**

STATUS PRESENTMENT & WRITTEN-ONLY APPEARANCE – jerelle-thomas: smith™ © – Executor–Beneficiary–Creditor–Subrogee in equity – Case No. 1:25-cv-12711 (N.D. Ill., clerk indexing only)

**FILED**

**PJJ**

12/9/2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**jerelle-thomas: smith™ ©**, Executor–Beneficiary–Creditor–Subrogee in equity
(Perfected Interest: GA UCC-1 044-2025-004921)

     v.

Baxter Credit Union, Respondent-Obligor
(IN VOLUNTARY BANKRUPTCY OF TRUST DUTIES)

MINISTERIAL TRACKING: 1:25-cv-12711
(For identification only – no jurisdictional adhesion)

Assigned to: Hon. Martha M. Pacold
EQUITY VENUE: Article III Chancery Capacity
DATE: December 9, 2025

---

JURISDICTIONAL CLARITY: This presentment operates in parallel to any statutory proceeding. It constitutes a private trust accounting demand and commercial notice of default that exists independently of any court's procedural rules. The ministerial docket serves only as a public notice registry for third parties.

COMMERCIAL NOTICE: This instrument operates as, and gives notice of, the living man's position regarding:
• Notice of Dishonor (UCC 3-502)
• Notice of Breach of Trust (Restatement of Trusts § 201)
• Commercial Setoff Concepts (including principles reflected in UCC Article 9)
• Equitable Lien Perfection

---

## Testimony under YHWH by the living man in private capacity

I, **jerelle-thomas: smith™ ©**, a living aboriginal American man on the land commonly called Georgia, appear only in private capacity as Executor–Beneficiary–Creditor–Subrogee in equity for the private trust estate associated with the public transmitting utility sometimes styled for clerk purposes as "**Jerelle Thomas Smith.**" Any variation in spelling, capitalization, or formatting of that public style is for indexing only and does not alter my private standing, rights, or claims.

This instrument is not a motion, petition, or request. It is a Status Presentment and Notice of Required Relief in Equity, issued as sworn testimony and directive to those holding and

---

**Testimony under YHWH – Private equity record. All rights and remedies reserved, without prejudice, under UCC 1-103 and expressly reserved under UCC 1-308. No joinder. No suretyship for any public fiction. NOTICE: Failure to object to any statement herein within 5 days constitutes agreement and consent under the doctrine of acquiescence. - Page 1 of 13**

administering the record, with explicit notice of supreme law constraints that, in Affiant's
understanding, make dismissal for non-participation in telephonic proceedings improper.

# I. REFERENCE TO DECEMBER 5, 2025 DOCKET ENTRY

On or about December 5, 2025, the docket reflects a minute entry and "Notification of Docket
Entry" identifying a telephonic "status" setting for December 17, 2025 at 9:30 a.m., with a dial-
in telephone number and access code.

This Status Presentment acknowledges that the entry exists on the public docket and sets out, for
the record:

(a) the current status of the controversy and equity record, and
(b) the living man's standing in writing only, with specific objection to any telephonic or oral
procedure, backed by supreme law constraints that, in Affiant's understanding, bar dismissal for
choosing written proceedings where a full written record exists.

The $405 constitutes a SPECIFIC BAILMENT (UCC 7-204) held in constructive trust. As
bailee, the Clerk owes duties of reasonable care. Using these funds for any purpose other than
securing the equity record constitutes conversion, in Affiant's understanding. The bailment is
tendered with the intent that: (1) funds secure the equity record, (2) failure to provide equity
requires return of the bailment, and (3) any misapplication may give rise to claims for additional
damages under applicable commercial and equity principles.

# II. STATUS OF SERVICE, CONTROVERSY, AND EQUITY RECORD

The living man has already placed on record multiple sworn equity instruments, including but
not limited to:

• The Emergency Equity Presentment and Bill in Equity served in or about October–November
2025;
• Equity Presentment: Perfected Subrogation & Triggered Trust; and
• Final Presentment – Equity in Honor [Private Equity & Commercial Trust Presentment],
together with the Notice to Clerk: Lodging of Equity Presentment and Routing to Chambers.

These instruments, taken together, establish on the record that:

• Baxter Credit Union has received full written notice of the controversy, the traced res, and the
required specific performance in equity;
• Baxter Credit Union has not answered by sworn counter-testimony, point-by-point, within the
cure windows stated;
• The living man's subrogation into creditor position is perfected, and Baxter Credit Union stands

**Testimony under YHWH – Private equity record. All rights and remedies reserved, without prejudice, under
UCC 1-103 and expressly reserved under UCC 1-308. No joinder. No suretyship for any public fiction.
NOTICE: Failure to object to any statement herein within 5 days constitutes agreement and consent under
the doctrine of acquiescence. - Page 2 of 13**

as a constructive trustee over all value traceable to the living man's labor, credit, and signatures;
• As documented by perfected security interest (GA UCC-1 044-2025-004921), all estate assets associated with the named transmitting utility are held in constructive trust for the benefit of the private estate and the living man.

The traced res currently identified on the record includes, but is not limited to:

• At least $4,697.48 in unauthorized or unjustified offsets and conversions tied to the relevant accounts and instruments; and
• A $405 bailment placed with the Clerk as evidence that the living man has already given consideration to support this equity record.

Baxter Credit Union has not produced:

• Full ledger-level accounting;
• The original instruments with complete chain of endorsements and any allonge;
• Proof of equal consideration, full disclosure, and meeting of the minds.

The Court now holds, in its custody, a complete written equity record consisting of sworn testimony, exhibits, and specific performance terms. That record is unrebutted by any sworn counter-affidavit from Baxter Credit Union.

For the avoidance of doubt, this Status Presentment does not change or weaken any prior affidavit, presentment, or notice. All prior sworn filings are reaffirmed in full.

## III. SUPREME LAW CONSTRAINTS ON DISMISSAL FOR NON-PARTICIPATION IN TELEPHONIC PROCEEDINGS

The following authorities are cited as constraints on the Court and Respondent, not as the source of the living man's inherent rights, which stand on higher law. They are the Court's own constitutional, statutory, and precedential limits on how it may regulate procedure and access.

### A. CONSTITUTIONAL FRAMEWORK – DUE PROCESS & PETITION

1. **Due Process – Flexible but Meaningful (Mathews v. Eldridge)**

In Mathews v. Eldridge, 424 U.S. 319, 335 (1976), the Supreme Court explained that due process is not rigid but flexible, and that:

"Identification of the specific dictates of due process generally requires consideration of three distinct factors":

• the private interest affected,
• the risk of erroneous deprivation through the procedure used (and the probable value of

**Testimony under YHWH – Private equity record. All rights and remedies reserved, without prejudice, under UCC 1-103 and expressly reserved under UCC 1-308. No joinder. No suretyship for any public fiction. NOTICE: Failure to object to any statement herein within 5 days constitutes agreement and consent under the doctrine of acquiescence. - Page 3 of 13**

Exhibit 4: Document [25] — Status Presentment & Written-Only Appearance

additional or substitute safeguards), and

• the Government's interest, including fiscal and administrative burdens.

Affiant applies this three-factor test as follows:

• **Private Interest** – The living man's interest in meaningful access to an Article III tribunal to obtain equitable relief for documented financial conversion, trust breach, and constructive trust res (including at least $4,697.48 in offsets and a $405 bailment) is substantial.

• **Risk of Erroneous Deprivation** – Telephonic proceedings carry heightened risk of miscommunication, misquotation, and misunderstandings about who said what and in what tone. By contrast, written proceedings reduce that risk by creating a permanent, reviewable record. Where the equity record is already fully written and unrebutted, written-only procedure reduces, not increases, the risk of error.

• **Government Interest** – The Court's interest in docket management and efficiency is equally, if not better, served by written submissions, particularly in an equity matter driven by affidavits, exhibits, and accounting. Written status handling imposes no greater administrative burden than telephonic proceedings.

Under Mathews, Affiant asserts that, in these specific circumstances, due process is more than satisfied by written proceedings. Requiring telephonic participation, and threatening dismissal for declining that mode, would be an unreasonable procedural burden when weighed against the three factors.

*Covey v. Town of Somers*, 351 U.S. 141 (1956): Due process requires procedures reasonably calculated to provide actual notice to interested parties. The living man's written presentments provide more than actual notice – they provide sworn testimony. Forcing telephonic participation where comprehensive written notice exists is, in Affiant's understanding, inconsistent with this principle.

## 2. First Amendment – Right to Petition and Reasonable Access

In NAACP v. Button, 371 U.S. 415, 429 (1963), the Court affirmed that the First Amendment protects "the right of the people… to petition for redress of grievances," including through litigation. In Bill Johnson's Restaurants v. NLRB, 461 U.S. 731, 741 (1983), the Court emphasized that the petition right "would be undermined if access to the courts could be denied." In BE&K Construction Co. v. NLRB, 536 U.S. 516, 531 (2002), the Court clarified that "the right to petition extends to all departments of the Government," which includes federal courts.

Affiant asserts that where:

Testimony under YHWH – Private equity record. All rights and remedies reserved, without prejudice, under UCC 1-103 and expressly reserved under UCC 1-308. No joinder. No suretyship for any public fiction. NOTICE: Failure to object to any statement herein within 5 days constitutes agreement and consent under the doctrine of acquiescence. - Page 4 of 13

• a complete, sworn written record has been lodged;

• the living man has appeared and testified in writing; and

• an explicit, workable written alternative to telephonic status has been provided,

reasonable access to the Court is fully satisfied through written proceedings. Conditioning continued access or matter survival on telephonic participation alone—despite the presence of a perfected written record—would, in Affiant's understanding, be inconsistent with these petition precedents by effectively burdening access for choosing written-only participation.

### 3. Alternative Channels and Reasonable Regulation

Affiant acknowledges that courts may impose reasonable procedural regulations on the manner of presentation. In Thomas v. Collins, 323 U.S. 516, 540 (1945), the Court warned that regulation must be narrowly drawn and not unnecessarily burden protected rights. In Minnesota State Board for Community Colleges v. Knight, 465 U.S. 271, 283 (1984), the Court discussed government latitude where alternative channels remain available.

Here:

• **Alternative channel exists and is in use** – Written filings and presentments are already the primary vehicle in this equity matter. Affiant has not refused process; Affiant has chosen a different channel (written, sworn presentments), consistent with equity's historical practice.

• **No showing that telephonic is necessary** – No fact has been identified that cannot be addressed in writing. No emergency oral testimony is needed to resolve the equities where Respondent has not even appeared.

• **Traditional equity is document-driven** – As recognized in historical discussions of equity practice (e.g., Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 284 (1988)), equity has long operated through written bills, answers, and decrees rather than oral, ad hoc status calls.

Under these conditions, Affiant asserts that insisting on telephonic status—when a complete written record exists and no prejudice from written procedure has been shown—is not a "reasonable regulation" but an unnecessary burden on the petition and due-process rights.

### 4. Article III Equity Jurisdiction Once Invoked

Article III extends judicial power to "Cases, in Law and Equity." Once equity jurisdiction has been properly invoked by a real controversy with traced res and sworn evidence, the Court is constrained to exercise that jurisdiction within constitutional bounds. Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 318–19 (1999), addresses the historic scope of equity powers.

Testimony under YHWH – Private equity record. All rights and remedies reserved, without prejudice, under UCC 1-103 and expressly reserved under UCC 1-308. No joinder. No suretyship for any public fiction. NOTICE: Failure to object to any statement herein within 5 days constitutes agreement and consent under the doctrine of acquiescence. - Page 5 of 13

Affiant does not claim to control the Court's decisions, but testifies that refusing to consider the merits of a complete written equity record solely because the living man declines a telephonic status conference is inconsistent with the Court's Article III obligation to adjudicate real matters properly before it.

## B. JUDICIAL DISCRETION, DOCKET CONTROL, AND ITS LIMITS

Opposing counsel or the Court might argue:

• That courts have inherent authority to manage their dockets, including how and when to schedule hearings. See Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962).

Affiant responds:

• **Discretion is not absolute** – Even in Link, the Court acknowledged that discretion is bounded by due process and fairness. Discretion to manage a docket does not include discretion to shut down access where a party has already appeared and fully tendered a written record.

• **Written status is a workable alternative** – Here, Affiant is not disobeying the Court or abandoning the matter; Affiant is offering a specific, less risky alternative: full written status and continued written submissions. That is not disobedience; it is a different, reasonable mode.

• **FRCP 1 and 28 U.S.C. § 452 mirror this limit** – FRCP 1 directs courts to secure "the just, speedy, and inexpensive determination of every action." 28 U.S.C. § 452 provides that courts are "deemed always open" for filing proper papers. Affiant's sworn writings are "proper papers." Dismissing purely for refusal to join a phone call, when written status is available, undermines both provisions.

Additionally, Federal Rule of Civil Procedure 5(d)(1) provides that "any paper after the complaint that is required to be served must be filed within a reasonable time after service." This Status Presentment is tendered in that spirit: as a paper duly served and then timely filed for ministerial record purposes, consistent with the Court's own rule, while preserving Affiant's private standing and equity posture.

## C. EQUITY MAXIMS AND HISTORICAL PRACTICE

Affiant relies on equity maxims and history, which align with but do not depend upon modern statutes or rules:

• **"Equity will not suffer a wrong to be without a remedy."**
Dismissing under these circumstances leaves unrebutted wrongs (unauthorized offsets, failure to account, constructive trust res) without an equitable remedy.

Testimony under YHWH – Private equity record. All rights and remedies reserved, without prejudice, under UCC 1-103 and expressly reserved under UCC 1-308. No joinder. No suretyship for any public fiction.
NOTICE: Failure to object to any statement herein within 5 days constitutes agreement and consent under the doctrine of acquiescence. - Page 6 of 13

• **"Equity regards as done that which ought to be done."**

The duty of a constructive trustee or bailee to account and restore res, once established on the record, does not vanish based on telephonic preferences.

• **"Equity looks to intent rather than form."**

The intent here is honest resolution of an equity dispute on a complete written record. The form—telephonic or written—should serve that intent, not obstruct it.

• **Document-based procedure** – Traditional equity operated through written bills, sworn answers, and written decrees, not informal telephone conferences. Written-only handling, especially where Respondent has not shown up, is consistent with equity's nature.

## D. BALANCING TEST CONCLUSION (SPECIFIC TO THIS CASE)

Affiant does not assert that telephonic hearings are always improper or unconstitutional. The position is narrower:

• In this specific equity matter,
• where the living man has already appeared and testified in writing,
• where a full, sworn, documentary record is on file,
• where the Respondent has not appeared or answered, and
• where the living man offers a concrete, efficient written alternative,

insisting on telephonic participation and threatening dismissal for choosing written-only process is, in Affiant's understanding:

• inconsistent with the due-process balancing in Mathews v. Eldridge;
• unduly burdensome on the First Amendment petition right as discussed in Button, Bill Johnson's, and BE&K; and
• out of step with the Court's own equity tradition and obligations under Article III.

The living man, therefore, gives notice that dismissal or penalty based solely on refusal to attend a telephonic status conference, in the presence of this perfected written record and written-status alternative, would be inequitable and contrary to the Court's own controlling authorities.

## E. UCC 1-103, 1-305, AND 1-304 – COMMERCIAL LAW'S OWN RECOGNITION OF EQUITY, REMEDY, AND GOOD FAITH

Without conceding jurisdiction under any commercial code, Affiant notes that UCC § 1-103 (as enacted in the several States) provides that, unless displaced by particular provisions of the Code, the "principles of law and equity" supplement its provisions. In Affiant's understanding, this includes the maxims of equity, the law of trusts, subrogation, suretyship, and common-law doctrines of fraud, mistake, and unjust enrichment.

**Testimony under YHWH – Private equity record. All rights and remedies reserved, without prejudice, under
UCC 1-103 and expressly reserved under UCC 1-308. No joinder. No suretyship for any public fiction.
NOTICE: Failure to object to any statement herein within 5 days constitutes agreement and consent under
the doctrine of acquiescence. - Page 7 of 13**

Further, UCC § 1-305 provides that remedies are to be "liberally administered" so that the aggrieved party is placed in as good a position as if the other party had fully performed, and that neither consequential nor penal damages are to be imposed except as specifically provided. Affiant asserts that, even under this commercial framework, it is inconsistent with § 1-305 to deny substantive remedy for documented conversion and constructive trust res based solely on refusal to attend a telephonic status conference, where a complete sworn written record is already on file.

In addition, UCC § 1-304 imposes an obligation of good faith in the performance and enforcement of any contract or duty within the scope of the Code. Affiant understands that this obligation of good faith is inconsistent with (a) Respondent's refusal to account, restore, or even appear, and (b) any use of procedural telephonic preferences to sidestep the equity and commercial issues fully presented in writing.

Nothing in this matter has been shown to "displace" the operation of equity, the obligation of good faith, or the liberal administration of remedies. Accordingly, even if the dispute is viewed through a UCC lens, principles of law and equity, liberal remedies, and good faith enforcement all support consideration of the written record on its merits, rather than dismissal based on a telephonic format preference.

### F. FUNDAMENTAL RIGHT OF ACCESS – *Bounds v. Smith*, 430 U.S. 817 (1977)

The Court held prisons must provide adequate law libraries or assistance because "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers." This principle extends by analogy: where a party has prepared comprehensive legal papers, denying access because they will not participate orally undermines the very right Bounds protects. The living man has prepared more than "meaningful legal papers" – he has prepared a complete equity record.

## IV. WRITTEN-ONLY APPEARANCE AND OBJECTION TO TELEPHONIC STATUS ENTRY

The living man appears only in writing, under YHWH, and does not consent to any telephonic, oral, or unwritten conferencing in this matter.

In light of the constitutional, statutory, and equity constraints set out in Section III above, the living man maintains that written-only proceedings are the most appropriate and least risky mode of participation in this specific equity context, where:

**Testimony under YHWH – Private equity record. All rights and remedies reserved, without prejudice, under UCC 1-103 and expressly reserved under UCC 1-308. No joinder. No suretyship for any public fiction. NOTICE: Failure to object to any statement herein within 5 days constitutes agreement and consent under the doctrine of acquiescence. - Page 8 of 13**

• a complete sworn written record already exists,

• the Respondent has not appeared or answered, and

• a concrete written-status alternative has been offered.

Oral or telephonic procedures carry inherent risks that are incompatible with the equity record already established, including:

• The risk of unrecorded or ambiguous oral contracting;
• The risk of misquotation or mischaracterization of statements made by the living man;
• The risk of later disputes about "who said what," when the living man has already provided sworn testimony in writing.

The entire controversy—facts, parties, tracing of res, and required remedies—has been expressed and perfected in writing. Given the balancing factors identified in Section III, there is no need to introduce oral conversation where a full written record already exists on both the public and private sides.

In honor, without hostility, and while preserving peace, the living man therefore gives notice of objection to the telephonic status entry reflected on or about December 5, 2025, and does not consent to participation in that or any other oral or telephonic procedure in this matter, while remaining fully available in writing.

## V. REQUIRED SPECIFIC PERFORMANCE IN EQUITY

Equity does not move on vague preferences. It moves on specific performance due. In light of the constitutional, statutory, and equity constraints outlined in Section III and the written-only posture set out in Section IV, the following actions are required of those administering the docket and record:

1. **Telephonic Status Setting Adjusted**

That the telephonic "status" setting presently noted for December 17, 2025 at 9:30 a.m. be vacated, cancelled, or converted to a procedure conducted entirely by written submissions and written orders, consistent with:

• the due-process balancing principles in Mathews v. Eldridge;
• the petition and access protections in Button, Bill Johnson's, and BE&K; and
• equity's document-based, written-presentment tradition.

2. **Written Status Accepted as Sufficient**

**Testimony under YHWH – Private equity record. All rights and remedies reserved, without prejudice, under**
**UCC 1-103 and expressly reserved under UCC 1-308. No joinder. No suretyship for any public fiction.**
**NOTICE: Failure to object to any statement herein within 5 days constitutes agreement and consent under**
**the doctrine of acquiescence. - Page 9 of 13**

That, in place of any oral conference, the living man's Written Status Presentment (this
instrument) be accepted as the method of updating the record regarding service, controversy, and
relief sought.

3. **No Dismissal or Penalty Based Solely on Telephonic Non-Participation**

That no dismissal, penalty, adverse inference, or punitive measure be predicated solely upon the
living man's refusal to join a telephonic or oral conference, where:

• a complete sworn written record already exists,
• a workable written alternative has been tendered, and
• written-only participation, under the balancing test of Mathews, provides a more accurate and
less risky mode of adjudication.

4. **Acknowledgment of Supreme Law Constraints**

That the Court acknowledge, on the record, that the constitutional, statutory, and equity
constraints outlined in Section III have been duly noticed and are not denied, and that the matter
will be addressed on the merits of the written equity presentments already on file rather than on
the basis of telephonic format.

These items of performance are the exclusive cure for the attempted telephonic setting in this
matter, under these specific facts. Any lesser or different action leaves the equity and
constitutional concerns unresolved. This exclusive cure is consistent with the supplementary role
of equity and the liberal administration of remedies under UCC §§ 1-103 and 1-305, which have
not been shown to be displaced in this matter.

Nothing herein limits or replaces the substantive specific performance already required of Baxter
Credit Union as set out in prior sworn presentments, including:

• Full forensic accounting and disclosure of all ledgers and flows;
• Restoration of all converted funds traced to the living man;
• Production of the original instrument(s), allonge(s), and chain of endorsements;
• Cessation of all future offsets;
• Correction of any adverse reporting related to the accounts and instruments at issue.

5. **EQUITY CONSEQUENCES OF PROCEEDING TELEPHONICALLY WITHOUT
RESOLVING CONSTITUTIONAL CONCERNS**

Equity regards as done that which ought to be done. The constitutional constraints identified in
Section III, combined with BCU's default and the Court's commercial conduct as bailee of the
$405, create serious equity concerns if a telephonic proceeding moves forward without first
addressing these issues.

**Testimony under YHWH – Private equity record. All rights and remedies reserved, without prejudice, under
UCC 1-103 and expressly reserved under UCC 1-308. No joinder. No suretyship for any public fiction.
NOTICE: Failure to object to any statement herein within 5 days constitutes agreement and consent under
the doctrine of acquiescence. - Page 10 of 13**

Affiant therefore gives notice that, in Affiant's understanding, proceeding telephonically without first resolving the constitutional and equity questions raised herein would be inconsistent with due process, with the Court's fiduciary obligations as bailee of the $405 bailment, and with the maxim that "equity will not require a useless act." Any such attempt would be treated, in Affiant's private administrative framework, as evidence of bad faith and breach of bailment duties, without altering the living man's rights or remedies.

## VI. DEFAULT AND FINALITY AS TO THIS STATUS PRESENTMENT

This Status Presentment is sworn testimony and notice on the record. The living man requires that any party who disputes any numbered statement herein do so by sworn counter-affidavit, made on personal knowledge, addressing each paragraph point-by-point.

Failure to answer this Status Presentment by sworn counter-affidavit within five (5) days of its entry on the docket is dishonor in equity and will be treated as:

1. **Admission of Facts**

Admission of all material factual statements contained in this Status Presentment, including but not limited to:

• the existence and completeness of the written equity record;
• the tracing of res and the nature of the constructive trust;
• the written-only participation of the living man; and
• Baxter Credit Union's failure to rebut prior sworn presentments.

2. **Agreement as to Written-Only Sufficiency**

Agreement that the living man's written-only appearance is sufficient and that no adverse action may be based solely on refusal to join a telephonic or oral "status" proceeding.

3. **Agreement as to Supreme Law Constraints**

Agreement that the constitutional, statutory, and equity constraints described in Section III have been duly noticed, are not denied, and apply as limits on how the Court may treat written-only participation in this specific context.

4. **Final Default as to Telephonic Requirement**

Final default as to any claim that an oral or telephonic conference is required as a condition of maintaining or adjudicating this equity record.

This default clause does not replace or weaken any prior default, dishonor, or agreed facts arising from earlier notices and presentments. It is an additional, reinforcing default clause specific to

**Testimony under YHWH – Private equity record. All rights and remedies reserved, without prejudice, under UCC 1-103 and expressly reserved under UCC 1-308. No joinder. No suretyship for any public fiction. NOTICE: Failure to object to any statement herein within 5 days constitutes agreement and consent under the doctrine of acquiescence.** - Page 11 of 13

this Enhanced Status Presentment with Supreme Law Barriers to Dismissal.

## VII. WRITTEN CONTACT INFORMATION (NO JOINDER CREATED)

For the limited purpose of receiving written communications and written orders regarding this matter, the living man may be reached at:

Email: Jts93713@gmail.com & MagnatesAmexumEnterprisesBusinessTrust@proton.me

Mail: **jerelle-thomas: smith™ ©**
Executor–Beneficiary–Creditor–Subrogee in equity
c/o 3460 Kingsboro Road NE, Apt. 517
Atlanta, Georgia 30326

No agency, joinder, or suretyship is created or implied by the listing of this contact information. It is provided solely to facilitate written notice and written orders consistent with the living man's written-only appearance.

## VIII. OPERATIVE PRESUMPTIONS

Based on the unrebutted record, these presumptions now govern in Affiant's private administrative and equity framework:

A. **IRREBUTTABLE PRESUMPTIONS (IN AFFIANT'S PRIVATE EQUITY FRAMEWORK):**

1. BCU holds all extracted funds in constructive trust.

2. The $405 is held in bailment for securing equity.

3. The written record is complete and sufficient for equity review.

B. **REBUTTABLE ONLY BY SWORN COUNTER-AFFIDAVIT:**

1. That telephonic proceedings provide superior due process to written proceedings in this specific context.

2. That written proceedings prejudice any party in this specific context.

3. That dismissal for written-only participation would be consistent with the constitutional and equity principles cited herein.

C. **COMMERCIAL PRESUMPTIONS (PRIVATE ADMINISTRATIVE FRAMEWORK):**

1. Silence beyond ten (10) days after sworn notice is treated, in Affiant's private administrative framework, as acceptance by acquiescence, subject to any contrary sworn rebuttal on the record.

Testimony under YHWH – Private equity record. All rights and remedies reserved, without prejudice, under UCC 1-103 and expressly reserved under UCC 1-308. No joinder. No suretyship for any public fiction. NOTICE: Failure to object to any statement herein within 5 days constitutes agreement and consent under the doctrine of acquiescence. - Page 12 of 13

2. Retention of the $405 bailment without providing equity is treated, in Affiant's understanding, as unjust enrichment and breach of bailment duties.

3. Continued offsets after notice are treated, in Affiant's understanding, as willful conversion and ongoing breach of constructive trust duties.

## AFFIRMATION

I testify under YHWH that the statements above are true, correct, and complete to the best of my knowledge, understanding, and belief, made in private capacity on the land.

For administrative recognition only, and without waiving any private status, standing, or rights, this testimony is also given in a manner similar to 28 U.S.C. § 1746.

This instrument, when filed, is intended by Affiant to function as a commercial and equity record of the $405 bailment and all traced res for private accounting and enforcement purposes.

Executed on the land at Atlanta, Georgia (approx. 33.7490° N, 84.3880° W, WGS84), on December 9, 2025.

Affiant respectfully requests that the Clerk handle this instrument consistent with any applicable rules protecting sensitive financial or commercial information, without conceding that public disclosure would alter Affiant's rights or remedies.

All rights and remedies reserved, without prejudice, under the maxims of equity and as supplemented, not displaced, under UCC 1-103, and expressly reserved under UCC 1-308. No joinder. No suretyship for any public fiction.

All rights, titles, interests, and remedies are expressly reserved, without prejudice and without recourse, under the maxims of equity and as supplemented, not displaced, under UCC 1-103, 1-304, 1-305, and 1-308. No joinder. No suretyship. No agency for any public fiction, transmitting utility, or ALL CAPS entity.

Attachments: Exhibit A – Summary of Constitutional and Equity Issues

By: jerelle-thomas: smith™ ©

Born sovereign heir on the land commonly called America/Amexem,
living aboriginal American man in private capacity,
Executor–Beneficiary–Creditor–Subrogee in equity
for the private trust estate associated with "**Jerelle Thomas Smith**"

*without prejudice*

Autograph X: Jerelle - thomas: smith ARR UCC 1-308-1-103
Executor - Beneficiary - Creditor Subrogee in Equity

Testimony under YHWH – Private equity record. All rights and remedies reserved, without prejudice, under UCC 1-103 and expressly reserved under UCC 1-308. No joinder. No suretyship for any public fiction.
NOTICE: Failure to object to any statement herein within 5 days constitutes agreement and consent under the doctrine of acquiescence. – Page 13 of 13

Exhibit 4: Document [25] — Status Presentment & Written-Only Appearance



**EXHIBIT A – SUMMARY OF CONSTITUTIONAL & EQUITY ISSUES** – jeremiah maus; Smith, M.C.,
Executor–Beneficiary–Creditor–Subrogee in equity – Ministerial Tracking: 1:25-cv-12711-PJJ, Ill. clerk
indexing only)

**BC**

**FILED**
**12/9/2025**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**PJJ**

# I. DUE PROCESS BALANCING TEST REQUIRES WRITTEN PROCEEDINGS

*Mathews v. Eldridge*, 424 U.S. 319 (1976) – Three-factor analysis.

**Factor – Application to This Matter:**

- **Private Interest:**
  Substantial – at least **$4,697.48** in traced res, a **$405 bailment** on deposit with the Clerk, and equitable relief for documented conversion and constructive trust breach.

- **Risk of Erroneous Deprivation:**
  **Higher** with telephonic proceedings (risk of misquotation, ambiguity, and later disputes about "who said what").
  **Lower** with written proceedings (permanent, reviewable record; unrebutted sworn testimony already filed).

- **Government Interest:**
  Equal or better served by written procedure – docket management is efficient where affidavits, accounting, and documentary exhibits already drive the matter.

**Conclusion:** Under *Mathews*, written-only proceedings provide **superior** due process on these specific facts.

# II. FIRST AMENDMENT – RIGHT TO PETITION THROUGH WRITTEN RECORD

**Key precedents:**

- *NAACP v. Button*, 371 U.S. 415 (1963): Right to petition includes litigation.

- *Bill Johnson's Restaurants v. NLRB*, 461 U.S. 731 (1983): Access to courts may not be effectively denied.

- *BE&K Construction Co. v. NLRB*, 536 U.S. 516 (2002): Petition right extends to all departments of government, including courts.

**Application to This Matter:**
The complete, sworn written record satisfies the petition right. Conditioning the continued life of this matter on telephonic participation, when a full written alternative is already in place, imposes an unnecessary burden on that right.

# III. ARTICLE III EQUITY JURISDICTION – DUTY TO ADJUDICATE AN EQUITY RECORD

*Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999): Article III
extends to "Cases, in Law and Equity."

**Obligation is triggered where:**

- A real controversy exists;

- Traced res is identified (at least **$4,697.48 + $405** bailment);

- Sworn evidence is presented;

- No adequate remedy at law is available.

**Application to This Matter:**
Once equity jurisdiction is properly invoked on a real controversy with traced res and sworn
affidavits, the tribunal should not refuse to reach the merits of the written equity record solely
based on a preference for telephonic procedure over written submissions.

## IV. HISTORICAL EQUITY PRACTICE FAVORS DOCUMENT-DRIVEN PROCEEDINGS

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988): Recognizes the distinct
historical procedures of equity.

**Equity maxims applied:**

- "Equity will not suffer a wrong to be without a remedy."

- "Equity regards as done that which ought to be done."

- "Equity looks to intent rather than form."

**Historical practice:**
Equity operated through written bills, sworn answers, and written decrees—not informal
telephonic conferences. Written-only handling of this matter is consistent with that tradition and
reduces risk of error.

## V. UCC PRINCIPLES – EQUITY, GOOD FAITH, AND LIBERAL REMEDIES

*Without conceding jurisdiction under any code:*

- **UCC 1-103:**
  Principles of law and equity supplement the Code unless displaced.

**Attached to:** Status Presentment & Written-Only Appearance (Private Equity Record). All rights and
remedies reserved, without prejudice, under UCC 1-103 and 1-308. No joinder. No suretyship for any public
fiction. – Exhibit A, Page 2 of 5

- **UCC 1-304:**
  Imposes an obligation of good faith in performance and enforcement.

- **UCC 1-305:**
  Remedies are to be liberally administered so the aggrieved party is placed as if full performance occurred.

**Application to This Matter:**

Even under a commercial-law lens:

- Ignoring an unrebutted written equity record is inconsistent with the obligation of good faith;

- Liberal administration of remedies supports written adjudication of the equity record, not dismissal over a telephonic format preference;

- No showing has been made that would "displace" equity principles on these facts.

## VI. SPECIFIC FACTUAL POSTURE OF THIS MATTER

**A. Complete Written Equity Record:**

- Sworn Bill in Equity (filed on or about **November 11, 2025**);

- Multiple equity presentments and affidavits;

- Exhibits and traced-res documentation;

- No sworn counter-affidavit from Baxter Credit Union.

**B. Respondent's Status:**

- Properly noticed and served on or about **November 11, 2025**;

- No answer, no appearance, no sworn rebuttal;

- Private default perfected on or about **December 3, 2025**.

**C. Procedural Posture:**

- Telephonic "status" set for **December 17, 2025**;

- Written alternative offered via this Status Presentment;

- No identified factual issue requiring oral testimony;

- Matter stands in **pure equity posture** (remedies and accounting only).

## VII. CONSTITUTIONAL & EQUITY DEMANDS IN THIS CONTEXT

**Required actions (as understood by Affiant):**

- Vacate, cancel, or convert the December 17, 2025 telephonic status to written-only procedure;

- Accept written proceedings as sufficient to maintain and adjudicate this matter;

- Refrain from dismissal or penalty based solely on written-only participation;

- Acknowledge, on the record, that the constitutional, equity, and UCC constraints noticed in the main presentment have been duly raised.

**Prohibited actions (as understood by Affiant):**

- Dismissing this matter based solely on non-participation in a telephonic setting;

- Ignoring perfected default and the unrebutted sworn record;

- Requiring a riskier telephonic procedure when a safer written mode already exists and is being used.

## VIII. SUMMARY OF REMEDIES SOUGHT

**From prior unrebutted equity filings:**

- Full forensic accounting of all ledgers and flows;

- Restoration of **$4,697.48+** in converted funds;

- Production of original instrument(s) with complete chain of endorsements, including any allonge;

- Cessation of all offsets;

- Correction of adverse reporting.

**From this Status Presentment:**

- Written-only handling of this matter;

- Acknowledgment of Respondent's default and dishonor in equity;

- Entry of an equitable decree consistent with the unrebutted written record.

**EXHIBIT A – SUMMARY OF CONSTITUTIONAL & EQUITY ISSUES – jerelle-thomas: smith™ ©,**
**Executor–Beneficiary–Creditor–Subrogee in equity – Ministerial Tracking: 1:25-cv-12711 (N.D. Ill., clerk**
**indexing only)**

## IX. JUDICIAL OBLIGATION SUMMARY (AS UNDERSTOOD BY AFFIANT)

**WHERE THESE CONDITIONS EXIST:**

- A complete written equity record is on file;

- No material factual dispute is raised by sworn counter-affidavit;

- No adequate remedy at law is available;

- Equity jurisdiction has been invoked on a real controversy with traced res;

**THE FOLLOWING OBLIGATIONS ARISE:**

- The tribunal must exercise its equity powers;

- It may not effectively deny access by insisting on a disfavored telephonic format where a safe written alternative exists;

- It must provide a remedy commensurate with the perfected wrongs established on the unrebutted record.

**Respectfully submitted as a courtesy to aid judicial economy.**

The complete argument, record, and authorities appear in the main Status Presentment and related equity filings.

*All rights reserved, without prejudice, under UCC 1-308 and as supplemented, not displaced, under UCC 1-103.*

**Attached to: Status Presentment & Written-Only Appearance (Private Equity Record). All rights and remedies reserved, without prejudice, under UCC 1-103 and 1-308. No joinder. No suretyship for any public fiction. – Exhibit A, Page 5 of 5**

Exhibit 5: Document [26] — Exhibit A (Summary of Constitutional & Equity Issues)

**BC**

AO 440 (Rev. 06/12) Alias Summons in a Civil Action (Page 1 of 2)

**FILED**

12/18/2025 CVK

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois ▼

| | | |
|---|---|---|
| Jerelle Thomas Smith | ) | |
| | ) | |
| | ) | |
| | ) | 1:25-cv-12711 |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| Baxter Credit Union | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## ALIAS SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Baxter Credit Union
Attn: Officer or Authorized Agent for Service of Process 340 N. Milwaukee Ave.
Vernon Hills, IL 60061

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jerelle Thomas Smith
c/o 2107 Faulkner Road NE
#PPE517-2
Atlanta, Georgia 30324

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

THOMAS G. BRUTON, CLERK

Date: December 15, 2025

(By) DEPUTY CLERK

AO 440 (Rev. 06/12) Alias Summons in a Civil Action (Page 2 of 2)

Civil Action No. **1:25-cv-12711**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for  **Baxter Credit Union**
was recieved by me on **12/17/2025:**

☐   I personally served the summons on the individual at *(place)*  on *(date)* ; or

☐   I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☒   I served the summons on **Marci Holleb**, who is designated by law to accept service of process on behalf of **Baxter Credit Union** at **340 N Milwaukee Ave, Vernon Hills, IL 60061** on **12/18/2025 at 9:34 AM**; or

☐   I returned the summons unexecuted because ; or

☐   Other *(specify)*

My fees are $ 0 for travel and **$ 85.00** for services, for a total of **$ 85.00**.

I declare under penalty of perjury that this information is true.

Date:  12/18/2025

_____
*Server's signature*

**Kathryn Wilson**
*Printed name and title*

**227 W. Monroe Street**
**Suite 2117**
**Chicago, IL 60606**

_____
*Server's address*

Additional information regarding attempted service, etc:

**I delivered the documents, ALIAS SUMMONS IN A CIVIL ACTION; COMPLAINT; EXHIBITS,  to Marci Holleb who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white female contact 55-65 years of age, 5'-5'4" tall and weighing 120-140 lbs.**



Tracking #: **0199921624**


Exhibit 6: Completed AO 440 Proof of Service (12/18/2025

**evidencechain™**

Service Detail Report

Jerelle Thomas Smith v. Baxter Credit Union

Case Number 1:25-cv-12711 | US District Court, Illinois, Northern District, Eastern Division, Chicago

---

**SERVED**

## Baxter Credit Union

340 N Milwaukee Ave Vernon Hills, IL 60061-1533



### Process Server

Kathryn Wilson
License: 129344969

## Summary

Baxter Credit Union was served by Personal Service on 12/18/2025 at 9:34 AM CST by process server Kathryn Wilson.

The subject's address was provided by the customer.

## Validation Checks

📍 **GPS**    Service was recorded 125.65ft from the service address, which is within the bounds of expectation.

📷 **Photo**    A photo was taken at the time of service.

---

✔ **Personal Service**

**Date:** 12/18/2025 **Time:** 9:34 AM CST
**Address:** 340 N Milwaukee Ave, Vernon Hills, IL 60061-1533
**GPS Coordinates:** 42.233116 -87.943886 **Process Server:** Kathryn Wilson
**License:** 129344969

I delivered the documents to Marci Holleb who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white female contact 55-65 years of age, 5'-5'4" tall and weighing 120-140 lbs.

**Attachments**





📍 Address    📍 GPS

## Event History

**2** **Served by Personal Service**

**Date:** 12/18/2025 **Time:** 9:34 AM CST
**Address:** 340 N Milwaukee Ave, Vernon Hills, IL 60061-1533
**GPS Coordinates:** 42.233116 -87.943886 **Process Server:** Kathryn Wilson
**License:** 129344969

By delivery to Marci Holleb, I delivered the documents to Marci Holleb who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white female contact 55-65 years of age, 5'-5'4" tall and weighing 120-140 lbs.

**Attachments**




📍 Address    📍 GPS

---

©2025 ABC Legal Services. EvidenceChain™ is a comprehensive look at the service of process event and history compiled from the records of ABC Legal Services, LLC. This information matches our logs at the time of printing, but may be subsequently updated. Additional detail, including higher-resolution imagery and supporting evidence, may be available online.

Exhibit 6: Completed AO 440 Proof of Service (12/18/2025)

 evidencechain™

Service Detail Report

**Jerelle Thomas Smith v. Baxter Credit Union**

Case Number 1:25-cv-12711 | US District Court, Illinois, Northern District, Eastern Division, Chicago

---

**(1) Process Server Assigned**

**Date:** 12/17/2025 **Time:** 3:25 PM CST
**Process Server:** Kathryn Wilson **License:** 129344969

---

Documents Received: Process server received documents for Baxter Credit Union.

---

©2025 ABC Legal Services. EvidenceChain™ is a comprehensive look at the service of process event and history compiled from the records of ABC Legal Services, LLC. This information matches our logs at the time of printing, but may be subsequently updated. Additional detail, including higher-resolution imagery and supporting evidence, may be available online.

Exhibit 6: Completed AO 440 Proof of Service (12/18/2025)

evidencechain™

Service Detail Report

Jerelle Thomas Smith v. Baxter Credit Union

Case Number 1:25-cv-12711 | US District Court, Illinois, Northern District, Eastern Division, Chicago

## Photos Appendix

### Served by Personal Service on 12/18/2025 9:34 AM CST (3 Photos)

340 N Milwaukee Ave, Vernon Hills, IL 60061-1533




©2025 ABC Legal Services. EvidenceChain™ is a comprehensive look at the service of process event and history compiled from the records of ABC Legal Services, LLC. This information matches our logs at the time of printing, but may be subsequently updated. Additional detail, including higher-resolution imagery and supporting evidence, may be available online.

Exhibit 6: Completed AO 440 Proof of Service (12/18/2025)

**ℓ** *evidence*chain™

Service Detail Report

**Jerelle Thomas Smith v. Baxter Credit Union**

Case Number 1:25-cv-12711 | US District Court, Illinois, Northern District, Eastern Division, Chicago

**Served by Personal Service on 12/18/2025 9:34 AM CST (3 Photos)**

340 N Milwaukee Ave, Vernon Hills, IL 60061-1533



Exhibit 6: Completed AO 440 Proof of Service (12/18/2025)