UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERELLE-THOMAS SMITH,<br><br>Plaintiff,<br><br>v.<br><br>BAXTER CREDIT UNION,<br><br>Defendant. | Case No. 1:25-cv-12711<br>Judge Martha M. Pacold |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BAXTER CREDIT UNION'S MOTION TO DISMISS**

I.  **INTRODUCTION**

The Court should dismiss all claims asserted against Baxter Credit Union ("BCU") in the Complaint because Plaintiff Jerelle -Thomas Smith ("Plaintiff") fails to state a legally cognizable claim against BCU.

II.  **PROCEDURAL BACKGROUND AND ALLEGATIONS IN THE COMPLAINT**

Plaintiff alleges that he is a resident of Georgia, that BCU is headquartered in Illinois, and he invokes the jurisdiction of this Court on the ground of diversity. Dkt. 1 at 3.

The factual allegations offered by Plaintiff are difficult to decipher. For example, Plaintiff alleges, wholly implausibly, that BCU engaged in "asymmetric charging" because a promissory note that he issued "stands as value delivered and is presumptively **payment-first** unless rebutted by open-book accounting." Dkt. 1 at 4-5 (emphasis in original). As relief, he seeks "books opened," "instrument-proceeds … held to order for restoration to the living man," and a release of liens tied to two loans for a Mercedes and a Cadillac. *Id*. at 4, 7-9.

1

In doing so, the Complaint resembles allegations made by other *pro se* plaintiffs in recent years seeking to avoid debts to financial institutions for allegedly refusing to accept fictitious tender instructions as payment, and imposing finance charges that are "optional-no adhesion." Dkt. 1 at 9. *See*, *e.g.*, *Helman v. JPMorgan Chase Bank, N.A.*, 2025 WL 2207920 (S.D. Ohio Aug. 4, 2025), *report and recommendation adopted*, 2025 WL 2483421 (S.D. Ohio Aug. 28, 2025); *Brandon Joe Willliams ® v. American Express Co. et al*, No. 2:24-cv-0163, Doc. 1 (C.D. Cal. Feb 26, 2024). Such allegations have been routinely dismissed as frivolous by federal district courts across the nation. *See, e.g., Marfoe v. Discover Bank,* 2025 WL 36194 (N.D. Ill. Jan. 6, 2025) (Coleman, J.) (dismissing claims brought under federal law with prejudice)*; Boeve v. Southstate Bank N.A.*, 2024 WL 3090561 (M.D. Fla. June 20, 2024) (granting motion to dismiss without leave to amend); *Knapp v. Compass Minnesota, LLC*, 2024 WL 2832502 (D.Minn. June 4, 2024) (granting motion to dismiss with prejudice); *Moore v. Discover Bank*, 2024 WL 2784878 (S.D.N.Y. May 28, 2024) (same).

Plaintiff, supposedly as "beneficiary for his private trust estate" if his name is styled in lowercase letters, asserts a litany of maxims against BCU, apparently related to loans with BCU whose repayment Plaintiff seeks to restrain. Dkt. 1 at 5-6. Plaintiff's "attempt to construe himself as some other person or a separate corporate or other entity … has no basis in law" and "spelling a name in uppercase letters … do[es] not create a different person or create an 'artificial entity' or a corporation under the law." *United Staes v. Hakim*, 2018 WL 6184796, at *2 (N.D. Ga. Aug. 22, 2018), *report and recommendation adopted*, 2018 WL 4791085 (N.D. Ga. Oct. 4, 2018). *Accord*, *U.S. v. Delatorre*, 2008 WL 312647, at *2 (ND. Ill. Jan. 30, 2008).

Ignoring Federal Rule of Civil Procedure 10(b)'s requirement that a party must state its claims in numbered paragraphs— each stated in a separate count—Plaintiff lumps together the following "wrongs in equity" related to his motor vehicle accounts with BCU:

- Breach of Fiduciary Relationship;
- Unjust Enrichment;
- Unconscionable Contracting
- Conversion

According to Plaintiff, after he issued promissory notes to BCU, it was not entitled to assert that balances remained "after the payment-first status," and all sums are due back until he is provided a complete ledger trail. Dkt. 1 at 4. This contention finds no support in the law.

For the reasons set forth below, Plaintiff fails to and cannot state a claim against BCU upon which relief can be granted, and the Complaint must therefore be dismissed in its entirety with prejudice.

### III. LAW AND ARGUMENT

#### A. Standard of Review

The Federal Rules of Civil Procedure provide that all pleadings which state a claim for relief must contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the pleading standard as prescribed by Rule 8 does not require the plaintiff to set forth "detailed" factual allegations, it does require more than unsupported legal conclusions and conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 requires the plaintiff to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, "labels and conclusions and a formulaic recitation of a cause of action's elements will not do." *Id*. Further, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 67879 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

When reviewing a motion to dismiss, a court must determine whether the complaint at issue contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). While a court must accept all allegations as true when assessing a motion under Rule 12(b)(6), to survive a motion to dismiss, he must still provide more than mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" for the complaint to be considered adequate. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557.

Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). But this does "not require a court to conjure allegations on a litigant's behalf" or "create a claim for the *pro se* Plaintiff." *Profitt v. Divine Sol.*, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010).

### B. <u>Plaintiff's Claim for Unconscionable Contracting Fails Because Plaintiff Does Not Allege Facts Establishing that BCU Breached Any Contract.</u>

To state a viable breach of contract claim, Plaintiff must—and fails to—plead sufficient facts to establish: (1) the existence of a valid and enforceable contract, (2) performance by the plaintiff; (3) breach by the defendant; and (4) injury to the plaintiff resulting from the breach. *Chandler v. Southwest Jeep-Eagle, In*c., 162 F.R.D. 302, 311 (N.D. Ill. 1995).

Here, however, Plaintiff fails to identify a contractual obligation owed to him by BCU, let alone any breach by BCU, and the claim is wholly devoid of a reference to the actual

4

contents of the loan accounts alleged to be breached. Instead, the facts supposedly supporting Plaintiff's cause of action are a threadbare, conclusory allegation that Plaintiff employed "adhesive provisions," including excessive terms and electronic signature. Dkt. 1 at 5, 9.

Plaintiff's breach of contract claim fails because he has not alleged the breach of any duty owed to him. In fact, while it is unclear what it is that Plaintiff claims he is entitled to receive, it is clear that the law does not require that each aspect of a contract be explained orally to a party prior to signing. *Hintz v. Lazarus*, 58 Ill. App. 3d 64, 66 (3d Dist. 1978). With respect to the remaining allegations, Plaintiff fails to—and cannot—allege that BCU had any contractual duty to respond more fully to his sundry audit demands, much less that it breached any such nonexistent duty.

As such, Plaintiff's breach of contract fails as a matter of law and must be dismissed with prejudice.

C. **Plaintiff's Breach of Fiduciary Duty Claim Fails Because BCU Did Not Owe—or Breach—Any Fiduciary Duty to Plaintiff.**

Plaintiff also alleges that BCU breached a fiduciary duty by asymmetric charging and not more fully opening its books "after taking and using the instruments" (i.e., the promissory notes he issued). Dkt. 1 at 5. The claim fails as a matter of law because lenders do not generally owe fiduciary duties to their borrowers, as the transaction is no more than an arms-length transaction between a debtor and a creditor. *Miller v. Am. Nat'l Bank & Trust Co.,* 4 F.3d 518, 520 (7th Cir.1993); *Geimer v. Bank of Am.*, N.A., 784 F. Supp. 2d 926, 932 (N.D. Ill. 2011); *ARH Distribs., Inc. v. ITT Commercial Fin. Corp.,* No. 87 C 511, 1987 WL 17834, at *3 (N.D. Ill. Sept. 28, 1987) (relationship between lender and borrower is not fiduciary relationship). Plaintiff has not alleged any kind of special relationship that would create a duty beyond the ordinary debtor-creditor relationship. Illinois law does not recognize this type of relationship as fiduciary in nature. *See*

*Miller,* 4 F.3d at 520; *ARH,* 1987 WL 17834, at *3. This is doubly the case when it comes to the baseless claim that an instrument "is presumptively **payment-first** unless rebutted by open-book accounting." Dkt. 1 at 4. Accordingly, Plaintiff's breach of fiduciary claim fails as a matter of law and must be dismissed with prejudice.

### D. Plaintiff's Claim for Unjust Enrichment Is Equally Meritless.

Plaintiff's claim for unjust enrichment is fatally flawed because Plaintiff does not, and cannot, properly allege that BCU was unjustly enriched by seeking repayment of monies borrowed by Plaintiff. *See Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873 (7th Cir. 2022) (observing that where the existence of a contract between the parties is undisputed, as by incorporating by reference allegations of the existence of a contract, a quasi-contract claim will seldom survive a motion to dismiss).

Money had and received is a cause of action similar or identical to unjust enrichment. *In re Corus Bankshares, Inc.*, 503 B.R. 44, 55 (N.D. Ill. April 23, 2013) ("An action for money had and received is maintainable where defendant has received money which in equity and good conscience belongs to the plaintiff. The cause of action is one that is maintainable to recover money under either the theory of an implied contract or under the theory of a quasi contractual obligation.") (citation and internal quotation marks omitted). The claim arises only where the defendant who holds the funds obtained them wrongfully. *Id*.

Simply put, Plaintiff has not, and cannot, alleged facts to establish that he conferred a benefit on BCU that BCU unjustly retained (or otherwise). Instead, Plaintiff's claim seems to be based on the unremarkable allegation that finance charges and insurance premiums were assessed to his loan account. Dkt. 1 a 5, 9. In essence, Plaintiff's unjust enrichment claim appears to seek a declaration that a creditor's collection on a debt is unjust.

This theory is nonsensical, and if allowed to stand, would frustrate any debtor's obligation to repay any creditor. Because it is not unjust or inequitable for BCU to receive repayment of the funds that it loaned, Plaintiff's claim for unjust enrichment fails as a matter of law and should be dismissed with prejudice.

E. **Plaintiff's Claim for Conversion Fails Because He has not Alleged that any Specific Property was Wrongfully Withheld**

According to Plaintiff, BCU was not permitted "to retain proceeds from instrument use without providing open-book proof of right." Doc. 1 at 5. Under this self-serving theory, lenders are guilty until proven innocent, and any payment applied towards a loan is a "monthly extraction" and impermissible "taking." *Id*.

This naked assertion is devoid of factual enhancement and does not in any way state a claim for conversion, which would require Plaintiff to show that "(1) he has a right to the property at issue; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Eagle Forum v. Phyllis Schlafly's American Eagles*, 451 F.Supp.3d 910, 916-17 (S.D. Ill. April 1, 2020); *UnitedBizJet Holdings, Inc. v. Gulfstream Aerospace Corp*., 318 F.Supp.2d 680, 681 (N.D. Ill. 2004) ("Only if the money at issue can be described as 'specific chattel'- in other words, 'a specific fund or specific money in coin or bills'- will conversion lie"). Absent such facts, the claim is duplicative of an unjust enrichment theory.

Plainly, BCU's acceptance of payment on a debt owed to it is not "conversion," and Plaintiff alleges no facts whatsoever to establish that BCU wrongfully withheld specific property belonging unconditionally to Plaintiff. As such, Plaintiff fails to state a claim for conversion and must be dismissed with prejudice.

IV. **CONCLUSION**

For these reasons, every single claim in the Complaint fails to state a claim for which relief can be granted, and it should be dismissed with prejudice and without leave to amend since amendment would be futile.

                       **GORDON REES SCULLY MANSUKHANI LLP**

By:   */s/ Kevin A. Ameriks*
       Brian W. Norkett (#6195461)
       Kevin Ameriks (#6292277)
       1 N. Wacker Drive Suite 1600
       Chicago IL 60606
       Tel: 312-565-1400
       E-mail: bnorkett@grsm.com
       E-Mail: kameriks@grsm.com
       *Attorneys for Baxter Credit Union*