

FILED
1/9/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

---

**Jerelle-Thomas Smith,**

**Interested Party,**

v.

**Baxter Credit Union,**
*an Illinois-chartered credit union,*

**Respondent–Obligor.**

---

**Case No. 1:25-cv-12711**
**Hon. Martha M. Pacold**
**Magistrate Judge Gabriel A. Fuentes**

---

**NOTICE IN EQUITY AND RESPONSE TO RESPONDENT'S MOTION TO DISMISS WITH REQUEST FOR IMMEDIATE EQUITABLE RELIEF**

*(INCLUDING APPENDIX A — FORENSIC EQUITY REBUTTAL TO DOC. 37)*

---

## I. INTRODUCTION

**1.** This matter arises from the Respondent's ongoing refusal to provide a complete accounting for two auto loan accounts while continuing to extract funds monthly from the living man's deposit accounts after lawful revocation of authorization. Rather than rebut the documented facts or produce the records exclusively within its control, Respondent filed a procedural motion to dismiss.

**2.** This filing responds in equity, mirrors the Court's procedural expectations without waiver, and requests immediate, narrow relief: denial or deferral of dismissal, compelled production of the accounting within seven (7) business days, and temporary restraint against further offsets pending compliance.

**3.** Absent intervention, Respondent's unilateral control of the facts and continued takings will render any adjudication illusory.

---

Smith v. Baxter Credit Union, Case No. 1:25-cv-12711
Notice in Equity and Response to Motion to Dismiss

# II. INCORPORATION OF APPENDIX A (FORENSIC EQUITY REBUTTAL)

**1.** Notice Party hereby incorporates **Appendix A (A+) — Forensic Equity Rebuttal to Doc. 37** by reference as if fully set forth herein.

**2.** Appendix A is attached to this Notice and is tendered to complete the record, rebut Respondent's memorandum sentence-by-sentence, and anchor each rebuttal to the Bill in Equity's internal headers, numbered paragraphs, and enumerated performance requirements.

**3.** Appendix A demonstrates that Respondent's filing (Doc. 37) avoids the Bill's required performance—*books opened, sworn counter-affidavit, and production of the twelve-category equitable accounting package*—and instead relies on procedural form to evade factual disclosure.

---

# III. RELIEF REQUIRED IN EQUITY

**1.** The living man, as *Executor–Beneficiary–Creditor–Subrogee of the trust*, respectfully requires that the Court:

**1. DENY** Respondent's Motion to Dismiss, or in the alternative, hold it in abeyance pending production of the accounting;

**2. ORDER** Respondent to produce a complete accounting from inception for loan accounts **6387-L01** and **6387-L02** within seven (7) business days;

**3. ENJOIN** Respondent from further offsets, collections, repossession activity, or adverse reporting pending compliance; and

**4.** Grant such further equitable relief as is necessary to preserve the res and prevent ongoing harm.

---

# IV. GOVERNING STANDARDS

### A. Procedural Standard (Mirrored Without Waiver)

At the pleading stage, all well-pleaded factual allegations must be taken as true. Dismissal is improper where resolution turns on facts uniquely held by the movant or where ongoing conduct risks irreparable harm before the factual record can be developed.

### B. Equitable Standard (Primary)

Equitable accounting is appropriate where:

Case: 1:25-cv-12711 Document #: 38 Filed: 01/09/26 Page 3 of 6 PageID #:360
Smith v. Baxter Credit Union, Case No. 1:25-cv-12711
Notice in Equity and Response to Motion to Dismiss

- *transactions are complex,*
- *one party exercises exclusive control over the records,* and
- *the requesting party cannot calculate damages or validate obligations without disclosure.*

**3.** Equity also requires *clean hands*, looks to *substance over form*, and will not permit a wrong to persist without remedy.

---

## V. STATEMENT OF UNDISPUTED RECORD (CHRONOLOGICAL)

**1.** April 29, 2025 – The living man submits written request for complete accounting and foundational loan documentation (Exhibit A).

**2.** April 30 – May 7, 2025 – Respondent provides partial documents but refuses core ledgers, funding proof, amortization methods, and internal accounting, citing "confidential and proprietary" status (Exhibits B–C).

**3.** May 22, 2025 – Respondent issues final refusal to provide further records (Exhibit E).

**4.** May 23, 2025 – The living man revokes authorization for automatic payments and electronic transfers in writing (Exhibit F).

**5.** May 29 & June 3, 2025 – Respondent processes and confirms removal of autopay (Exhibit H).

**6.** August 1, September 4, October 1, 2025 – Respondent initiates offsets after revocation totaling **$1,835.40** (Exhibit G).

**7.** Subsequent offsets increase the total unauthorized takings to **$4,749.64**.

**8.** August 26, 2025 – IDFPR closes administrative inquiry without compelling production of records (Exhibit H).

**9.** Present – Respondent continues to withhold accounting while extracting funds monthly.

**10.** Respondent does not deny this sequence.

---

## VI. ARGUMENT

### ARGUMENT I

### Dismissal Is Improper Because Respondent Seeks Judgment While Concealing the Facts

**1.** Respondent's motion asks the Court to rule on the validity and enforceability of obligations while refusing to disclose the records that define those obligations. This is procedurally improper and inequitable.

**Smith v. Baxter Credit Union, Case No. 1:25-cv-12711**
**Notice in Equity and Response to Motion to Dismiss**

**2.** The accounting, authorization records, and internal postings are solely in Respondent's possession. A party cannot conceal dispositive facts and then demand dismissal on the pleadings. Equity bars such conduct, and Rule 12 does not permit it.
*(See Appendix A §§ I–III.)*

---

## ARGUMENT II

### At Minimum, Claims for Conversion and EFTA Violations Are Plausibly Stated

**1.** The living man revoked authorization on May 23, 2025. Respondent acknowledged that revocation and then initiated offsets from the living man's accounts.

**2.** The Bill identifies specific accounts, dates, and dollar amounts totaling **$4,749.64**, stating claims for conversion and violation of the Electronic Fund Transfer Act, **15 U.S.C. § 1693e**. *(See Appendix A § IV(E)–(G), tied to Bill p. 8(C)(3).)*

---

## ARGUMENT III

### Immediate Equitable Relief Is Necessary to Preserve the Res

**1.** Respondent continues to extract funds monthly while withholding the accounting necessary to contest or validate those takings.

**2.** Equity authorizes the Court to compel accounting and restrain further takings to preserve meaningful adjudication.

---

## VII. PROPOSED EQUITABLE ORDER

**1.** The living man respectfully proposes that the Court enter an order:

**1. DENYING** or holding in abeyance Respondent's Motion to Dismiss;

**2. ORDERING** Respondent, within seven (7) business days, to produce:

- complete transaction history from inception,
- all offset authorizations,
- internal ledger postings reflecting application of funds,
- records governing payment computation and posting;

**3. RESTRAINING** Respondent from further offsets, collections, repossession, or adverse reporting pending compliance; and

**4.** Setting a prompt status date to confirm compliance.

---

## VIII. CONCLUSION

**1.** This matter turns on records Respondent controls and refuses to disclose while continuing to take funds.

**2.** Equity requires disclosure first. Until that occurs, dismissal would reward concealment and permit ongoing harm.

**3.** Immediate equitable intervention is required.

---

## ATTACHMENT

**Appendix A (A+) — Forensic Equity Rebuttal to Respondent's Memorandum (Doc. 37, filed 01/08/2026)**
*(including Appendix A-1: Index of Evasions + Proof Points)*

---

## CERTIFICATE OF SERVICE

I certify that on **January 9, 2026**, this Notice was served via **CM/ECF** upon all counsel of record.

---

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

**Executed January 9, 2026.**

**Respectfully submitted in honor, in good faith, and clean hands,**

**Jerelle-Thomas Smith**
*Living Man, Executor–Beneficiary–Creditor–Subrogee of the living trust*
*Appearing in Equity Only*
**All Rights Reserved — Without Prejudice — No Joinder**

*without prejudice*
*jerlee-thomas-smith ARR*
*Executor-Beneficiary-Creditor-Subrogee*