

FILED
1/9/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

APPENDIX A (A+) — FORENSIC EQUITY REBUTTAL TO DOC. 37
*(BCU Memorandum filed 01/08/2026)*

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

**NOTICE:** This Appendix is issued in equity and private capacity only. No statutory joinder, waiver, or consent is intended or implied. This Appendix is directed to Respondent–Obligor Baxter Credit Union's evasion and refusal conduct and is tendered to complete the record.

---

**jerelle-thomas: smith™ ©,** a living man,
*Executor–Beneficiary–Creditor–Subrogee, appearing in equity and private capacity only, Notice Party,*

v.

**Baxter Credit Union ("BCU"),**
*Respondent–Obligor.*

---

**Case No. 1:25-cv-12711**
**Judge Martha M. Pacold**
**Magistrate Judge Gabriel A. Fuentes**

---

**APPENDIX A**

**POINT-BY-POINT FORENSIC REBUTTAL TO RESPONDENT'S MEMORANDUM (DOC. 37)**

---

**A.0 GOVERNING RECORD ANCHORS (FROM THE BILL IN EQUITY)**

**Equity lens controls the remedy sought:** accounting, tracing of res, restoration/disgorgement, release of liens, and immediate injunctive protection.
*Anchor:* "BILL IN EQUITY (EMERGENCY PRESENTMENT FOR ACCOUNTING, RESTORATION, DISGORGEMENT, RELEASE OF LIENS, AND IMMEDIATE

Smith v. Baxter Credit Union, Case No. 1:25-cv-12711
Notice in Equity and Response to Motion to Dismiss

INJUNCTIVE PROTECTION)" (Title Block); and "NOTICE OF EQUITY VENUE AND ROLE OF THE COURT… SPECIFIC PERFORMANCE IS DUE." (Bill internal header)

**Substance over form:** labels are not allowed to hide enrichment or concealment.
*Anchor:* "MAXIMS AND EQUITY FOUNDATIONS (GUIDING PRINCIPLES)" item #3: "Equity looks to substance rather than form (labels cannot hide enrichment)."

**Clean hands:** concealment bars advantage.
*Anchor:* "MAXIMS AND EQUITY FOUNDATIONS" item #2: "He who comes into equity must come with clean hands (concealment bars advantage)."
*Anchor (fact support):* "Asymmetry and Withholding." (Bill internal header)

**Offsets after revocation are a continuing trespass upon the res and conversion.**
*Anchor:* "Offsets and Seizures After Revocation." (Bill internal header)
*Anchor:* "Conversion and Trespass upon the Res (Post-Revocation Offsets)." (Bill internal header F under "WRONGS IN EQUITY")

**Emergency injunctive protection is requested as specific performance due.**
*Anchor:* "EMERGENCY RELIEF REQUIRED TO PREVENT FURTHER HARM." (Bill internal header)
*Anchor:* "Emergency Specific Performance Due (Injunctions)" items 1–4: "Immediate Halt of Offsets/Collections," "Freeze on Adverse Reporting," "Preservation of Records and Res," "Provisional Title Protection."

**Respondent was required to answer point-by-point by sworn counter-affidavit with ledgers attached within 21 days.**
*Anchor:* "SELF-EXECUTING DEFAULT IN EQUITY → Dishonor and Final Default." (Bill internal header)

**The complete equitable accounting demanded is defined as 12 categories including general ledger, amortization actually used, finance-charge computation, offset protocols, and funding source verification.**
*Anchor:* "SPECIFIC PERFORMANCE DUE (EQUITY REMEDIES) → A. COMPLETE EQUITABLE ACCOUNTING — BOOKS OPENED" items 1–12.

**These anchors control the meaning of every rebuttal below.**

---

### I. INTRODUCTION (Doc. 37 p. 1) — Sentence-by-Sentence

**Doc. 37:** "The Court should dismiss all claims… because Plaintiff… fails to state a legally cognizable claim…."

**Rebuttal A1 (Proof-control + books-first):** Respondent asks for dismissal while refusing the equity condition that must come first where Respondent exclusively controls the proof: books

opened and complete accounting. The Bill places remedy at the center: accounting, tracing, restoration/disgorgement, and injunctive protection.
*Anchors:* Title Block "EMERGENCY PRESENTMENT…"; "NOTICE OF EQUITY VENUE AND ROLE OF THE COURT… SPECIFIC PERFORMANCE IS DUE."; "SPECIFIC PERFORMANCE DUE (EQUITY REMEDIES) → A. COMPLETE EQUITABLE ACCOUNTING — BOOKS OPENED (1–12)."

**Rebuttal A2 (Clean hands bar):** Respondent does not meet the clean-hands threshold because concealment is admitted by posture: Respondent attacks form/labels while avoiding the demanded ledger categories.
*Anchors:* "MAXIMS AND EQUITY FOUNDATIONS" #2 and #3; "Asymmetry and Withholding."; "SPECIFIC PERFORMANCE DUE… BOOKS OPENED" items 1–12.

**Rebuttal A3 (Ongoing extraction + emergency posture):** Equity will not allow Respondent to continue monthly extractions and post-revocation offsets while the books remain closed.
*Anchors:* "Monthly Extractions After Payment-First."; "Finance-Charge Layering (APR)."; "Offsets and Seizures After Revocation."; "Conversion and Trespass upon the Res (Post-Revocation Offsets)."; "EMERGENCY RELIEF REQUIRED…" and "Emergency Specific Performance Due (Injunctions) 1–4."

---

## II. PROCEDURAL BACKGROUND / "DIFFICULT TO DECIPHER" (Doc. 37 pp. 1–3)

**Doc. 37:** "The factual allegations offered… are difficult to decipher."

**Rebuttal B1 (False label; record is structured):** The Bill is structured and itemized into discrete facts, wrongs, emergency relief, default mechanism, and a 12-part accounting package.
*Anchors:* "JURISDICTIONAL BASIS (MIRROR ONLY; NO ADHESION)" (accounts 6387-L01 and 6387-L02); "FACTS (IN HONOR)" ¶1–¶8; "WRONGS IN EQUITY" A–H; "EMERGENCY RELIEF REQUIRED…"; "SELF-EXECUTING DEFAULT IN EQUITY"; "SPECIFIC PERFORMANCE DUE… BOOKS OPENED" items 1–12.

**Doc. 37:** "Plaintiff alleges, wholly implausibly… 'payment-first… unless rebutted by open-book accounting.'"

**Rebuttal B2 (They quote the governing equity declaration):** That sentence is explicitly pleaded as an equity principle and demanded declaration.
*Anchors:* "MAXIMS AND EQUITY FOUNDATIONS" #1 ("Equity regards as done what ought to be done (payment-first presumption)."); "DECLARATIONS IN EQUITY (MANDATES)" #1 "Payment-First Declaration."

**Rebuttal B3 (Rebuttal method already defined):** Respondent's rebuttal method was defined in advance: open-book accounting via the 12 demanded categories, by sworn counter-affidavit.

Smith v. Baxter Credit Union, Case No. 1:25-cv-12711
Notice in Equity and Response to Motion to Dismiss

*Anchors:* "SELF-EXECUTING DEFAULT IN EQUITY → Dishonor and Final Default."; "SPECIFIC PERFORMANCE DUE… BOOKS OPENED" items 1–12.

**Rebuttal B4 (Their refusal is the asymmetry):** Respondent's refusal to produce general ledger, amortization used, finance-charge computations, offset protocols, and funding verification is the very asymmetry described in the Bill.
*Anchors:* "Asymmetry and Withholding."; "SPECIFIC PERFORMANCE DUE… BOOKS OPENED" items #2, #3, #4, #9, #12.

**Doc. 37:** "Complaint resembles other pro se 'fictitious tender' cases… routinely dismissed…."

**Rebuttal B5 (Non-responsive stereotyping):** That comparison is not a rebuttal to this record: closed books, concealed computations, and post-revocation offsets pleaded as conversion/trespass upon the res.
*Anchors:* "Finance-Charge Layering (APR)."; "Offsets and Seizures After Revocation."; "Conversion and Trespass upon the Res (Post-Revocation Offsets)."; "No Adequate Remedy at Law."; "SPECIFIC PERFORMANCE DUE… BOOKS OPENED" items 1–12.

**Rebuttal B6 (Equity forbids prejudice by label where records are withheld):** Equity looks to substance; concealment bars advantage.
*Anchors:* "MAXIMS AND EQUITY FOUNDATIONS" #2 and #3.

**Doc. 37:** "Name styled in lowercase / uppercase has no basis in law…."

**Rebuttal B7 (Diversion):** Respondent diverts attention from the res and the books. The Bill's core relief is accounting/tracing/restoration and immediate restraint of offsets and adverse consequences.
*Anchors:* Title Block "ACCOUNTING—RESTORATION—DISGORGEMENT—RELEASE OF LIENS"; "EMERGENCY RELIEF REQUIRED…"; "Emergency Specific Performance Due (Injunctions) 1–4."

**Rebuttal B8 (Even ignoring styling, books are still due):** Even if all styling is disregarded, Respondent still must produce general ledger, amortization used, finance-charge computations, offset protocols, and funding verification.
*Anchors:* "SPECIFIC PERFORMANCE DUE… BOOKS OPENED" items #2, #3, #4, #9, #12.

**Doc. 37:** "Ignoring Rule 10(b)… Plaintiff lumps together wrongs…."

**Rebuttal B9 (Equity structure exists and is enumerated):** The Bill separates facts, wrongs A–H, emergency items 1–4, the equity default mechanism, and the 12-category accounting package.
*Anchors:* "FACTS (IN HONOR)" ¶1–¶8; "WRONGS IN EQUITY" A–H; "Emergency Specific Performance Due (Injunctions) 1–4"; "SELF-EXECUTING DEFAULT IN EQUITY"; "SPECIFIC PERFORMANCE DUE… BOOKS OPENED" items 1–12.

**Rebuttal B10 (Form used as concealment shield):** Respondent's memorandum does not answer the Bill's enumerated wrongs with production; it uses form and labels to avoid disclosure.
*Anchors:* "MAXIMS AND EQUITY FOUNDATIONS" #3; "Asymmetry and Withholding."; "No Adequate Remedy at Law."

---

### III. "STANDARD OF REVIEW" USED AS A SHIELD (Doc. 37 pp. 3–4)

**Doc. 37:** Twombly/Iqbal "plausibility" and "labels and conclusions."

**Rebuttal C1 (Equity exists for closed-books disputes):** Respondent's "plausibility" argument is a shield to avoid production while Respondent holds all proof. The Bill pleads the equity reason for intervention: where books are closed and computation concealed, law remedies are inadequate and equity must open the books.
*Anchor:* "No Adequate Remedy at Law."

**Rebuttal C2 (The Bill demands defined internal records, not vague discovery):** The Bill demands specific categories that only Respondent possesses; this is not "naked assertion," it is an accounting package definition.
*Anchor:* "SPECIFIC PERFORMANCE DUE… BOOKS OPENED" items #1–#12.

---

### VI. EQUITY SWORD — NARROW PERFORMANCE THAT FORCES THE CORNER

**Because Respondent's memorandum avoids the books, the only cure is performance:**

**Books Opened (7 business days):** Produce the complete accounting package exactly as defined in "SPECIFIC PERFORMANCE DUE… BOOKS OPENED" items #1–#12, including:

#1 Instrument chain of custody,
#2 General ledger,
#3 Amortization actually used,
#4 Finance-charge computation,
#5–#6 Insurance and add-ons,
#9 Offset protocols and internal policies,
#12 Funding source verification.

**Immediate restraint to stop ongoing harm:** perform "Emergency Specific Performance Due (Injunctions)" items 1–4: halt offsets/collections, freeze adverse reporting, preserve records/res, and protect collateral pending accounting.

**Motion posture:** Respondent cannot be rewarded for concealment; dismissal while books are withheld is the inequitable advantage barred by clean hands and substance-over-form maxims.

*Anchors:* "MAXIMS AND EQUITY FOUNDATIONS" #2–#3; "Asymmetry and Withholding."; "No Adequate Remedy at Law."

---

# VERIFICATION

I, **jerelle-thomas: smith™ ©**, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

**Executed:** 09 January 2026

**jerelle-thomas: smith™ ©**
*Executor–Beneficiary–Creditor–Subrogee*
*Appearing in equity and private capacity only*
*All rights reserved without prejudice. UCC 1-308.*
*No statutory joinder, waiver, or consent.*

---

# APPENDIX A-1 (A+) — INDEX OF EVASIONS + PROOF POINTS

**1. What the Bill required (equity performance due)**

- **Books opened / complete equitable accounting** defined by "SPECIFIC PERFORMANCE DUE… BOOKS OPENED" items **#1–#12**.

- **Immediate injunctive protection** defined by "Emergency Specific Performance Due (Injunctions)" items **1–4**.

- **Sworn point-by-point counter-affidavit** with ledgers attached within 21 days under "SELF-EXECUTING DEFAULT IN EQUITY → Dishonor and Final Default."

**2. What Respondent filed instead (Doc. 37)**

- A lawyer memorandum attacking labels and format.

- No sworn counter-affidavit from a person with first-hand knowledge.

- No accounting package; none of "BOOKS OPENED" items #1–#12 produced.

**3. What Respondent refuses to show (the heart of the case)**

- #2 **General Ledger** entries for instruments, offsets, fees, add-ons, insurance, and all charge postings.

- #3 **Amortization Actually Used** (period-by-period splits and reconciliation).

- #4 **Finance-Charge Computation** (APR stated vs applied; algorithms/rate tables; itemization).

- **#9 Internal Policy Manuals** (offset protocols; default procedures; force-placement policies).
- #12 **Funding Source Verification** (internal entries showing asset movement/consideration).

### 4. Why equity must act now

- Post-revocation offsets/seizures are pleaded as conversion and continuing trespass upon the res. Your updated total is **$4,749.64**, which falls inside "RESTORATION AND DISGORGEMENT → C.3 Unauthorized Offset Restoration… plus any additional offsets taken after revocation," and is tied to "Offsets and Seizures After Revocation" and "Conversion and Trespass upon the Res (Post-Revocation Offsets)."

### 5. Narrow cure that resolves concealment

- **Books opened within 7 business days** by producing "BOOKS OPENED" items #1–#12; and
- **Immediate restraint** by performing "Emergency Specific Performance Due (Injunctions)" items 1–4.

---

## VERIFICATION

### TESTIMONY BEFORE YHWH

I, **jerelle-thomas: smith™ ©**, a living man on the land and heir of the living estate in question, testify before YHWH that the foregoing Appendix A (A+) and Appendix A-1 is true, correct, and complete to the best of my knowledge and belief. This

testimony is given in private capacity and in equity only. All rights reserved, without prejudice. No joinder is granted to any artificial entity, office, or constructive trust. Executed on the land on 09 January 2026.

Autograph of **jerelle-thomas: smith™**

Executor–Beneficiary–Creditor–Subrogee of the living estate in question.

Appearing in equity and private capacity only

All rights reserved, without prejudice, a living man and heir of the land, and on the land. No joinder.

*without prejudice*
*jerlee-thomas:smith ARR*
*Executor-Beneficiary-Creditor-Subrogee*